1  MITCHELL F. BOOMER (SBN 121441)
2  JoANNA L. BROOKS (SBN 182986)
   DYLAN B. CARP (SBN 196846)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone 415.394.9400
   Facsimile: 415.394.9401
5
   Attorneys for Defendant
6  SIEMENS PRODUCT LIFECYCLE
   MANAGEMENT SOFTWARE INC.
7  (formerly known as UGS CORP.)

8
9         IN THE UNITED STATES DISTRICT COURT FOR THE

10              NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO/OAKLAND DIVISION

**COPY**

**E-filing**

**ORIGINAL FILED**

SEP – 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

12  VANESSA FLINT, Individually and On
    Behalf of All Others Similarly Situated,        Case No.  C 07 4640 MJJ
13
            Plaintiffs,                              **NOTICE OF REMOVAL TO
14                                                   FEDERAL COURT**
        v.
15                                                   **[28 U.S.C. Section 1441(a) and (b);
    UGS CORPORATION and DOES 1                       Diversity of Citizenship
16  through 100, inclusive,                          Jurisdiction]**
17          Defendants.

18
19
20
21
22
23
24
25
26
27
28

                                    1

COPY

1   MITCHELL F. BOOMER (SBN 121441)
    JoANNA L. BROOKS (SBN 182986)
2   DYLAN B. CARP (SBN 196846)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA  94105
4   Telephone   415.394.9400
    Facsimile:   415.394.9401
5
    Attorneys for Defendant
6   SIEMENS PRODUCT LIFECYCLE
    MANAGEMENT SOFTWARE INC.
7   (formerly known as UGS CORP.)

8              IN THE UNITED STATES DISTRICT COURT FOR THE
9                    NORTHERN DISTRICT OF CALIFORNIA
10
                   SAN FRANCISCO/OAKLAND DIVISION
11

12  VANESSA FLINT, Individually and On       Case No.
    Behalf of All Others Similarly Situated,
13                                            **NOTICE OF REMOVAL TO**
                   Plaintiffs,                **FEDERAL COURT**
14
         v.                                   **[28 U.S.C. Section 1441(a) and (b);**
15                                            **Diversity of Citizenship**
    UGS CORPORATION and DOES 1                **Jurisdiction]**
16  through 100, inclusive,

17                 Defendants.

18
19
20
21
22
23
24
25
26
27
28

                                    1

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2  COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF

3  VANESSA FLINT, AND TO HER ATTORNEYS OF RECORD:

4       PLEASE TAKE NOTICE that Defendant Siemens Product Lifecycle

5  Management Software Inc., erroneously named as UGS Corporation, ("Siemens")

6  hereby removes to this Court the state court action described below.

7      1.    On August 1, 2007 an action was commenced in the Superior Court of

8  the State of California in and for the County of San Francisco, entitled <u>Vanessa</u>

9  <u>Flint, Individually and On Behalf of All Others Similarly Situated, Plaintiff, v.</u>

10  <u>UGS Corporation and Does 1 through 100, inclusive, Defendants</u>, as Case No.

11  CGC-07-465695.  A true and correct copy of the first amended complaint

12  ("complaint") is attached as Exhibit A.

13      2.    Siemens was personally served with a copy of the complaint and a

14  summons from the state court on August 9, 2007.  A true and correct copy of the

15  summons is attached as Exhibit B.

16      3.    This action is a civil action of which this Court has original

17  jurisdiction under 28 U.S.C. Sec. 1331, and is one that may be removed to this

18  Court by Siemens pursuant to 28 U.S.C. Section 1441(a) and (b) in that it is a civil

19  action between citizens of different states and the matter in controversy exceeds

20  the sum of $75,000, exclusive of interest and costs.

21  <u>MATTER IN CONTROVERSY</u>

22      4.    The matter in controversy exceeds the sum of $75,000, exclusive of

23  interest and costs, for the following reasons:

24      5.    The complaint is pleaded as a putative class action by which Plaintiff

25  seeks to represent "All persons who, from August 1, 2003 up to the time of

26  judgment, are or were: (1) employed and/or worked as salaried Technical Writers

27  for Defendants in California and (2) are or were classified as exempt employees

28  and were not paid overtime."

2

6.     Without conceding that Plaintiff or the purported class is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy for Plaintiff in this action is more likely than not to exceed $75,000.

7.     Plaintiff seeks unpaid overtime wages pursuant to Cal. Labor Code Sections 510 and 1198. (Complaint, ¶¶ 39-45.) Assuming for purposes of this analysis only that Plaintiff's annual salary is $86,000, that she worked five days per week during the alleged liability period for the equivalent "hourly rate" of $41 per hour, that she began working as a technical writer on April 8, 2005 and worked two hours of overtime per week during the alleged liability period (assuming judgment is entered on April 8, 2009) for which she did not receive overtime compensation, then the amount in controversy for these alleged unpaid wages is approximately $25,584.00 (52 weeks per year x 4 years x 2 hours of overtime at the rate of $61.50 per hour ($41 x 1.5).

8.     Plaintiff also seeks two additional hours of pay for each day of work during the alleged liability period on which Siemens allegedly failed to provide her both a meal and rest period pursuant to Cal. Labor Code Section 226.7. (Complaint, ¶¶ 46-52.) Assuming for purposes of this analysis only that her annual salary is $86,000, that she worked five days per week during the alleged liability period for the equivalent "hourly rate" of $41, that she began working as a technical writer on April 8, 2005, that judgment will be entered on April 8, 2009, that Plaintiff will continue as a technical writer until that date, and that she had a missed meal and rest break each day, then the amount in controversy for this allegation is approximately $85,280 (260 days/year x 4 years x 2 hours of wages at $41 per hour).

9.     Plaintiff also seeks penalties for failure to keep records of hours worked under Cal. Labor Code Section 226(e). (Complaint, ¶¶ 53-57.) Assuming for purposes of this analysis only that she began working as a technical writer on April 8, 2005, that judgment will be entered on April 8, 2009, that Plaintiff will

3

1    continue as a technical writer until that date, then the amount in controversy for

2    this allegation is approximately the maximum aggregate penalty of $4,000.

3        10.    Plaintiff also seeks penalties pursuant to Cal. Labor Code Sections

4    2698 et seq. in the amount of $100.00 for each pay period for each initial Labor

5    Code violation and $200.00 for each pay period for each subsequent violation

6    during the period August 1, 2006 through August 6, 2007. (Complaint, ¶¶ 62-72.)

7    Assuming for purposes of this analysis only that she worked five days per week

8    throughout the alleged liability period, that there is one Labor Code violation each

9    pay period, and that there are two pay periods per month, then the amount in

10   controversy for this allegation is approximately $4,800 ($200.00 x 2 pay periods

11   per month x 12 months).

12       11.    Plaintiff also seeks an unspecified amount of attorney's fees pursuant

13   to statute. (Complaint, ¶¶ 45, 52, 57, 61, & 72.) "Attorneys' fees may be

14   included in the amount in controversy if recoverable by statute or contract."

15   *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1034 (N.D. Cal. 2002)

16   (quoting *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998)).

17   Plaintiff alleges that attorney's fees are recoverable by statute in this action.

18   (Complaint, ¶¶ 45, 52, 57, 61, & 72) (citing Cal. Labor Code Sections 218.5 and

19   1194 and Cal. Code of Civil Procedure Section 1021.5.) It is more likely than not

20   that the amount of attorney's fees in controversy exceeds $75,000. Attorney's fees

21   accrue until the action is resolved for the purpose of the amount in controversy

22   requirement. *Simmons*, 209 F. Supp.2d at 1034. Attorney's fees are divided

23   among all members of the class for the purpose of calculating the amount in

24   controversy for diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927,

25   942-43 (9th Cir. 2001). To establish probable recovery, a removing defendant

26   may introduce evidence of judgments in cases involving analogous facts. *Id.* at

27   1033. Attached as Exhibit C is a class action settlement entered within the last

28   year involving overtime and missed meal and rest breaks, *Mousai v. E-Loan*, N.D.

4

1    Cal. Case No. 3:06-cv-01993-SI. Pro rata attorney's fees awarded in that action

2    were $80,952 ($3.4 million in attorney's fees for representing 42 class members).

3       12.     For the purpose of determining the amount in controversy requirement,

4    the amount in controversy for the putative class members is irrelevant, and this

5    Court may exercise pendant jurisdiction over the putative class members. *Exxon*

6    *Mobil Corp. v. Allapattah Services*, 545 U.S. 546, 566-67 (2005).

7                    <u>DIVERSITY OF CITIZENSHIP</u>

8       13.     This action is between citizens of different states, in that Siemens is

9    informed and believes that Plaintiff Vanessa Flint ("Flint") was at the time the

10    action was commenced, and still is, a citizen of the State of California.

11       14.     Siemens was at the time the action was commenced, and still is, a

12    citizen of the State of Delaware under 28 U.S.C. Section 1332(c), in that it was

13    and is incorporated under the laws of the State of Delaware.

14       15.     In addition, Siemens was at the time the action was commenced, and

15    still is, a citizen of the State of Texas under 28 U.S.C. Section 1332(c), in that its

16    principal place of business was and is the State of Texas. Siemens's headquarters

17    are in Plano, Texas, which is where all of Siemens's U.S. executives who report

18    directly to Siemens's Chief Executive Officer are located. Further, no single state

19    contains a substantial predominance of Siemens's business activities. Siemens is

20    in the business of designing and selling computer aided design software. The

21    State of Ohio has the most Siemens employees in the U.S. The State of Michigan

22    has the second most. The State of California has the third most. Siemens's sales

23    representatives are located throughout the majority of the 50 states, with the

24    majority located outside the State of California. Siemens's purchasing operations

25    are based in the State of Missouri. Because no single state contains a substantial

26    predominance of corporate operations, Siemens's principal place of business is the

27    location of its headquarters, which is the State of Texas. *Industrial Tectonics v.*

28    *Aero Alloy*, 912 F.2d 1090, 1092-94 (9th Cir. 1990).

5

1    16.    The presence of doe defendants has no bearing on diversity with

2    respect to removal.  28 U.S.C. Section 1441(a).

3

4                                  JACKSON LEWIS LLP

5

6    Dated: September 7, 2007              By:  *JoAnna L. Brooks*

7                                          Mitchell F. Boomer
                                           JoAnna L. Brooks
8                                          Dylan B. Carp
                                           Attorneys for Defendant
9                                          SIEMENS PRODUCT
                                           LIFECYCLE MANAGEMENT
                                           SOFTWARE INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

NOTICE OF REMOVAL TO FEDERAL COURT                          Case No.

1

***CERTIFICATE OF SERVICE***

2

3  **CASE:**    Vanessa Flint v. UGS Corporation
   **CASE NO.:** USDC-NDCA
4  **CLIENT:**

5

6        I, Linda A. Moore, declare that I am employed with the law firm of Jackson,

7  Lewis, whose address is 199 Fremont Street, 10th Floor, San Francisco, California,

8  94105; I am over the age of eighteen (18) years and am not a party to this action.

9        On September 7, 2007, I served the attached document(s):

10        **NOTICE OF REMOVAL TO FEDERAL COURT**

11  in this action by placing true and correct copies thereof, enclosed in sealed

12  envelope(s) addressed as follows:

13  Robert C. Schubert                      *Counsel for Plaintiff*
    Juden Justice Reed
14  Miranda P. Kolbe
    Schubert & Reed LLP
15  Three Embarcadero Center, Suite 1650
    San Francisco, CA  94111
16

17

18  [X]   <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with
          the postage thereon fully prepaid, placed for collection and mailing on this
19        date, following ordinary business practices, in the United States mail at San
          Francisco, California.
20
    [ ]   <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by hand
21        to the above address.

22  [ ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to
          the above address within 24 hours by overnight delivery service.
23
    [ ]   <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to
24        the telephone number(s) indicated above.

25

26

27

28

1

NOTICE OF REMOVAL TO FEDERAL COURT                    Case No. CGC-07-465695

1

2       I declare that I am employed in the office of a member of the bar of this

3  Court at whose direction the service was made.

4       Executed on September 7, 2007, at San Francisco, California.

5

6                          _Linda A. Moore_

7                          Linda A. Moore

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT             Case No. CGC-07-465695

*EXHIBIT A*

ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
MIRANDA P. KOLBE S.B.N. 214392
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220

*Counsel for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated, | Case No. CGC-07-465695 |
| Plaintiff, | **CLASS ACTION** |
| v. | **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR: (1) VIOLATION OF LABOR CODE § 510; (2) VIOLATION OF CALIFORNIA LABOR CODE § 226.7; (3) VIOLATION OF CALIFORNIA LABOR CODE §§ 226; (4) LABOR CODE PRIVATE ATTORNEYS GENERAL ACT, LABOR CODE §§ 2698 ET SEQ.; (5) VIOLATION OF BUS. & PROF. CODE §§ 17200 ET SEQ.; AND (6) ACCOUNTING** |
| UGS CORPORATION and DOES 1 through 100, inclusive, | |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

Plaintiff Vanessa Flint ("Plaintiff") brings this action against UGS Corporation ("UGS") and Does 1-100 (collectively, "Defendants"), on behalf of herself and all others similarly situated, upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record, as follows:

## SUMMARY OF CLAIMS

1.     Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking unpaid overtime compensation and interest thereon, wages due for failure to provide rest breaks and

1.

1   meal periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under

2   Labor Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ.

3   Proc. § 1021.5 on behalf of herself and all other persons who are or have been employed by

4   Defendants in the State of California at any time after August 1, 2003, as "Technical Writers," as

5   further defined in paragraph 7 below. Plaintiff, on behalf or herself and the Class Members also

6   seeks to recover penalties authorized by Labor Code §§ 2698 and 2699 (the Labor Code Private

7   Attorneys General Act of 2004), and seeks injunctive relief and restitution of all benefits Defendants

8   have enjoyed from their failure to pay overtime compensation under Business and Professions Code

9   §§ 17200 et seq.

10

## THE PARTIES

11      1.      Plaintiff Vanessa Flint is a resident of California, who was employed by UGS in

12   California as a Technical Writer during the Class Period.

13      2.      UGS is a corporation organized under the laws of Delaware and has its principal place

14   of business in Plano, Texas. UGS is qualified to and doing business in the State of California. UGS

15   is a computer software company specializing in 3D and Product Lifecycle Management (PLM)

16   software.

17      3.      UGS is, and at all times was, an employer under California law and applicable Industrial

18   Welfare Commission ("IWC") Orders.

19      4.      The true names and capacities (whether individual, corporate, associate, or otherwise) of

20   Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who sues

21   said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that

22   each of the Defendants fictitiously named herein is legally responsible in some actionable manner

23   for the events described herein, and thereby proximately caused the damage to Plaintiff and the

24   members of the Class. Plaintiff will seek leave of Court to amend this Complaint to state the true

25   name(s) and capacities of such fictitiously named Defendants when the same have been ascertained.

26      5.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

27   each defendant aided and abetted, and acted in concert with and/or conspired with each and every

28   other defendant to commit the acts complained of herein and to engage in a course of conduct and

the business practices complained of herein.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2.

STUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## JURISDICTION

6.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid overtime wages pursuant to Labor Code §§ 510 and 1194, for wages for Defendants' unlawful denial of meal and rest periods under Labor Code §§ 226.7 and 512, and penalties for failure to provide itemized statements of hours worked and all applicable hourly rates pursuant to Labor Code § 226. This Court also has jurisdiction over Plaintiff's and Class Members' claims for injunctive relief and restitution arising from Defendants' unlawful business practices under Business & Professions Code §§ 17200 et seq. This Court also has jurisdiction over Plaintiff's and the Technical Writers' claims under Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004).

## SUBSTANTIVE ALLEGATIONS

7.    Technical Writers are current or former employees of Defendants in California whose primary job responsibility is to write or edit documents for end-users, installers, administrators and customers of Defendants' products, including employees who write courseware for Defendants' customers. Technical Writers are classified by Defendants as Applications Engineers.

8.    Technical Writers do not have management responsibilities. They do not customarily and regularly direct the work of two or more other employees. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations. Were they to make such recommendations, the recommendations would not be given any particular weight because of their status as Technical Writers.

9.    Technical Writers do not have duties directly related to the creation or implementation of management policies, or to the general business operations of Defendants.

10.    Technical Writers do not require a license or certification from the State of California or any other governmental entity in order to perform their jobs.

11.    Technical Writers do not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

12.    The majority of Technical Writers employed by Defendants during the Class Period did not have an advanced degree beyond a bachelor's degree.

3.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

13.    Defendants did not require that Technical Writers have an advanced degree beyond a bachelor's degree during the Class Period.

14.    Technical Writers do not perform work that is original and creative in character.

15.    Technical Writers do not customarily and regularly exercise discretion and independent judgment. Rather, they follow strict instructions, and they rely on their general intellectual ability and training to perform their work.

16.    Technical Writers are or were salaried employees.

17.    Technical Writers' regular hourly rate of pay is less than $49.77.

18.    Technical Writers regularly work or worked more than eight hours a day and forty hours in a workweek.

19.    Technical Writers have worked on weekends and occasionally on national holidays without being paid any overtime compensation for such work.

20.    During the Class Period, Defendants were aware of the duties performed by Plaintiff and the Class Members. Defendants also were aware that the duties of Plaintiff and the Class Members were inconsistent with exempt status, and that such persons were and are not exempt from California's laws and regulations governing overtime compensation.

21.    Nevertheless, during the Class Period, Defendants have knowingly failed to compensate Plaintiff and the Class Members for work that they performed in excess of forty (40) hours per week or eight (8) hours per day, as required by California Labor Code § 510 and IWC Wage Order 4-2001.

22.    Defendants have also failed to provide Plaintiff and Class Members with semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226 and IWC Wage Order 4-2001. Defendants have also failed to provide or require the use, maintenance or submission of time records by Plaintiff and the Class Members as required by California Labor Code § 1174(d). As a result, Defendants have not only failed to pay Class Members the full amount of compensation due, they have also shielded themselves from scrutiny by the Class Members by concealing the magnitude (the full number of hours worked) and the financial impact of their wrongdoing.

4.

23.    In failing to properly compensate Plaintiff and the Class Members for overtime hours worked, Defendants acted maliciously, oppressively, and/or fraudulently, and such despicable conduct designed to maximize the Defendants' economic gain was carried out with the wrongful intention of causing injury to Plaintiff and the Class Members, in willful and conscious disregard of the rights of Plaintiff and the Class Members as established by California law and applicable regulations.

24.    Defendants have also consistently and unlawfully denied meal and rest periods to Plaintiff and the Class Members as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001 during the Class Period.

25.    Defendants have also violated California Labor Code § 552 by causing Class Members to work seven days a week during the Class Period.

26. .    The harm caused by Defendants' wrongful actions grossly outweighs any benefit that could be attributed to it.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff bring this action as a class action pursuant to Code of Civil Procedure Section 382 on behalf of herself and the following Class Members:

> All persons who, from August 1, 2003 up to the time of judgment, are or were (1) employed and/or worked as salaried Technical Writers for Defendants in California and (2) are or were classified as exempt employees and were not paid overtime. Excluded from the Class are Defendants, their officers and directors.

28.    The period between August 1, 2003 and the date of trial or final resolution of this matter is referred to herein as the "Class Period."

29.    The Class Members are similarly situated to Plaintiff and to each other, because they all perform similar duties and assignments, and all have been subject to Defendants' common policy and practice of classifying all Technical Writers as exempt from the California overtime laws – while at the same time being assigned to duties inconsistent with exempt status. Like Plaintiff, no member of the Class has been paid overtime compensation in accordance with the California laws identified herein.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

5.

30. Furthermore, the Class Members were all subject to the same unlawful policy or plan of Defendants as Plaintiff, under which they were classified as exempt from the California overtime laws. Any differences which exist in the job duties of the Technical Writers are not material to their right to overtime compensation pursuant to the California overtime laws.

31. Plaintiff is currently unaware of the identities of all the Class Members. On information and belief, at least fifty but less than one hundred persons have worked for Defendants as Technical Writers in California during the Class Period and would therefore be members of the Class. For this reason, joinder of all members of the Class would be impracticable.

32. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

a. Whether the duties of Technical Writers are inconsistent with exempt status under California law;

b. whether Defendants violated Labor Code § 510 and/or IWC Wage Order 4-2001 by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

c. Whether Defendants violated Labor Code §§ 226.7 and 512 and/or IWC Wage Order 4-2001 by failing to consistently provide meal and/or rest periods to Technical Writers.

d. Whether Defendants violated Labor Code § 226 and 1174 and/or IWC Wage Order 4-2001 by failing to keep adequate records of hours worked by Plaintiff and Class Members;

e. Whether Defendants violated California Labor Code § 552 and/or IWC Wage Order 4-2001 by causing Class Members to work more than six days in seven.

f. Whether, by the misconduct alleged herein, Defendants have engaged in unfair and/or unlawful business practices; and

g. Whether, as a result of Defendants' misconduct, Plaintiff and the Class Members are entitled to wages, statutory and other penalties, damages, punitive damages, an accounting and restitution, and injunctive, equitable and other relief.

33. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members were subjected to and harmed by Defendants' uniform policy of misclassifying Technical Writers as exempt from overtime compensation in order to avoid having to pay overtime as required

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

6.

1    by California law. Any differences between individual Class Members' job duties are immaterial to
2    the question of whether Technical Writers were or were not correctly classified as exempt under
3    California law. Plaintiff is subject to no unique defenses, as Defendants' policies were uniform
4    throughout California.

5        34.    Plaintiff will fairly and adequately protect the interests of the Class and has retained
6    attorneys experienced in class and employment litigation.

7        35.    Questions of law or fact common to the Class Members predominate over any questions
8    affecting only individual Class Members. All of the facts material to resolving the common legal
9    question of whether exemption from the California overtime laws is appropriate are common to all
10   Class Members. Facts not common to the Class Members are not material to resolving the common
11   legal question of whether Defendants' exempt classification of the Class Members is legally correct.
12   A class action is therefore superior to other available methods for the fair and efficient adjudication
13   of this controversy. A class action is also superior to other available methods for the fair and
14   efficient adjudication for the following reasons:

15        a.   it is economically impractical for Class Members to prosecute individual actions;
16        b.   the Class Members are readily identifiable;
17
         c.   prosecution as a class action will eliminate the possibility of repetitious litigation;
18   and

19        d.   a class action will enable claims to be handled in an orderly and expeditious manner;
20   a class action will save time and expense and will ensure uniformity of decisions.

21        36.    The prosecution of separate actions against Defendants under California law would
22   create a risk of inconsistent or varying adjudications with respect to individual Class Members
23   which would establish incompatible standards of conduct for the Defendants. In addition,
24   adjudications with respect to individual Class Members could as a practical matter be dispositive of
25   the interests of the other Class Members not parties to such adjudications, or could substantially
26   impede or impair their ability to protect their interests.

27        37.    Plaintiff does not anticipate any difficulty in the management of this litigation.
28

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

38.    In addition to asserting class action claims, Plaintiff asserts claims as a private attorney general on behalf of all current and former Technical Writers employed by Defendants during the period August 1, 2006 through the present pursuant to Labor Code §§2698 et seq.  Defendants have violated various provisions of the Labor Code as alleged herein, and thereby caused harm to all current and former Technical Writers.  For each such violation, Defendants owe statutory penalties to be assessed by the Court.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### VIOLATION OF LABOR CODE § 510 AND IWC WAGE ORDER 4-2001

39.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

40.    By their conduct, as set forth herein, Defendants violated California Labor Code § 510, 1198 and IWC Wage Order 4-2001 by failing to pay Plaintiff and the Class: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a work-day or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve hours in any one day or for hours worked in excess of eight hours on any seventh day of work in a workweek during the Class Period.

41.    Defendants' violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001 were repeated, willful and intentional.

42.    Plaintiff and the Class members have been damaged by said violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001.

43.    Pursuant to California Labor Code § 1194, Defendants are liable to Plaintiff and the Class Members for the full amount of all their unpaid overtime compensation with interest thereon, plus reasonable attorneys' fees and costs.

44.    Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California overtime laws constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

8.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

45.    Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST BREAKS
### VIOLATION OF CALIFORNIA LABOR CODE § 226.7
### AND IWC WAGE ORDER 4-2001

46.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

47.    Defendants have failed to provide Plaintiff and Class Members with a rest break of ten (10) consecutive minutes for each four (4) hour period worked throughout the Class Period.

48.    Defendants have failed to provide Plaintiff and Class Members with a meal break of at least thirty (30) minutes for each five (5) hour period worked throughout the Class Period.

49.    Plaintiff and the Class Members are entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided.

50.    Plaintiff and the Class Members are also entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a meal break was not provided.

51.    Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California laws requiring employers to provide meal and rest breaks constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class Members are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

52.    Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

### THIRD CAUSE OF ACTION
### FAILURE TO KEEP RECORDS OF HOURS WORKED
### VIOLATION OF CALIFORNIA LABOR CODE §§ 226
### AND IWC WAGE ORDER 4-2001

53.    Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all preceding paragraphs.

54.    Defendants have failed to furnish Plaintiff and Class Members, semimonthly or at the time of each payment of wages, an accurate, itemized statement in writing showing gross and net

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

9.

1    wages earned, total hours worked and the applicable hourly rates in effect and the corresponding
2    number of hours worked at each hourly rate during the Class Period.

3       55.    Defendants' failure was knowing and intentional.

4       56.    Defendants' failure has injured Plaintiff and Class Members by depriving them of hour,
5    wage and earnings information to which they are entitled. causing them difficulty and expense in
6    attempting to reconstruct time and pay records. not to be paid wages to which they are entitled, to
7    rely on inaccurate earnings statements in dealings with third parties, to be unable to exercise their
8    right under Labor Code § 226(b) to review itemized wage statement information, and to be deceived
9    regarding their entitlement to overtime and meal and rest period wages.

10      57.    Plaintiff and Class Members seek actual damages, penalties, attorneys' fees and costs
11   pursuant to Labor Code § 226(e), and injunctive relief and attorneys' fees and costs pursuant to
12   Labor Code § 226(g).

13                      **FOURTH CAUSE OF ACTION**
14   **UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES IN**
     **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET. SEQ._**
15      58.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully
16   herein.

17      59.    Defendants have engaged in unfair. unlawful. and fraudulent business practices as set
18   forth above during the Class Period.

19      60.    By engaging in the above-described acts and practices. Defendants have committed one
20   or more acts of unfair competition within the meaning of Bus. & Prof. Code §§17200, _et seq._

21      61.    Plaintiff, on behalf of herself and the Class Members, seeks an order of this Court
22   awarding restitution, injunctive relief and all other relief allowed under Bus. & Prof. Code §§17200
23   _et seq._, plus interest, attorneys' fees and costs pursuant to, _inter alia,_ Code of Civ. Proc. §1021.5.

24                       **FIFTH CAUSE OF ACTION**
25           **LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**
                   **LABOR CODE §§ 2698 _ET SEQ._**
26      62.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully
27   herein.

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

63.    Plaintiff is an aggrieved employee within the meaning of Labor Code § 2699 and brings this claim on behalf of herself and other current or former employees of UGS who were employed as Technical Writers during the period August 1, 2006 through the present.

64.    Plaintiff has given written notice by certified mail to the Labor and Workforce Development Agency and UGS of the specific provisions of the Labor Code that UGS is alleged to have been violated, including the facts and theories to support the alleged violation. A copy of this notice is attached hereto as Exhibit A.

65.    Defendants have violated Labor Code § 510 and/or related IWC Wage Orders by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

66.    Defendants have violated Labor Code §§ 226.7 and 512 and related IWC Wage Orders by failing to consistently provide meal and/or rest periods to Technical Writers.

67.    Defendants have violated Labor Code § 226 and 1174 and/or related IWC Wage Orders by failing to keep adequate records of hours worked by Technical Writers.

68.    Defendants have violated IWC Wage Order 4-2001 by failing to maintain adequate records of Technical Writers' meal periods.

69.    Defendants have violated California Labor Code § 552 and/or related IWC Wage Orders by causing Technical Writers to work more than six days in seven.

70.    Defendants' conduct as set forth herein has caused injury to the Technical Writers.

71    For each such violation, Plaintiff seeks civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation or such other civil penalties as are permitted by law.

72.    Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g).

## SIXTH CAUSE OF ACTION
## ACCOUNTING

73.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

11.

74.    As alleged above Plaintiff and the Class Members are owed wages which equal the sum of overtime compensation not paid by Defendants to them, plus one additional hour of pay at their regular rate of compensation for each work today they were not provided a meal as provided by law, plus one additional hour of pay for each work day they were not provided a rest period as provided by law, statutory interest on such compensation, plus civil penalties.

75.    Plaintiff does not know the precise amount of compensation due to Plaintiff and each Class Member or the precise amount of penalties due.

76.    Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of compensation due and owing to Plaintiff and each Class Member can be determined.

77.    Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of penalties due and owing to Plaintiff and each Class Member can be determined.

78.    Because it is impossible for the Plaintiff to determine the exact amount of money due to Plaintiff and the Class Members without a detailed review of Defendants' books and records and/or discovery in this action, Plaintiff seeks, among other things, an accounting of books and records in the possession of Defendants and/or the appointment of a receiver to determine the compensation owed to Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and as a private attorney general prays for judgment against Defendants as follows:

A.    An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class Members;

B.    A judgment awarding Plaintiff and the Class Members compensatory damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

C.    A judgment awarding Plaintiff and the Class Members wages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

D.    A judgment awarding Plaintiff and the Class Members statutory penalties in an amount to be proven at trial;

E.    An order requiring Defendants to immediately cease their wrongful conduct as set forth above; enjoining Defendants from continuing to improperly classify Technical Writers as exempt from California overtime regulations and failing to pay such employees overtime wages and wages for meal and rest breaks;

F.    Restitution and disgorgement of all amounts obtained by Defendants as a result of their misconduct, together with interest thereon from the date of payment, to Plaintiff and the Class Members;

G.    An accounting of books and records in the possession of Defendants and/or the appointment of a receiver to determine the compensation and statutory penalties owed to Plaintiff and Class members;

H.    Reasonable attorneys' fees and the costs of this action as permitted by law, including but not limited to California Labor Code §§ 218.5, 226, 1194 and 2699 and Code of Civ. Proc. §1021.5;

I.    Punitive damages;

J.    Statutory pre-judgment interest; and

K.    Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: August 6, 2007

SCHUBERT & REED LLP
Three Embarcadero Center
Suite 1650
San Francisco, CA 94111

By: _____
Robert C. Schubert

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

13.

1  ROBERT C. SCHUBERT S.B.N. 62684
   JUDEN JUSTICE REED S.B.N. 153748
2  MIRANDA KOLBE S.B.N. 214392
   SCHUBERT & REED LLP
3  Three Embarcadero Center, Suite 1650
   San Francisco, California 94111
4  Tel: (415) 788-4220
   Fax: (415) 788-0161
5

6

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated, | Case No. CGC-07-465695 |
| Plaintiff, | **DECLARATION OF ROBERT C. SCHUBERT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION** |
| v. | |
| UGS CORPORATION and DOES 1 through 100, inclusive, | |
| Defendants. | Department:          304<br>Judge:               Hon. Richard Kramer |

I, Robert C. Schubert, declare as follows:

1.    I have personal knowledge of each of the facts stated herein and if called as a witness could and would competently testify thereto.

2.    I am an attorney at law duly licensed to practice in the State of California. I am a partner of Schubert & Reed LLP. My firm is counsel for the plaintiff in this action. I make this declaration in support of plaintiff's application for approval of complex litigation designation.

3.    On August 1, 2007, plaintiff Vanessa Flint ("Plaintiff") filed this class action on behalf of UGS Corporation's ("UGS") current and former employees in California whose primary job responsibility is to write or edit documents for end-users, installers, administrators and customers of UGS's products ("Technical Writers"). Plaintiff alleges that UGS has misclassified the Technical Writers as exempt from California's wage and hour laws and regulations during the period August 1, 2003 through the present (the "Class Period").

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1.

1        4.      On August 6, 2007, Plaintiff filed an amended class and representative action

2    complaint ("Amended Complaint"). A copy of the Amended Complaint is attached hereto as

3    Exhibit A.

4        5.      Plaintiff designated the case as complex on the civil case cover sheet and paid the

5    requisite complex litigation fee. A copy of the civil case cover sheet is attached hereto as Exhibit B.

6        6.      This action satisfies the statutory requirements for complex designation and should

7    therefore be transferred to the Complex Litigation Department for further proceedings.

8        7.      Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking

9    unpaid overtime compensation and interest thereon, wages due for failure to provide rest breaks and

10   meal periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under

11   Labor Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ.

12   Proc. § 1021.5. Plaintiff also seeks injunctive relief and restitution of all benefits UGS has enjoyed

13   from its failure to pay overtime compensation under Business and Professions Code §§ 17200 et

14   seq.

15       8.      Plaintiff, on behalf of herself and the Technical Writers, has also brought a

16   representative claim to recover penalties authorized by Labor Code §§ 2698 and 2699 (the Labor

17   Code Private Attorneys General Act of 2004).

18       9.      I anticipate a large number of witnesses and a substantial amount of documentary

19   evidence will be required. The case will also likely involve extensive motion practice, including a

20   motion for class certification and, potentially, a motion for summary adjudication on behalf of the

21   class. Furthermore, because plaintiff requests injunctive relief, as well as restitution and damages,

22   substantial postjudgment judicial supervision may be required.

        I declare under penalty of perjury under the laws of the State of California that the foregoing

24   is true and correct. Executed this 6th day of August, 2007 in San Francisco, California.

_____
Robert C. Schubert

25

26

27

28

2.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**EXHIBIT A**

1  ROBERT C. SCHUBERT S.B.N. 62684
   JUDEN JUSTICE REED S.B.N. 153748
2  MIRANDA P. KOLBE S.B.N. 214392
   SCHUBERT & REED LLP
3  Three Embarcadero Center, Suite 1650
   San Francisco, California 94111
4  Telephone: (415) 788-4220

5  *Counsel for Plaintiff*

6

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            FOR THE CITY AND COUNTY OF SAN FRANCISCO

9

10  VANESSA FLINT, Individually and On Behalf     Case No. CGC-07-465695
    of All Others Similarly Situated,

11                                                CLASS ACTION
                   Plaintiff,
12                                                FIRST AMENDED CLASS AND
          v.                                      REPRESENTATIVE ACTION
13                                                COMPLAINT FOR: (1) VIOLATION OF
    UGS CORPORATION and DOES 1 through            LABOR CODE § 510; (2) VIOLATION OF
14  100, inclusive,                               CALIFORNIA LABOR CODE § 226.7;
                                                  (3) VIOLATION OF CALIFORNIA
15                 Defendants.                    LABOR CODE §§ 226; (4) LABOR CODE
                                                  PRIVATE ATTORNEYS GENERAL ACT,
16                                                LABOR CODE §§ 2698 ET SEQ.;
                                                  (5) VIOLATION OF BUS. & PROF. CODE
17                                                §§ 17200 ET SEQ.; AND
                                                  (6) ACCOUNTING
18

19                                                JURY TRIAL DEMANDED

20

21

22

23       Plaintiff Vanessa Flint ("Plaintiff") brings this action against UGS Corporation ("UGS") and

24  Does 1-100 (collectively, "Defendants"), on behalf of herself and all others similarly situated, upon

25  information and belief, except as to her own actions, the investigation of her counsel, and the facts

26  that are a matter of public record, as follows:

27                              SUMMARY OF CLAIMS

28       1.    Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking

    unpaid overtime compensation and interest thereon, wages due for failure to provide rest breaks and

                                        1.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1   meal periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under

2   Labor Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ.

3   Proc. § 1021.5 on behalf of herself and all other persons who are or have been employed by

4   Defendants in the State of California at any time after August 1, 2003, as "Technical Writers," as

5   further defined in paragraph 7 below. Plaintiff, on behalf or herself and the Class Members also

6   seeks to recover penalties authorized by Labor Code §§ 2698 and 2699 (the Labor Code Private

7   Attorneys General Act of 2004), and seeks injunctive relief and restitution of all benefits Defendants

8   have enjoyed from their failure to pay overtime compensation under Business and Professions Code

9   §§ 17200 et seq.

10

11                              **THE PARTIES**

12          1.      Plaintiff Vanessa Flint is a resident of California, who was employed by UGS in

13   California as a Technical Writer during the Class Period.

14          2.      UGS is a corporation organized under the laws of Delaware and has its principal place

15   of business in Plano, Texas. UGS is qualified to and doing business in the State of California. UGS

16   is a computer software company specializing in 3D and Product Lifecycle Management (PLM)

17   software.

18          3.      UGS is, and at all times was, an employer under California law and applicable Industrial

19   Welfare Commission ("IWC") Orders.

20          4.      The true names and capacities (whether individual, corporate, associate, or otherwise) of

21   Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who sues

22   said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that

23   each of the Defendants fictitiously named herein is legally responsible in some actionable manner

24   for the events described herein, and thereby proximately caused the damage to Plaintiff and the

25   members of the Class. Plaintiff will seek leave of Court to amend this Complaint to state the true

26   name(s) and capacities of such fictitiously named Defendants when the same have been ascertained.

27          5.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

28   each defendant aided and abetted, and acted in concert with and/or conspired with each and every

     other defendant to commit the acts complained of herein and to engage in a course of conduct and

     the business practices complained of herein.

                                        2.

## JURISDICTION

6.  This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid overtime wages pursuant to Labor Code §§ 510 and 1194, for wages for Defendants' unlawful denial of meal and rest periods under Labor Code §§ 226.7 and 512, and penalties for failure to provide itemized statements of hours worked and all applicable hourly rates pursuant to Labor Code § 226. This Court also has jurisdiction over Plaintiff's and Class Members' claims for injunctive relief and restitution arising from Defendants' unlawful business practices under Business & Professions Code §§ 17200 et seq. This Court also has jurisdiction over Plaintiff's and the Technical Writers' claims under Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004).

## SUBSTANTIVE ALLEGATIONS

7.  Technical Writers are current or former employees of Defendants in California whose primary job responsibility is to write or edit documents for end-users, installers, administrators and customers of Defendants' products, including employees who write courseware for Defendants' customers. Technical Writers are classified by Defendants as Applications Engineers.

8.  Technical Writers do not have management responsibilities. They do not customarily and regularly direct the work of two or more other employees. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations. Were they to make such recommendations, the recommendations would not be given any particular weight because of their status as Technical Writers.

9.  Technical Writers do not have duties directly related to the creation or implementation of management policies, or to the general business operations of Defendants.

10.  Technical Writers do not require a license or certification from the State of California or any other governmental entity in order to perform their jobs.

11.  Technical Writers do not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

12.  The majority of Technical Writers employed by Defendants during the Class Period did not have an advanced degree beyond a bachelor's degree.

3.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

13.    Defendants did not require that Technical Writers have an advanced degree beyond a bachelor's degree during the Class Period.

14.    Technical Writers do not perform work that is original and creative in character.

15.    Technical Writers do not customarily and regularly exercise discretion and independent judgment. Rather, they follow strict instructions, and they rely on their general intellectual ability and training to perform their work.

16.    Technical Writers are or were salaried employees.

17.    Technical Writers' regular hourly rate of pay is less than $49.77.

18.    Technical Writers regularly work or worked more than eight hours a day and forty hours in a workweek.

19.    Technical Writers have worked on weekends and occasionally on national holidays without being paid any overtime compensation for such work.

20.    During the Class Period, Defendants were aware of the duties performed by Plaintiff and the Class Members. Defendants also were aware that the duties of Plaintiff and the Class Members were inconsistent with exempt status, and that such persons were and are not exempt from California's laws and regulations governing overtime compensation.

21.    Nevertheless, during the Class Period, Defendants have knowingly failed to compensate Plaintiff and the Class Members for work that they performed in excess of forty (40) hours per week or eight (8) hours per day, as required by California Labor Code § 510 and IWC Wage Order 4-2001.

22.    Defendants have also failed to provide Plaintiff and Class Members with semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226 and IWC Wage Order 4-2001. Defendants have also failed to provide or require the use, maintenance or submission of time records by Plaintiff and the Class Members as required by California Labor Code § 1174(d). As a result, Defendants have not only failed to pay Class Members the full amount of compensation due, they have also shielded themselves from scrutiny by the Class Members by concealing the magnitude (the full number of hours worked) and the financial impact of their wrongdoing.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

4.

23.    In failing to properly compensate Plaintiff and the Class Members for overtime hours worked, Defendants acted maliciously, oppressively, and/or fraudulently, and such despicable conduct designed to maximize the Defendants' economic gain was carried out with the wrongful intention of causing injury to Plaintiff and the Class Members, in willful and conscious disregard of the rights of Plaintiff and the Class Members as established by California law and applicable regulations.

24.    Defendants have also consistently and unlawfully denied meal and rest periods to Plaintiff and the Class Members as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001 during the Class Period.

25.    Defendants have also violated California Labor Code § 552 by causing Class Members to work seven days a week during the Class Period.

26.    The harm caused by Defendants' wrongful actions grossly outweighs any benefit that could be attributed to it.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff bring this action as a class action pursuant to Code of Civil Procedure Section 382 on behalf of herself and the following Class Members:

> All persons who, from August 1, 2003 up to the time of judgment, are or were (1) employed and/or worked as salaried Technical Writers for Defendants in California and (2) are or were classified as exempt employees and were not paid overtime. Excluded from the Class are Defendants, their officers and directors.

28.    The period between August 1, 2003 and the date of trial or final resolution of this matter is referred to herein as the "Class Period."

29.    The Class Members are similarly situated to Plaintiff and to each other, because they all perform similar duties and assignments, and all have been subject to Defendants' common policy and practice of classifying all Technical Writers as exempt from the California overtime laws – while at the same time being assigned to duties inconsistent with exempt status. Like Plaintiff, no member of the Class has been paid overtime compensation in accordance with the California laws identified herein.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

30.   Furthermore, the Class Members were all subject to the same unlawful policy or plan of Defendants as Plaintiff. under which they were classified as exempt from the California overtime laws. Any differences which exist in the job duties of the Technical Writers are not material to their right to overtime compensation pursuant to the California overtime laws.

31.   Plaintiff is currently unaware of the identities of all the Class Members. On information and belief, at least fifty but less than one hundred persons have worked for Defendants as Technical Writers in California during the Class Period and would therefore be members of the Class. For this reason, joinder of all members of the Class would be impracticable.

32.   There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

a.   Whether the duties of Technical Writers are inconsistent with exempt status under California law;

b.   whether Defendants violated Labor Code § 510 and/or IWC Wage Order 4-2001 by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

c.   Whether Defendants violated Labor Code §§ 226.7 and 512 and/or IWC Wage Order 4-2001 by failing to consistently provide meal and/or rest periods to Technical Writers.

d.   Whether Defendants violated Labor Code § 226 and 1174 and/or IWC Wage Order 4-2001 by failing to keep adequate records of hours worked by Plaintiff and Class Members;

e.   Whether Defendants violated California Labor Code § 552 and/or IWC Wage Order 4-2001 by causing Class Members to work more than six days in seven.

f.   Whether, by the misconduct alleged herein, Defendants have engaged in unfair and/or unlawful business practices; and

g.   Whether, as a result of Defendants' misconduct, Plaintiff and the Class Members are entitled to wages, statutory and other penalties, damages, punitive damages, an accounting and restitution, and injunctive, equitable and other relief.

33.   Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members were subjected to and harmed by Defendants' uniform policy of misclassifying Technical Writers as exempt from overtime compensation in order to avoid having to pay overtime as required

6.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  by California law. Any differences between individual Class Members' job duties are immaterial to
2  the question of whether Technical Writers were or were not correctly classified as exempt under
3  California law. Plaintiff is subject to no unique defenses, as Defendants' policies were uniform
4  throughout California.

5        34.  Plaintiff will fairly and adequately protect the interests of the Class and has retained
6  attorneys experienced in class and employment litigation.

7        35.  Questions of law or fact common to the Class Members predominate over any questions
8  affecting only individual Class Members. All of the facts material to resolving the common legal
9  question of whether exemption from the California overtime laws is appropriate are common to all
10  Class Members. Facts not common to the Class Members are not material to resolving the common
11  legal question of whether Defendants' exempt classification of the Class Members is legally correct.
12  A class action is therefore superior to other available methods for the fair and efficient adjudication
13  of this controversy. A class action is also superior to other available methods for the fair and
14  efficient adjudication for the following reasons:

15        a.  it is economically impractical for Class Members to prosecute individual actions;
16        b.  the Class Members are readily identifiable;
17        c.  prosecution as a class action will eliminate the possibility of repetitious litigation;
18  and

19        d.  a class action will enable claims to be handled in an orderly and expeditious manner;
20  a class action will save time and expense and will ensure uniformity of decisions.

21        36.  The prosecution of separate actions against Defendants under California law would
22  create a risk of inconsistent or varying adjudications with respect to individual Class Members
23  which would establish incompatible standards of conduct for the Defendants. In addition,
24  adjudications with respect to individual Class Members could as a practical matter be dispositive of
25  the interests of the other Class Members not parties to such adjudications, or could substantially
26  impede or impair their ability to protect their interests.

27        37.  Plaintiff does not anticipate any difficulty in the management of this litigation.
28

ST HUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

7.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

38.    In addition to asserting class action claims, Plaintiff asserts claims as a private attorney general on behalf of all current and former Technical Writers employed by Defendants during the period August 1, 2006 through the present pursuant to Labor Code §§2698 et seq. Defendants have violated various provisions of the Labor Code as alleged herein, and thereby caused harm to all current and former Technical Writers. For each such violation, Defendants owe statutory penalties to be assessed by the Court.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### VIOLATION OF LABOR CODE § 510 AND IWC WAGE ORDER 4-2001

39.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

40.    By their conduct, as set forth herein, Defendants violated California Labor Code § 510, 1198 and IWC Wage Order 4-2001 by failing to pay Plaintiff and the Class: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a work-day or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve hours in any one day or for hours worked in excess of eight hours on any seventh day of work in a workweek during the Class Period.

41.    Defendants' violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001 were repeated, willful and intentional.

42.    Plaintiff and the Class members have been damaged by said violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001.

43.    Pursuant to California Labor Code § 1194, Defendants are liable to Plaintiff and the Class Members for the full amount of all their unpaid overtime compensation with interest thereon, plus reasonable attorneys' fees and costs.

44.    Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California overtime laws constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

8.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

45.    Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL AND REST BREAKS
## VIOLATION OF CALIFORNIA LABOR CODE § 226.7
## AND IWC WAGE ORDER 4-2001

46.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

47.    Defendants have failed to provide Plaintiff and Class Members with a rest break of ten (10) consecutive minutes for each four (4) hour period worked throughout the Class Period.

48.    Defendants have failed to provide Plaintiff and Class Members with a meal break of at least thirty (30) minutes for each five (5) hour period worked throughout the Class Period.

49.    Plaintiff and the Class Members are entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided.

50.    Plaintiff and the Class Members are also entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a meal break was not provided.

51.    Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California laws requiring employers to provide meal and rest breaks constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class Members are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

52.    Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## THIRD CAUSE OF ACTION
## FAILURE TO KEEP RECORDS OF HOURS WORKED
## VIOLATION OF CALIFORNIA LABOR CODE §§ 226
## AND IWC WAGE ORDER 4-2001

53.    Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all preceding paragraphs.

54.    Defendants have failed to furnish Plaintiff and Class Members, semimonthly or at the time of each payment of wages, an accurate, itemized statement in writing showing gross and net

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

9.

1  wages earned, total hours worked and the applicable hourly rates in effect and the corresponding

2  number of hours worked at each hourly rate during the Class Period.

3      55.   Defendants' failure was knowing and intentional.

4      56.   Defendants' failure has injured Plaintiff and Class Members by depriving them of hour,

5  wage and earnings information to which they are entitled, causing them difficulty and expense in

6  attempting to reconstruct time and pay records, not to be paid wages to which they entitled, to

7  rely on inaccurate earnings statements in dealings with third parties, to be unable to exercise their

8  right under Labor Code § 226(b) to review itemized wage statement information, and to be deceived

9  regarding their entitlement to overtime and meal and rest period wages.

10      57.   Plaintiff and Class Members seek actual damages, penalties, attorneys' fees and costs

11  pursuant to Labor Code § 226(e), and injunctive relief and attorneys' fees and costs pursuant to

12  Labor Code § 226(g).

### FOURTH CAUSE OF ACTION
### UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET. SEQ.*

15      58.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully

16  herein.

17      59.   Defendants have engaged in unfair, unlawful, and fraudulent business practices as set

18  forth above during the Class Period.

19      60.   By engaging in the above-described acts and practices, Defendants have committed one

20  or more acts of unfair competition within the meaning of Bus. & Prof. Code §§17200, *et seq.*

21      61.   Plaintiff, on behalf of herself and the Class Members, seeks an order of this Court

22  awarding restitution, injunctive relief and all other relief allowed under Bus. & Prof. Code §§17200

23  *et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civ. Proc. §1021.5.

### FIFTH CAUSE OF ACTION
### LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
### LABOR CODE §§ 2698 *ET SEQ.*

26      62.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully

27  herein.

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

63. Plaintiff is an aggrieved employee within the meaning of Labor Code § 2699 and brings this claim on behalf of herself and other current or former employees of UGS who were employed as Technical Writers during the period August 1, 2006 through the present.

64. Plaintiff has given written notice by certified mail to the Labor and Workforce Development Agency and UGS of the specific provisions of the Labor Code that UGS is alleged to have been violated, including the facts and theories to support the alleged violation. A copy of this notice is attached hereto as Exhibit A.

65. Defendants have violated Labor Code § 510 and/or related IWC Wage Orders by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

66. Defendants have violated Labor Code §§ 226.7 and 512 and related IWC Wage Orders by failing to consistently provide meal and/or rest periods to Technical Writers.

67. Defendants have violated Labor Code § 226 and 1174 and/or related IWC Wage Orders by failing to keep adequate records of hours worked by Technical Writers.

68. Defendants have violated IWC Wage Order 4-2001 by failing to maintain adequate records of Technical Writers' meal periods.

69. Defendants have violated California Labor Code § 552 and/or related IWC Wage Orders by causing Technical Writers to work more than six days in seven.

70. Defendants' conduct as set forth herein has caused injury to the Technical Writers.

71. For each such violation, Plaintiff seeks civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation or such other civil penalties as permitted by law.

72. Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g).

## SIXTH CAUSE OF ACTION
### ACCOUNTING

73. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

11.

74.   As alleged above Plaintiff and the Class Members are owed wages which equal the sum of overtime compensation not paid by Defendants to them, plus one additional hour of pay at their regular rate of compensation for each work today they were not provided a meal as provided by law, plus one additional hour of pay for each work day they were not provided a rest period as provided by law, statutory interest on such compensation, plus civil penalties.

75.   Plaintiff does not know the precise amount of compensation due to Plaintiff and each Class Member or the precise amount of penalties due.

76.   Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of compensation due and owing to Plaintiff and each Class Member can be determined.

77.   Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of penalties due and owing to Plaintiff and each Class Member can be determined.

78.   Because it is impossible for the Plaintiff to determine the exact amount of money due to Plaintiff and the Class Members without a detailed review of Defendants' books and records and/or discovery in this action, Plaintiff seeks, among other things, an accounting of books and records in the possession of Defendants and/or the appointment of a receiver to determine the compensation owed to Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and as a private attorney general prays for judgment against Defendants as follows:

A.   An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class Members;

B.   A judgment awarding Plaintiff and the Class Members compensatory damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

C.   A judgment awarding Plaintiff and the Class Members wages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

12.

1  ROBERT C. SCHUBERT S.B.N. 62684
2  JUDEN JUSTICE REED S.B.N. 153748
   MIRANDA KOLBE S.B.N. 214392
3  SCHUBERT & REED LLP
   Three Embarcadero Center, Suite 1650
   San Francisco, California 94111
4  Tel: (415) 788-4220
   Fax: (415) 788-0161
5
6  *Attorneys for Plaintiff*



7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN FRANCISCO

10

11  VANESSA FLINT, Individually and On Behalf      Case No.  CGC-07-465695
    of All Others Similarly Situated,
12
                    Plaintiff,
13                                                 APPLICATION FOR REASSIGNMENT TO
              v.                                   COMPLEX LITIGATION DEPARTMENT
14
    UGS CORPORATION and DOES 1 through             [LOCAL RULE 3.2,
15  100, inclusive,                                CAL. RULE OF COURT 1800, ET SEQ.]

16                  Defendants.                    Department:      304
                                                   Judge:           Hon. Richard Kramer
17

18  ─────────────────────────────────────

19

20                               **<u>INTRODUCTION</u>**

21        This is a class and representative action against UGS Corporation ("UGS" or the

22  "Company") brought on behalf of UGS's current and former employees in California whose primary

23  job responsibility is to write or edit documents for end-users, installers, administrators and

24  customers of UGS's products ("Technical Writers"). Plaintiff alleges that UGS has misclassified the

25  Technical Writers as exempt from California's wage and hour laws and regulations during the

26  period August 1, 2003 through the present (the "Class Period").

27        Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking unpaid

28  overtime compensation and interest thereon, wages due for failure to provide rest breaks and meal

    periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under Labor

*Left margin:* SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

                                          1.

1   Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ. Proc.

2   § 1021.5. Plaintiff also seeks injunctive relief and restitution of all benefits UGS has enjoyed from

3   its failure to pay overtime compensation under Business and Professions Code §§ 17200 et seq.

4   Plaintiff, on behalf or herself and the Technical Writers, also seeks to recover penalties authorized

5   by Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004).

6   ## THIS CASE SHOULD BE DESIGNATED COMPLEX

7       Rule of Court 1800(a) provides that a "complex case" is an action "that requires exceptional

8   judicial management to avoid placing unnecessary burdens on the court or the litigants and to

9   expedite the case, keep costs reasonable, and promote effective decision making by the court, the

10  parties and counsel." Among the factors to be considered by the Court in deciding whether an action

11  should be designated complex are the following:

12      (1) Numerous pretrial motions raising difficult or novel legal issues that will be time-
13      consuming to resolve;

14      (2) Management of a large number of witnesses or a substantial amount of
15      documentary evidence; and

16      (3) Substantial postjudgment judicial supervision.

17  Rule of Court 1800 (b). A case involving "class action" claims is deemed "provisionally" complex.

18  See Rule of Court 1800(c)(1).

19      This action qualifies as complex under Rule of Court 1800. This is a putative class action

20  filed on behalf of Technical Writers who worked for UGS during the Class Period, and also includes

21  a representative claim pursuant to Labor Code sections 2698 et seq. Underlying each of the claims

22  at issue in this action is plaintiff's allegation that Defendants misclassified her and other Technical

23  Writers as exempt from California's wage and hour laws. The legal issues related to liability as well

24  as class certification are complex, and the case will likely involve extensive discovery and numerous

25  witnesses. Plaintiff anticipates filing a motion for class certification, and may also seek summary

26  adjudication of affirmative defenses.

27

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2.

1    This case raises complex issues regarding which, if any, exemptions from California's wage

2    and hour laws apply to Technical Writers and would benefit from complex designation and

3    assignment to a single judge.

4    ### CONCLUSION

5    For the reasons set forth above, this action should be designated complex and transferred to

6    the Complex Litigation Department.

7

8

9    August 6, 2007

10                                          Robert C. Schubert
                                            Juden Justice Reed
11                                          Miranda Kolbe
                                            SCHUBERT & REED LLP
12                                          Three Embarcadero Center, Suite 1650
                                            San Francisco, California  94111
13                                          Telephone: (415) 788-4220

14

15                                                      Robert C. Schubert

16

17

18

19

20

21

22

23

24

25

26

27

28

3.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  ROBERT C. SCHUBERT S.B.N. 62684
   JUDEN JUSTICE REED S.B.N. 153748
2  MIRANDA P. KOLBE S.B.N. 214392
   SCHUBERT & REED LLP
3  Three Embarcadero Center, Suite 1650
   San Francisco, California 94111
4  Telephone: (415) 788-4220

5  *Counsel for Plaintiff*

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                FOR THE CITY AND COUNTY OF SAN FRANCISCO

9   VANESSA FLINT, Individually and On Behalf    Case No. CGC-07-465695
    of All Others Similarly Situated,
10                                               CLASS ACTION

11          Plaintiff,                           VERIFICATION OF FIRST AMENDED
                                                 CLASS AND REPRESENTATIVE
12       v.                                      ACTION COMPLAINT

13  UGS CORPORATION and DOES 1 through
    100, inclusive,                              JURY TRIAL DEMANDED
14
            Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

I, Robert C. Schubert, hereby declare:

1.    I am counsel for plaintiff Vanessa Flint in the captioned matter. Plaintiff is absent from the county where this action is pending and from the county in which I maintain my office, and for that reason I am making this verification for and on her behalf.

2.    I have read the foregoing FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT and know its contents. I am informed and believe and on that ground allege that the matters stated therein are true and correct.


        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 6th of August, 2007, in San Francisco, California.


_____
Robert C. Schubert

**FILED**
San Francisco County Superior Court

APR 1 6 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:                                    )
                                          )
COMPLEX LITIGATION                        )
                                          )   **GENERAL ORDER RE:**
                                          )   **PROCEDURE FOR APPROVAL**
                                          )   **OF COMPLEX LITIGATION**
                                          )   **DESIGNATION**
                                          )
                                          )
_____)   The Honorable Richard A. Kramer

This Order shall apply to any case designated as a Complex Case on the Civil Case Cover Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco Superior Court. As to all such cases:

1. The fee(s) required by California Government Code section 26826.4 shall be paid upon filing such designation.

2. No case shall be assigned to the Complex Litigation Department until an Application For Approval of Complex Litigation Designation has been made in accordance with this Order, and the Court has ordered the case so assigned.

-1-
GENERAL ORDER re: COMPLEX LITIGATION DESIGNATION APPROVAL

1        3. An Application for Approval of Complex Designation must be filed within 10 days of the

2  date of filing of the Civil Case Cover Sheet Complex Case Designation, setting forth with specificity

3  the reasons that the case should be assigned to the Complex Litigation Department in accordance

4  with the factors set forth in Rule 3.400 *et seq*, California Rules of Court.  A copy of such Application,

5  together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered

6  to the clerk of Department 304 promptly upon filing.  Copies of the Application shall be served on all

7  other parties who have been served with the Complaint or have appeared in the case.

8        4. A Complex Case Designation which does not comply with this Order will be deemed denied

9  without further order.

10        5. Until such time as the Court issues an order assigning the case to the Complex Litigation

11  Department, it will remain in its otherwise assigned case management plan and shall be subject to all

12  applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San

13  Francisco Superior Court Local Rules of Court.

14        6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by

15  specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet,

16  the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government

17  Code section 26826.4(a) or (b).  *See* Cal. Gov. Code § 26826.4(d).

18        7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

19  IT IS SO ORDERED.

20     Dated: April 13, 2007

21

22                        RICHARD A. KRAMER

23                        Judge of the Superior Court

24

August 1, 2007

<u>VIA CERTIFIED MAIL</u>

Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

To Whom It May Concern:

I am writing in compliance with Cal. Labor Code § 2699.3 to inform the Labor and Workforce Development Agency that our client, Vanessa Flint, intends to pursue a Labor Code §§ 2698 et seq. private attorney general and class action claim against UGS Corporation on behalf of similarly situated current and former UGS employees in California during the period August 1, 2006 to the present whose primary job responsibility is or was to write or edit documents for end-users, installers, administrators and customers of Defendants' products ("Technical Writers").

Our client alleges that UGS has misclassified Technical Writers as exempt from California's wage and hour laws and regulations. Specifically, our client alleges that: UGS has violated Labor Code § 510 and/or related IWC Wage Orders by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day; UGS has violated Labor Code §§ 226.7 and 512 and related IWC Wage Orders by failing to consistently provide meal and/or rest periods to Technical Writers; UGS has violated Labor Code § 226 and 1174 and/or related IWC Wage Orders by failing to keep adequate records of hours worked by Technical Writers; UGS has violated IWC Wage Order 4-2001 by failing to maintain adequate records of Technical Writers' meal periods; UGS has violated California Labor Code § 552 and/or related IWC Wage Orders by causing Technical Writers to work more than six days in seven.

If the Labor & Workforce Development Agency intends to investigate UGS's alleged violations of the Labor Code and IWC Wage Order 4-2001, please notify me by certified mail of its decision to do so within 33 calendar days of the postmark date of this notice.

Sincerely yours,

Miranda Kolbe
Schubert & Reed LLP

Cc:      CSC
         Agent for Service of Process for UGS
         Corporation
         P.O. Box 526036
         Sacramento, CA 95852.
         *By certified mail*

# MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

THE BAR ASSOCIATION OF SAN FRANCISCO

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."

—Richard W. Osman, Esq., Bertrand, Fox & Elliot

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

—Robert P. Travis, Esq., Travis and Pon

"The mediator was excellent! He was effective with some strong, forceful personalities."

—Denise A. Leadbetter, Esq. Zacks, Utrecht & Leadbetter

Procedures, Forms, Mediator Biographies and Photos:

WWW.SFBAR.ORG/MEDIATION

Questions?

ADR@sfbar.org or 415.982.1600

---

Koorosh Afshari
Robert E. Aune
Elizabeth E. Bader
Eileen Barker
Sandra Blair
Burton F. Bolluch
Bradley Bostick
Angela Bradstreet
George B. Brewster
Ted D. Buller
Judith Christenson
Thomas A. Cohen
Nancy de Ita
Mark J. Divelbiss
Martin H. Dodd
Paul Dubow
David H. Fielding
Robert T. Fries
Mark Gainer
Sanford Garfinkel
Gerald F. George
Matthew J. Geyer
Judith A. Gordon
Stephen J. Gorski
Judge Ron Greenberg (Ret)
Laurel Ultman Gothelf
Paul D. Gutierrez

Arnold B. Haims
Ben Hamburg
Michael D. Handlos
Lynn Hansen
John R. Heisse, II
Kay E. Henden
Frederick C. Hertz
Bruce Highman
Yolanda M. Jackson
Richard Jaeger
Roberto R. Jeffrey
Kenneth F. Johnson
Stieger P. Johnson
Gail Killefer
Carol M. Kingsley
Chris Knowlton
Guy O. Kornblum
Dr. Urs Laeuchli
Paula Lawhon
Theodora R. Lee
Arthur D. Levy
Robert T. Lynch
Sharon T. Maier
Michael L. Marx
Judith A. Mazia
David J. Meadows
Thomas C. Nagle

Marilyn O'Toole
Marc Paisin
Herman D. Papa
Basil Plastiras
Marco Quozzo
Steven Rosenberg
Jeffrey A. Ross
Alan R. Rothstein
Stephen B. Ruben
Cheryl A. Sena
Malcolm Sher
Elizabeth H. Shwiff
Arthur R. Siegel
Carol Ruth Silver
Teri H. Sklar
Roger W. Sleight
Yaroslav Sochynsky
Jason H. Stein
Michael J. Timpane
Elizabeth A. Tippin
Charles A. Tiroy
Claudia M. Viera
Gregory D. Walker
Albert B. Wenzell, Jr.
Arne Werchick
Andrew R. Wiener
Joel Zebrack

MEDIATOR BIOGRAPHIES & PHOTOGRAPHS: WWW.SFBAR.ORG/MEDIATION

2/07

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask experienced BASF staff to suggest a mediator, request three biographies to choose from, or choose a particular mediator from our Web site. To use a BASF mediator, a simple Consent to Mediate form, with the administrative fee, is sent to BASF.

## Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## Areas of Experience

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Fee Disputes
Financial
Gay/Lesbian/Bisexual Issues
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
Malpractice:
Legal-Medical-Profession
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues

**WWW.SFBAR.ORG/MEDIATION**

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

ADR-1  1/06  (bc)

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

ADR-1  1/06  (bc)

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

ADR-1  1/06  (bc)

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

ADR-1  1/06 (bc)

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-1  1/06 (bc)

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

ADR-1  1/06  (bc)

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐ **Private Mediation**          ☐ **Mediation Services of BASF** ☐ **Judicial Mediation**
☐ **Binding arbitration**                                                        Judge _____
☐ **Non-binding judicial arbitration**                                  Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

_____        _____        _____
Name of Party Stipulating                        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant                              Dated: _____

_____        _____        _____
Name of Party Stipulating                        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant                              Dated: _____

_____        _____        _____
Name of Party Stipulating                        Name of Party or Attorney Executing Stipulation        Signature of Party or Attorney

☐ Plaintiff    ☐ Defendant    ☐ Cross-defendant                              Dated: _____

☐ *Additional signature(s) attached*

ADR-2  3/06                         **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address).* | **CM-110** |
| | *FOR COURT USE ONLY* |

TELEPHONE NO.:             FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** *(Amount demanded exceeds $25,000)*    ☐ **LIMITED CASE** *(Amount demanded is $25,000 or less)* | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:          Time:        Dept:       Div.:       Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007] | Page 1 of 4 |
| **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: | CM-110 |
|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CM-110<br><br>CASE NUMBER: |

**10. d.** The party or parties are willing to participate in *(check all that apply):*
  (1) ☐ Mediation
  (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
  (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
  (4) ☐ Binding judicial arbitration
  (5) ☐ Binding private arbitration
  (6) ☐ Neutral case evaluation
  (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**14. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | | CM-110 |
|---|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

    ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

*EXHIBIT B*

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
UGS Corporation and DOES 1 through 100, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Vanessa Flint, Individually and On Behalf of All Others Similarly
Situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER:
(Número del Caso):
CGC 07-465695

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Miranda Kolbe, Schubert & Reed, LLP, 3 Embarcadero Center, Suite 1650, San Francisco, CA 94111,
Tel: 415-788-4220 Fax: 415-788-0161

DATE: AUG 0 1 2007          Gordon Park-Li          Clerk, by _____ Deborah Steppe _____ , Deputy
(Fecha)                                              (Secretario)                                          (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): UGS Corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☒ by personal delivery on (date): 8-9-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*EXHIBIT C*

6 of 30 DOCUMENTS

Copyright 2007 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlement Reports

*2007 Mealey's Jury Verdicts & Settlements 255*

**HEADLINE:** Parties Settle California Class Action On Unpaid Overtime Claims For Up To $13.6 Million

**Case Name:** Behzad Mousai v. E-Loan Inc., et al.

**Case Number:** 3: 06-cv-01993-SI

**Court:** N.D. Calif.

**Judge:** Susan Illston

**Verdict/Settlement (breakdown):** Settlement of up to $13.6 million (not exceeding $60,000 to claims administrator, a service award of $20,000 to Behzad Mousai, tolling awards in the amount of $1,000 to each of the 42 class members, $3.4 million to class counsel and the balance distributed to each class member)

**Plaintiff(s):** Behzad Mousai, individually and on behalf of others similarly situated

**Defendant(s):** E-Loan Inc. and Does 1-10, inclusive

**Date:** Jan. 11, 2007

**Claim:** Violations of the California Labor Code, relevant Wage Order of the California Industrial Welfare Commission, the federal Fair Labor Standards Act and the California unfair competition law, Business and Professions Code Section 17200, et seq.

**Defense:** Any liability or wrongdoing denied. E-Loan has fully complied with the laws.

**Background:** Behzad Mousai, individually and on behalf of others similarly situated, sued E-Loan Inc. and Does 1-10, inclusive, in the Alameda County, Calif., Superior Court, alleging that E-Loan violated the California Labor Code, relevant Wage Order of the California Industrial Welfare Commission, the federal Fair Labor Standards Act and the California Unfair Competition Law by misclassifying class members as exempt employees and failing to pay them overtime wages. Mousai also alleges that the defendant failed to pay employees overtime wages owed to them at the time their employment ended with E-Loan and failed to provide required meal periods. E-Loan also allegedly failed to furnish employees with timely and accurate wage statements showing the number of hours worked per pay period. The case was removed to the U.S. District Court for the Northern District of California on March 15, 2006.

**Other:** The judge granted preliminary approval of the settlement on Jan. 12, 2007, certifying that the settlement class consists of "all mortgage loan consultants employed by E-Loan in California at any time from Dec. 23, 2001, through June 30, 2006, including, but not limited to, the job titles of Loan Consultant First Mortgage, Loan Consultant First Mortgage Core, Loan Consultant First Mortgage Affinity, Loan Consultant First Mortgage Relocation, Loan Consultant First Mortgage Pre-Approval, Loan Consultant First Mortgage Alternative Lending, Loan Consultant Home Equity Line of Credit, Loan Consultant Pre Approval, Loan Consultant Prime, Loan Consultant Zip Realty, Loan Consultant Alternative Lending and Loan Consultant Affinity." A final settlement hearing will take place on May 30, 2007.

**Plaintiff Attorneys:** Roberta L. Steele, Laura L. Ho and Jessica Beckett-McWalter, Goldstein, Demchak, Baller, Borgen & Dardarian, Oakland, Calif.

**Defense Attorneys:** Eileen R. Ridley, Nina Kani and Ellen Kerns, Foley & Lardner, San Francisco

**Key Related Documents:** Motion to preliminarily approve settlement available. Document #99-070312-013M.
Order preliminarily approving settlement and certifying class available. Document #99-070312-014R.
Notice of settlement available. Document #99-070312-015P.
Stipulation of settlement (exhibit) available. Document #99-070312-016P.
Claim form available. Document #99-070312-017X.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a
Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 3/14/2007

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
VANESSA FLINT

## DEFENDANTS
UGS CORPORATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert C. Schubert (SBN 62684)
Schubert & Reed LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

ATTORNEYS (IF KNOWN)
Mitchell F. Boomer (121441); JoAnna L. Brooks (182986); Dylan B. Carp (196846)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
415-394-9400

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 OtherPersonalInjury

**PERSONAL INJURY**
- [ ] 362 Personal Injury Med Malpractice
- [ ] 365 Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 Amer w/ disab - Empl
- [ ] 446 Amer w/ disab - Other

### PRISONER PETITIONS
- [ ] 510 Motion to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt Relations
- [ ] 730 Labor/Mgmt Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [X] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (US Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. Section 1441(a) & (b).

## VII. REQUESTED IN COMPLAINT:
[X] CHECK IF THIS IS A CLASS ACTION   DEMAND $ _____   CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23   JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AN "X" IN ONE BOX ONLY)   [X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE September 7, 2007        SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

## *CERTIFICATE OF SERVICE*

**CASE:**    Vanessa Flint v. UGS Corporation
**CASE NO.:** USDC-NDCA C̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶ ̶
**CLIENT:**

    I, Linda A. Moore, declare that I am employed with the law firm of Jackson, Lewis, whose address is 199 Fremont Street, 10th Floor, San Francisco, California, 94105; I am over the age of eighteen (18) years and am not a party to this action.

    On September 7, 2007, I served the attached document(s):

**CIVIL CASE COVER SHEET**

in this action by placing true and correct copies thereof, enclosed in sealed envelope(s) addressed as follows:

Robert C. Schubert                           *Counsel for Plaintiff*
Juden Justice Reed
Miranda P. Kolbe
Schubert & Reed LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA  94111

[X]    <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]    <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by hand to the above address.

[ ]    <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]    <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to the telephone number(s) indicated above.

1

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 7, 2007, at San Francisco, California.

Linda A. Moore
Linda A. Moore

2

RECEIVED

2007 SEP -7 P 5: 22

RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

1  MITCHELL F. BOOMER (SBN 121441)
2  JoANNA L. BROOKS (SBN 182986)
   DYLAN B. CARP (SBN 196846)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA 94105
4  Telephone   415.394.9400
   Facsimile:   415.394.9401
5
   Attorneys for Defendant
6  SIEMENS PRODUCT LIFECYCLE
   MANAGEMENT SOFTWARE INC.
7  (formerly known as UGS CORP.)

8

9          IN THE UNITED STATES DISTRICT COURT FOR THE

10              NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO/OAKLAND DIVISION

12  VANESSA FLINT, Individually and On      Case No.
    Behalf of All Others Similarly Situated,
13                                          **NOTICE OF REMOVAL TO**
           Plaintiffs,                      **FEDERAL COURT**
14
       v.                                   **[28 U.S.C. Section 1441(a) and (b);**
15                                          **Diversity of Citizenship**
    UGS CORPORATION and DOES 1              **Jurisdiction]**
16  through 100, inclusive,
17         Defendants.

18

19

20

21

22

23

24

25

26

27

28

                                    1
NOTICE OF REMOVAL TO FEDERAL COURT                          Case No.

**COPY**

E-filing

**ORIGINAL**
**FILED**

SEP - 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**COPY**

1   MITCHELL F. BOOMER (SBN 121441)
    JoANNA L. BROOKS (SBN 182986)
2   DYLAN B. CARP (SBN 196846)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA  94105
4   Telephone   415.394.9400
    Facsimile:   415.394.9401
5
    Attorneys for Defendant
6   SIEMENS PRODUCT LIFECYCLE
    MANAGEMENT SOFTWARE INC.
7   (formerly known as UGS CORP.)
8
               IN THE UNITED STATES DISTRICT COURT FOR THE
9
                     NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO/OAKLAND DIVISION
11
12   VANESSA FLINT, Individually and On     Case No.
     Behalf of All Others Similarly Situated,
13                                          **NOTICE OF REMOVAL TO
                 Plaintiffs,               FEDERAL COURT**
14
            v.                             **[28 U.S.C. Section 1441(a) and (b);
15                                         Diversity of Citizenship
     UGS CORPORATION and DOES 1            Jurisdiction]**
16   through 100, inclusive,
17               Defendants.
18
19
20
21
22
23
24
25
26
27
28

                                      1

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2  COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF

3  VANESSA FLINT, AND TO HER ATTORNEYS OF RECORD:

4       PLEASE TAKE NOTICE that Defendant Siemens Product Lifecycle

5  Management Software Inc., erroneously named as UGS Corporation, ("Siemens")

6  hereby removes to this Court the state court action described below.

7      1.    On August 1, 2007 an action was commenced in the Superior Court of

8  the State of California in and for the County of San Francisco, entitled <u>Vanessa</u>

9  <u>Flint, Individually and On Behalf of All Others Similarly Situated, Plaintiff, v.</u>

10  <u>UGS Corporation and Does 1 through 100, inclusive, Defendants</u>, as Case No.

11  CGC-07-465695.  A true and correct copy of the first amended complaint

12  ("complaint") is attached as Exhibit A.

13      2.    Siemens was personally served with a copy of the complaint and a

14  summons from the state court on August 9, 2007.  A true and correct copy of the

15  summons is attached as Exhibit B.

16      3.    This action is a civil action of which this Court has original

17  jurisdiction under 28 U.S.C. Sec. 1331, and is one that may be removed to this

18  Court by Siemens pursuant to 28 U.S.C. Section 1441(a) and (b) in that it is a civil

19  action between citizens of different states and the matter in controversy exceeds

20  the sum of $75,000, exclusive of interest and costs.

21  MATTER IN CONTROVERSY

22      4.    The matter in controversy exceeds the sum of $75,000, exclusive of

23  interest and costs, for the following reasons:

24      5.    The complaint is pleaded as a putative class action by which Plaintiff

25  seeks to represent "All persons who, from August 1, 2003 up to the time of

26  judgment, are or were: (1) employed and/or worked as salaried Technical Writers

27  for Defendants in California and (2) are or were classified as exempt employees

28  and were not paid overtime."

2

6.     Without conceding that Plaintiff or the purported class is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy for Plaintiff in this action is more likely than not to exceed $75,000.

7.     Plaintiff seeks unpaid overtime wages pursuant to Cal. Labor Code Sections 510 and 1198. (Complaint, ¶¶ 39-45.) Assuming for purposes of this analysis only that Plaintiff's annual salary is $86,000, that she worked five days per week during the alleged liability period for the equivalent "hourly rate" of $41 per hour, that she began working as a technical writer on April 8, 2005 and worked two hours of overtime per week during the alleged liability period (assuming judgment is entered on April 8, 2009) for which she did not receive overtime compensation, then the amount in controversy for these alleged unpaid wages is approximately $25,584.00 (52 weeks per year x 4 years x 2 hours of overtime at the rate of $61.50 per hour ($41 x 1.5).

8.     Plaintiff also seeks two additional hours of pay for each day of work during the alleged liability period on which Siemens allegedly failed to provide her both a meal and rest period pursuant to Cal. Labor Code Section 226.7. (Complaint, ¶¶ 46-52.) Assuming for purposes of this analysis only that her annual salary is $86,000, that she worked five days per week during the alleged liability period for the equivalent "hourly rate" of $41, that she began working as a technical writer on April 8, 2005, that judgment will be entered on April 8, 2009, that Plaintiff will continue as a technical writer until that date, and that she had a missed meal and rest break each day, then the amount in controversy for this allegation is approximately $85,280 (260 days/year x 4 years x 2 hours of wages at $41 per hour).

9.     Plaintiff also seeks penalties for failure to keep records of hours worked under Cal. Labor Code Section 226(e). (Complaint, ¶¶ 53-57.) Assuming for purposes of this analysis only that she began working as a technical writer on April 8, 2005, that judgment will be entered on April 8, 2009, that Plaintiff will

3

continue as a technical writer until that date, then the amount in controversy for this allegation is approximately the maximum aggregate penalty of $4,000.

10.    Plaintiff also seeks penalties pursuant to Cal. Labor Code Sections 2698 et seq. in the amount of $100.00 for each pay period for each initial Labor Code violation and $200.00 for each pay period for each subsequent violation during the period August 1, 2006 through August 6, 2007. (Complaint, ¶¶ 62-72.) Assuming for purposes of this analysis only that she worked five days per week throughout the alleged liability period, that there is one Labor Code violation each pay period, and that there are two pay periods per month, then the amount in controversy for this allegation is approximately $4,800 ($200.00 x 2 pay periods per month x 12 months).

11.    Plaintiff also seeks an unspecified amount of attorney's fees pursuant to statute. (Complaint, ¶¶ 45, 52, 57, 61, & 72.) "Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract." *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1034 (N.D. Cal. 2002) (quoting *Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1155-56 (9th Cir. 1998)). Plaintiff alleges that attorney's fees are recoverable by statute in this action. (Complaint, ¶¶ 45, 52, 57, 61, & 72) (citing Cal. Labor Code Sections 218.5 and 1194 and Cal. Code of Civil Procedure Section 1021.5.) It is more likely than not that the amount of attorney's fees in controversy exceeds $75,000. Attorney's fees accrue until the action is resolved for the purpose of the amount in controversy requirement. *Simmons*, 209 F. Supp.2d at 1034. Attorney's fees are divided among all members of the class for the purpose of calculating the amount in controversy for diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-43 (9th Cir. 2001). To establish probable recovery, a removing defendant may introduce evidence of judgments in cases involving analogous facts. *Id.* at 1033. Attached as Exhibit C is a class action settlement entered within the last year involving overtime and missed meal and rest breaks, *Mousai v. E-Loan*, N.D.

4

1    Cal. Case No. 3:06-cv-01993-SI. Pro rata attorney's fees awarded in that action

2    were $80,952 ($3.4 million in attorney's fees for representing 42 class members).

3        12.    For the purpose of determining the amount in controversy requirement,

4    the amount in controversy for the putative class members is irrelevant, and this

5    Court may exercise pendant jurisdiction over the putative class members. *Exxon*

6    *Mobil Corp. v. Allapattah Services*, 545 U.S. 546, 566-67 (2005).

7                    <u>DIVERSITY OF CITIZENSHIP</u>

8        13.    This action is between citizens of different states, in that Siemens is

9    informed and believes that Plaintiff Vanessa Flint ("Flint") was at the time the

10   action was commenced, and still is, a citizen of the State of California.

11       14.    Siemens was at the time the action was commenced, and still is, a

12   citizen of the State of Delaware under 28 U.S.C. Section 1332(c), in that it was

13   and is incorporated under the laws of the State of Delaware.

14       15.    In addition, Siemens was at the time the action was commenced, and

15   still is, a citizen of the State of Texas under 28 U.S.C. Section 1332(c), in that its

16   principal place of business was and is the State of Texas. Siemens's headquarters

17   are in Plano, Texas, which is where all of Siemens's U.S. executives who report

18   directly to Siemens's Chief Executive Officer are located. Further, no single state

19   contains a substantial predominance of Siemens's business activities. Siemens is

20   in the business of designing and selling computer aided design software. The

21   State of Ohio has the most Siemens employees in the U.S. The State of Michigan

22   has the second most. The State of California has the third most. Siemens's sales

23   representatives are located throughout the majority of the 50 states, with the

24   majority located outside the State of California. Siemens's purchasing operations

25   are based in the State of Missouri. Because no single state contains a substantial

26   predominance of corporate operations, Siemens's principal place of business is the

27   location of its headquarters, which is the State of Texas. *Industrial Tectonics v.*

28   *Aero Alloy*, 912 F.2d 1090, 1092-94 (9th Cir. 1990).

5

1    16.    The presence of doe defendants has no bearing on diversity with

2    respect to removal.  28 U.S.C. Section 1441(a).

3

4                                        JACKSON LEWIS LLP

5

6    Dated: September 7, 2007        By: *JoAnna L. Brooks*
                                          Mitchell F. Boomer
7                                         JoAnna L. Brooks
                                          Dylan B. Carp
8                                         Attorneys for Defendant
                                          SIEMENS PRODUCT
9                                         LIFECYCLE MANAGEMENT
                                          SOFTWARE INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT                          Case No.

1

## *CERTIFICATE OF SERVICE*

2

3  **CASE:**    Vanessa Flint v. UGS Corporation
   **CASE NO.:** USDC-NDCA
4  **CLIENT:**

5

6        I, Linda A. Moore, declare that I am employed with the law firm of Jackson,

7  Lewis, whose address is 199 Fremont Street, 10th Floor, San Francisco, California,

8  94105; I am over the age of eighteen (18) years and am not a party to this action.

9        On September 7, 2007, I served the attached document(s):

10            **NOTICE OF REMOVAL TO FEDERAL COURT**

11  in this action by placing true and correct copies thereof, enclosed in sealed

12  envelope(s) addressed as follows:

13  Robert C. Schubert                      *Counsel for Plaintiff*
    Juden Justice Reed
14  Miranda P. Kolbe
    Schubert & Reed LLP
15  Three Embarcadero Center, Suite 1650
    San Francisco, CA  94111
16

17

18  [X]    BY MAIL:  United States Postal Service by placing sealed envelopes with
           the postage thereon fully prepaid, placed for collection and mailing on this
19         date, following ordinary business practices, in the United States mail at San
           Francisco, California.
20
    [ ]    BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand
21         to the above address.

22  [ ]    BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to
           the above address within 24 hours by overnight delivery service.
23
    [ ]    BY FACSIMILE:  I caused such documents to be transmitted by facsimile to
24         the telephone number(s) indicated above.

25

26

27

28

1

1

2      I declare that I am employed in the office of a member of the bar of this

3  Court at whose direction the service was made.

4      Executed on September 7, 2007, at San Francisco, California.

5

6                                    _Linda A. Moore_
                                    _____
7                                    Linda A. Moore

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT                    Case No. CGC-07-465695

*EXHIBIT A*

ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
MIRANDA P. KOLBE S.B.N. 214392
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220



*Counsel for Plaintiff*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> UGS CORPORATION and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.  CGC-07-465695 <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR: (1) VIOLATION OF LABOR CODE § 510; (2) VIOLATION OF CALIFORNIA LABOR CODE § 226.7; (3) VIOLATION OF CALIFORNIA LABOR CODE §§ 226; (4) LABOR CODE PRIVATE ATTORNEYS GENERAL ACT, LABOR CODE §§ 2698 ET SEQ.; (5) VIOLATION OF BUS. & PROF. CODE §§ 17200 ET SEQ.; AND (6) ACCOUNTING** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Vanessa Flint ("Plaintiff") brings this action against UGS Corporation ("UGS") and Does 1-100 (collectively, "Defendants"), on behalf of herself and all others similarly situated, upon information and belief, except as to her own actions, the investigation of her counsel. and the facts that are a matter of public record, as follows:

## SUMMARY OF CLAIMS

1.     Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking unpaid overtime compensation and interest thereon, wages due for failure to provide rest breaks and

1.

1    meal periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under

2    Labor Code §§ 218.5, 226. 226.7, 510. 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ.

3    Proc. § 1021.5 on behalf of herself and all other persons who are or have been employed by

4    Defendants in the State of California at any time after August 1, 2003, as "Technical Writers," as

5    further defined in paragraph 7 below. Plaintiff, on behalf or herself and the Class Members also

6    seeks to recover penalties authorized by Labor Code §§ 2698 and 2699 (the Labor Code Private

7    Attorneys General Act of 2004), and seeks injunctive relief and restitution of all benefits Defendants

8    have enjoyed from their failure to pay overtime compensation under Business and Professions Code

9    §§ 17200 et seq.

10

### THE PARTIES

11    1.    Plaintiff Vanessa Flint is a resident of California, who was employed by UGS in

12    California as a Technical Writer during the Class Period.

13    2.    UGS is a corporation organized under the laws of Delaware and has its principal place

14    of business in Plano, Texas. UGS is qualified to and doing business in the State of California. UGS

15    is a computer software company specializing in 3D and Product Lifecycle Management (PLM)

16    software.

17    3.    UGS is. and at all times was, an employer under California law and applicable Industrial

18    Welfare Commission ("IWC") Orders.

19    4.    The true names and capacities (whether individual, corporate, associate, or otherwise) of

20    Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who sues

21    said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that

22    each of the Defendants fictitiously named herein is legally responsible in some actionable manner

23    for the events described herein. and thereby proximately caused the damage to Plaintiff and the

24    members of the Class. Plaintiff will seek leave of Court to amend this Complaint to state the true

25    name(s) and capacities of such fictitiously named Defendants when the same have been ascertained.

26    5.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

27    each defendant aided and abetted, and acted in concert with and/or conspired with each and every

28    other defendant to commit the acts complained of herein and to engage in a course of conduct and

the business practices complained of herein.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2.

STUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## JURISDICTION

6.    This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid overtime wages pursuant to Labor Code §§ 510 and 1194, for wages for Defendants' unlawful denial of meal and rest periods under Labor Code §§ 226.7 and 512, and penalties for failure to provide itemized statements of hours worked and all applicable hourly rates pursuant to Labor Code § 226. This Court also has jurisdiction over Plaintiff's and Class Members' claims for injunctive relief and restitution arising from Defendants' unlawful business practices under Business & Professions Code §§ 17200 et seq. This Court also has jurisdiction over Plaintiff's and the Technical Writers' claims under Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004).

## SUBSTANTIVE ALLEGATIONS

7.    Technical Writers are current or former employees of Defendants in California whose primary job responsibility is to write or edit documents for end-users, installers, administrators and customers of Defendants' products, including employees who write courseware for Defendants' customers. Technical Writers are classified by Defendants as Applications Engineers.

8.    Technical Writers do not have management responsibilities. They do not customarily and regularly direct the work of two or more other employees. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations. Were they to make such recommendations, the recommendations would not be given any particular weight because of their status as Technical Writers.

9.    Technical Writers do not have duties directly related to the creation or implementation of management policies, or to the general business operations of Defendants.

10.    Technical Writers do not require a license or certification from the State of California or any other governmental entity in order to perform their jobs.

11.    Technical Writers do not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

12.    The majority of Technical Writers employed by Defendants during the Class Period did not have an advanced degree beyond a bachelor's degree.

3.

13.    Defendants did not require that Technical Writers have an advanced degree beyond a bachelor's degree during the Class Period.

14.    Technical Writers do not perform work that is original and creative in character.

15.    Technical Writers do not customarily and regularly exercise discretion and independent judgment. Rather, they follow strict instructions, and they rely on their general intellectual ability and training to perform their work.

16.    Technical Writers are or were salaried employees.

17.    Technical Writers' regular hourly rate of pay is less than $49.77.

18.    Technical Writers regularly work or worked more than eight hours a day and forty hours in a workweek.

19.    Technical Writers have worked on weekends and occasionally on national holidays without being paid any overtime compensation for such work.

20.    During the Class Period, Defendants were aware of the duties performed by Plaintiff and the Class Members. Defendants also were aware that the duties of Plaintiff and the Class Members were inconsistent with exempt status, and that such persons were and are not exempt from California's laws and regulations governing overtime compensation.

21.    Nevertheless, during the Class Period, Defendants have knowingly failed to compensate Plaintiff and the Class Members for work that they performed in excess of forty (40) hours per week or eight (8) hours per day, as required by California Labor Code § 510 and IWC Wage Order 4-2001.

22.    Defendants have also failed to provide Plaintiff and Class Members with semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226 and IWC Wage Order 4-2001. Defendants have also failed to provide or require the use, maintenance or submission of time records by Plaintiff and the Class Members as required by California Labor Code § 1174(d). As a result, Defendants have not only failed to pay Class Members the full amount of compensation due, they have also shielded themselves from scrutiny by the Class Members by concealing the magnitude (the full number of hours worked) and the financial impact of their wrongdoing.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

4.

23.    In failing to properly compensate Plaintiff and the Class Members for overtime hours worked, Defendants acted maliciously, oppressively, and/or fraudulently, and such despicable conduct designed to maximize the Defendants' economic gain was carried out with the wrongful intention of causing injury to Plaintiff and the Class Members, in willful and conscious disregard of the rights of Plaintiff and the Class Members as established by California law and applicable regulations.

24.    Defendants have also consistently and unlawfully denied meal and rest periods to Plaintiff and the Class Members as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001 during the Class Period.

25.    Defendants have also violated California Labor Code § 552 by causing Class Members to work seven days a week during the Class Period.

26. .  The harm caused by Defendants' wrongful actions grossly outweighs any benefit that could be attributed to it.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff bring this action as a class action pursuant to Code of Civil Procedure Section 382 on behalf of herself and the following Class Members:

> All persons who, from August 1, 2003 up to the time of judgment. are or were (1) employed and/or worked as salaried Technical Writers for Defendants in California and (2) are or were classified as exempt employees and were not paid overtime. Excluded from the Class are Defendants, their officers and directors.

28.    The period between August 1, 2003 and the date of trial or final resolution of this matter is referred to herein as the "Class Period."

29.    The Class Members are similarly situated to Plaintiff and to each other, because they all perform similar duties and assignments, and all have been subject to Defendants' common policy and practice of classifying all Technical Writers as exempt from the California overtime laws – while at the same time being assigned to duties inconsistent with exempt status. Like Plaintiff, no member of the Class has been paid overtime compensation in accordance with the California laws identified herein.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

30. Furthermore, the Class Members were all subject to the same unlawful policy or plan of Defendants as Plaintiff, under which they were classified as exempt from the California overtime laws. Any differences which exist in the job duties of the Technical Writers are not material to their right to overtime compensation pursuant to the California overtime laws.

31. Plaintiff is currently unaware of the identities of all the Class Members. On information and belief, at least fifty but less than one hundred persons have worked for Defendants as Technical Writers in California during the Class Period and would therefore be members of the Class. For this reason, joinder of all members of the Class would be impracticable.

32. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including:

a. Whether the duties of Technical Writers are inconsistent with exempt status under California law;

b. whether Defendants violated Labor Code § 510 and/or IWC Wage Order 4-2001 by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

c. Whether Defendants violated Labor Code §§ 226.7 and 512 and/or IWC Wage Order 4-2001 by failing to consistently provide meal and/or rest periods to Technical Writers.

d. Whether Defendants violated Labor Code § 226 and 1174 and/or IWC Wage Order 4-2001 by failing to keep adequate records of hours worked by Plaintiff and Class Members;

e. Whether Defendants violated California Labor Code § 552 and/or IWC Wage Order 4-2001 by causing Class Members to work more than six days in seven.

f. Whether, by the misconduct alleged herein, Defendants have engaged in unfair and/or unlawful business practices; and

g. Whether, as a result of Defendants' misconduct, Plaintiff and the Class Members are entitled to wages, statutory and other penalties, damages, punitive damages, an accounting and restitution, and injunctive, equitable and other relief.

33. Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members were subjected to and harmed by Defendants' uniform policy of misclassifying Technical Writers as exempt from overtime compensation in order to avoid having to pay overtime as required

6.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

by California law. Any differences between individual Class Members' job duties are immaterial to the question of whether Technical Writers were or were not correctly classified as exempt under California law. Plaintiff is subject to no unique defenses, as Defendants' policies were uniform throughout California.

34.    Plaintiff will fairly and adequately protect the interests of the Class and has retained attorneys experienced in class and employment litigation.

35.    Questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members. All of the facts material to resolving the common legal question of whether exemption from the California overtime laws is appropriate are common to all Class Members. Facts not common to the Class Members are not material to resolving the common legal question of whether Defendants' exempt classification of the Class Members is legally correct. A class action is therefore superior to other available methods for the fair and efficient adjudication of this controversy. A class action is also superior to other available methods for the fair and efficient adjudication for the following reasons:

a.    it is economically impractical for Class Members to prosecute individual actions;

b.    the Class Members are readily identifiable;

c.    prosecution as a class action will eliminate the possibility of repetitious litigation; and

d.    a class action will enable claims to be handled in an orderly and expeditious manner; a class action will save time and expense and will ensure uniformity of decisions.

36.    The prosecution of separate actions against Defendants under California law would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for the Defendants. In addition, adjudications with respect to individual Class Members could as a practical matter be dispositive of the interests of the other Class Members not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

37.    Plaintiff does not anticipate any difficulty in the management of this litigation.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

7.

# PRIVATE ATTORNEY GENERAL ALLEGATIONS

38.   In addition to asserting class action claims, Plaintiff asserts claims as a private attorney general on behalf of all current and former Technical Writers employed by Defendants during the period August 1, 2006 through the present pursuant to Labor Code §§2698 et seq.  Defendants have violated various provisions of the Labor Code as alleged herein, and thereby caused harm to all current and former Technical Writers.  For each such violation, Defendants owe statutory penalties to be assessed by the Court.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
## VIOLATION OF LABOR CODE § 510 AND IWC WAGE ORDER 4-2001

39.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

40.   By their conduct, as set forth herein, Defendants violated California Labor Code § 510, 1198 and IWC Wage Order 4-2001 by failing to pay Plaintiff and the Class: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a work-day or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve hours in any one day or for hours worked in excess of eight hours on any seventh day of work in a workweek during the Class Period.

41.   Defendants' violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001 were repeated, willful and intentional.

42.   Plaintiff and the Class members have been damaged by said violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001.

43.   Pursuant to California Labor Code § 1194, Defendants are liable to Plaintiff and the Class Members for the full amount of all their unpaid overtime compensation with interest thereon, plus reasonable attorneys' fees and costs.

44.   Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California overtime laws constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

8.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

45.  Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST BREAKS
### VIOLATION OF CALIFORNIA LABOR CODE § 226.7
### AND IWC WAGE ORDER 4-2001

46.  Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

47.  Defendants have failed to provide Plaintiff and Class Members with a rest break of ten (10) consecutive minutes for each four (4) hour period worked throughout the Class Period.

48.  Defendants have failed to provide Plaintiff and Class Members with a meal break of at least thirty (30) minutes for each five (5) hour period worked throughout the Class Period.

49.  Plaintiff and the Class Members are entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided.

50.  Plaintiff and the Class Members are also entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a meal break was not provided.

51.  Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California laws requiring employers to provide meal and rest breaks constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class Members are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

52.  Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

### THIRD CAUSE OF ACTION
### FAILURE TO KEEP RECORDS OF HOURS WORKED
### VIOLATION OF CALIFORNIA LABOR CODE §§ 226
### AND IWC WAGE ORDER 4-2001

53.  Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all preceding paragraphs.

54.  Defendants have failed to furnish Plaintiff and Class Members, semimonthly or at the time of each payment of wages, an accurate, itemized statement in writing showing gross and net

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

9.

1  wages earned, total hours worked and the applicable hourly rates in effect and the corresponding

2  number of hours worked at each hourly rate during the Class Period.

3      55.    Defendants' failure was knowing and intentional.

4      56.    Defendants' failure has injured Plaintiff and Class Members by depriving them of hour,

5  wage and earnings information to which they are entitled. causing them difficulty and expense in

6  attempting to reconstruct time and pay records. not to be paid wages to which they are entitled, to

7  rely on inaccurate earnings statements in dealings with third parties, to be unable to exercise their

8  right under Labor Code § 226(b) to review itemized wage statement information, and to be deceived

9  regarding their entitlement to overtime and meal and rest period wages.

10     57.    Plaintiff and Class Members seek actual damages, penalties, attorneys' fees and costs

11  pursuant to Labor Code § 226(e), and injunctive relief and attorneys' fees and costs pursuant to

12  Labor Code § 226(g).

13                        **FOURTH CAUSE OF ACTION**
14     **UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES IN**
        **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET. SEQ._**

15     58.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully

16  herein.

17     59.    Defendants have engaged in unfair. unlawful. and fraudulent business practices as set

18  forth above during the Class Period.

19     60.    By engaging in the above-described acts and practices. Defendants have committed one

20  or more acts of unfair competition within the meaning of Bus. & Prof. Code §§17200, _et seq._

21     61.    Plaintiff, on behalf of herself and the Class Members, seeks an order of this Court

22  awarding restitution, injunctive relief and all other relief allowed under Bus. & Prof. Code §§17200

23  _et seq._, plus interest, attorneys' fees and costs pursuant to, _inter alia_, Code of Civ. Proc. §1021.5.

24                        **FIFTH CAUSE OF ACTION**
25           **LABOR CODE PRIVATE ATTORNEYS GENERAL ACT**
                   **LABOR CODE §§ 2698 _ET SEQ._**

26     62.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully

27  herein.

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

63.    Plaintiff is an aggrieved employee within the meaning of Labor Code § 2699 and brings this claim on behalf of herself and other current or former employees of UGS who were employed as Technical Writers during the period August 1, 2006 through the present.

64.    Plaintiff has given written notice by certified mail to the Labor and Workforce Development Agency and UGS of the specific provisions of the Labor Code that UGS is alleged to have been violated, including the facts and theories to support the alleged violation. A copy of this notice is attached hereto as Exhibit A.

65.    Defendants have violated Labor Code § 510 and/or related IWC Wage Orders by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

66.    Defendants have violated Labor Code §§ 226.7 and 512 and related IWC Wage Orders by failing to consistently provide meal and/or rest periods to Technical Writers.

67.    Defendants have violated Labor Code § 226 and 1174 and/or related IWC Wage Orders by failing to keep adequate records of hours worked by Technical Writers.

68.    Defendants have violated IWC Wage Order 4-2001 by failing to maintain adequate records of Technical Writers' meal periods.

69.    Defendants have violated California Labor Code § 552 and/or related IWC Wage Orders by causing Technical Writers to work more than six days in seven.

70.    Defendants' conduct as set forth herein has caused injury to the Technical Writers.

71    For each such violation, Plaintiff seeks civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation or such other civil penalties as are permitted by law.

72.    Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g).

## SIXTH CAUSE OF ACTION
## ACCOUNTING

73.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

11.

74.    As alleged above Plaintiff and the Class Members are owed wages which equal the sum of overtime compensation not paid by Defendants to them, plus one additional hour of pay at their regular rate of compensation for each work today they were not provided a meal as provided by law, plus one additional hour of pay for each work day they were not provided a rest period as provided by law, statutory interest on such compensation, plus civil penalties.

75.    Plaintiff does not know the precise amount of compensation due to Plaintiff and each Class Member or the precise amount of penalties due.

76.    Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of compensation due and owing to Plaintiff and each Class Member can be determined.

77.    Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of penalties due and owing to Plaintiff and each Class Member can be determined.

78.    Because it is impossible for the Plaintiff to determine the exact amount of money due to Plaintiff and the Class Members without a detailed review of Defendants' books and records and/or discovery in this action, Plaintiff seeks, among other things, an accounting of books and records in the possession of Defendants and/or the appointment of a receiver to determine the compensation owed to Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and as a private attorney general prays for judgment against Defendants as follows:

A.    An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class Members;

B.    A judgment awarding Plaintiff and the Class Members compensatory damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

C.    A judgment awarding Plaintiff and the Class Members wages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

12.

1    D.    A judgment awarding Plaintiff and the Class Members statutory penalties in an amount
2    to be proven at trial;

3    E.    An order requiring Defendants to immediately cease their wrongful conduct as set forth
4    above; enjoining Defendants from continuing to improperly classify Technical Writers as exempt
5    from California overtime regulations and failing to pay such employees overtime wages and wages
6    for meal and rest breaks;

7    F.    Restitution and disgorgement of all amounts obtained by Defendants as a result of their
8    misconduct, together with interest thereon from the date of payment, to Plaintiff and the Class
9    Members;

10    G.    An accounting of books and records in the possession of Defendants and/or the appoint-
11    ment of a receiver to determine the compensation and statutory penalties owed to Plaintiff and Class
12    members;

13    H.    Reasonable attorneys' fees and the costs of this action as permitted by law, including but
14    not limited to California Labor Code §§ 218.5, 226, 1194 and 2699 and Code of Civ. Proc. §1021.5;

15    I.    Punitive damages;

16    J.    Statutory pre-judgment interest; and

17    K.    Such other relief as this Court may deem just and proper.

### JURY DEMAND

19    Plaintiff demands a trial by jury on all causes of action so triable.

22    Dated: August 6, 2007

SCHUBERT & REED LLP
Three Embarcadero Center
Suite 1650
San Francisco, CA 94111

By: _____
Robert C. Schubert

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

13.

ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
MIRANDA KOLBE S.B.N. 214392
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Tel: (415) 788-4220
Fax: (415) 788-0161

FILED
San Francisco County

AUG - 6 2007

GORDON PARK-LI, Clerk
BY:_____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>     v.<br><br>UGS CORPORATION and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. CGC-07-465695<br><br>**DECLARATION OF ROBERT C. SCHUBERT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION**<br><br>Department:     304<br>Judge:       Hon. Richard Kramer |

I, Robert C. Schubert, declare as follows:

1.    I have personal knowledge of each of the facts stated herein and if called as a witness could and would competently testify thereto.

2.    I am an attorney at law duly licensed to practice in the State of California. I am a partner of Schubert & Reed LLP. My firm is counsel for the plaintiff in this action. I make this declaration in support of plaintiff's application for approval of complex litigation designation.

3.    On August 1, 2007, plaintiff Vanessa Flint ("Plaintiff") filed this class action on behalf of UGS Corporation's ("UGS") current and former employees in California whose primary job responsibility is to write or edit documents for end-users, installers, administrators and customers of UGS's products ("Technical Writers"). Plaintiff alleges that UGS has misclassified the Technical Writers as exempt from California's wage and hour laws and regulations during the period August 1, 2003 through the present (the "Class Period").

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1.

1      4.     On August 6, 2007, Plaintiff filed an amended class and representative action

2  complaint ("Amended Complaint").  A copy of the Amended Complaint is attached hereto as

3  Exhibit A.

4      5.     Plaintiff designated the case as complex on the civil case cover sheet and paid the

5  requisite complex litigation fee.  A copy of the civil case cover sheet is attached hereto as Exhibit B.

6      6.     This action satisfies the statutory requirements for complex designation and should

7  therefore be transferred to the Complex Litigation Department for further proceedings.

8      7.     Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking

9  unpaid overtime compensation and interest thereon, wages due for failure to provide rest breaks and

10  meal periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under

11  Labor Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ.

12  Proc. § 1021.5.  Plaintiff also seeks injunctive relief and restitution of all benefits UGS has enjoyed

13  from its failure to pay overtime compensation under Business and Professions Code §§ 17200 et

14  seq.

15      8.     Plaintiff, on behalf or herself and the Technical Writers, has also brought a

16  representative claim to recover penalties authorized by Labor Code §§ 2698 and 2699 (the Labor

17  Code Private Attorneys General Act of 2004).

18      9.     I anticipate a large number of witnesses and a substantial amount of documentary

19  evidence will be required.  The case will also likely involve extensive motion practice, including a

20  motion for class certification and, potentially, a motion for summary adjudication on behalf of the

21  class.  Furthermore, because plaintiff requests injunctive relief, as well as restitution and damages,

22  substantial postjudgment judicial supervision may be required.

23      I declare under penalty of perjury under the laws of the State of California that the foregoing

24  is true and correct.  Executed this 6th day of August, 2007 in San Francisco, California.

25

26

27                                    Robert C. Schubert

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2.

**EXHIBIT A**

1    ROBERT C. SCHUBERT S.B.N. 62684
     JUDEN JUSTICE REED S.B.N. 153748
2    MIRANDA P. KOLBE S.B.N. 214392
     SCHUBERT & REED LLP
3    Three Embarcadero Center, Suite 1650
     San Francisco, California 94111
4    Telephone: (415) 788-4220

5    *Counsel for Plaintiff*

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 FOR THE CITY AND COUNTY OF SAN FRANCISCO

9

10   VANESSA FLINT, Individually and On Behalf      Case No. CGC-07-465695
     of All Others Similarly Situated,
11                                                   **CLASS ACTION**
                    Plaintiff,
12                                                   **FIRST AMENDED CLASS AND
             v.                                       REPRESENTATIVE ACTION
13                                                    COMPLAINT FOR: (1) VIOLATION OF
     UGS CORPORATION and DOES 1 through              LABOR CODE § 510; (2) VIOLATION OF
14   100, inclusive,                                 CALIFORNIA LABOR CODE § 226.7;
                                                     (3) VIOLATION OF CALIFORNIA
15                  Defendants.                      LABOR CODE §§ 226; (4) LABOR CODE
                                                     PRIVATE ATTORNEYS GENERAL ACT,
16                                                   LABOR CODE §§ 2698 ET SEQ.;
                                                     (5) VIOLATION OF BUS. & PROF. CODE
17                                                   §§ 17200 ET SEQ.; AND
                                                     (6) ACCOUNTING**
18
19                                                   **JURY TRIAL DEMANDED**
20
21
22
23        Plaintiff Vanessa Flint ("Plaintiff") brings this action against UGS Corporation ("UGS") and
24   Does 1-100 (collectively, "Defendants"), on behalf of herself and all others similarly situated, upon
25   information and belief, except as to her own actions, the investigation of her counsel, and the facts
26   that are a matter of public record, as follows:
27
                               **SUMMARY OF CLAIMS**
28
          1.    Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking
     unpaid overtime compensation and interest thereon, wages due for failure to provide rest breaks and

                                              1.

1  meal periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under

2  Labor Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ.

3  Proc. § 1021.5 on behalf of herself and all other persons who are or have been employed by

4  Defendants in the State of California at any time after August 1, 2003, as "Technical Writers," as

5  further defined in paragraph 7 below.  Plaintiff, on behalf or herself and the Class Members also

6  seeks to recover penalties authorized by Labor Code §§ 2698 and 2699 (the Labor Code Private

7  Attorneys General Act of 2004), and seeks injunctive relief and restitution of all benefits Defendants

8  have enjoyed from their failure to pay overtime compensation under Business and Professions Code

9  §§ 17200 et seq.

10

11                                                   **THE PARTIES**

11      1.    Plaintiff Vanessa Flint is a resident of California, who was employed by UGS in

12 California as a Technical Writer during the Class Period.

13      2.    UGS is a corporation organized under the laws of Delaware and has its principal place

14 of business in Plano, Texas.  UGS is qualified to and doing business in the State of California.  UGS

15 is a computer software company specializing in 3D and Product Lifecycle Management (PLM)

16 software.

17      3.    UGS is, and at all times was, an employer under California law and applicable Industrial

18 Welfare Commission ("IWC") Orders.

19      4.    The true names and capacities (whether individual, corporate, associate, or otherwise) of

20 Defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who sues

21 said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that

22 each of the Defendants fictitiously named herein is legally responsible in some actionable manner

23 for the events described herein, and thereby proximately caused the damage to Plaintiff and the

24 members of the Class.  Plaintiff will seek leave of Court to amend this Complaint to state the true

25 name(s) and capacities of such fictitiously named Defendants when the same have been ascertained.

26      5.    Plaintiff is informed and believes and thereon alleges that at all times relevant herein,

27 each defendant aided and abetted, and acted in concert with and/or conspired with each and every

28 other defendant to commit the acts complained of herein and to engage in a course of conduct and

    the business practices complained of herein.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## JURISDICTION

6.  This Court has jurisdiction over Plaintiff's and the Class Members' claims for unpaid overtime wages pursuant to Labor Code §§ 510 and 1194, for wages for Defendants' unlawful denial of meal and rest periods under Labor Code §§ 226.7 and 512, and penalties for failure to provide itemized statements of hours worked and all applicable hourly rates pursuant to Labor Code § 226. This Court also has jurisdiction over Plaintiff's and Class Members' claims for injunctive relief and restitution arising from Defendants' unlawful business practices under Business & Professions Code §§ 17200 et seq. This Court also has jurisdiction over Plaintiff's and the Technical Writers' claims under Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004).

## SUBSTANTIVE ALLEGATIONS

7.  Technical Writers are current or former employees of Defendants in California whose primary job responsibility is to write or edit documents for end-users, installers, administrators and customers of Defendants' products, including employees who write courseware for Defendants' customers. Technical Writers are classified by Defendants as Applications Engineers.

8.  Technical Writers do not have management responsibilities. They do not customarily and regularly direct the work of two or more other employees. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations. Were they to make such recommendations, the recommendations would not be given any particular weight because of their status as Technical Writers.

9.  Technical Writers do not have duties directly related to the creation or implementation of management policies, or to the general business operations of Defendants.

10.  Technical Writers do not require a license or certification from the State of California or any other governmental entity in order to perform their jobs.

11.  Technical Writers do not perform work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

12.  The majority of Technical Writers employed by Defendants during the Class Period did not have an advanced degree beyond a bachelor's degree.

3.

13.    Defendants did not require that Technical Writers have an advanced degree beyond a bachelor's degree during the Class Period.

14.    Technical Writers do not perform work that is original and creative in character.

15.    Technical Writers do not customarily and regularly exercise discretion and independent judgment. Rather, they follow strict instructions, and they rely on their general intellectual ability and training to perform their work.

16.    Technical Writers are or were salaried employees.

17.    Technical Writers' regular hourly rate of pay is less than $49.77.

18.    Technical Writers regularly work or worked more than eight hours a day and forty hours in a workweek.

19.    Technical Writers have worked on weekends and occasionally on national holidays without being paid any overtime compensation for such work.

20.    During the Class Period, Defendants were aware of the duties performed by Plaintiff and the Class Members. Defendants also were aware that the duties of Plaintiff and the Class Members were inconsistent with exempt status, and that such persons were and are not exempt from California's laws and regulations governing overtime compensation.

21.    Nevertheless, during the Class Period, Defendants have knowingly failed to compensate Plaintiff and the Class Members for work that they performed in excess of forty (40) hours per week or eight (8) hours per day, as required by California Labor Code § 510 and IWC Wage Order 4-2001.

22.    Defendants have also failed to provide Plaintiff and Class Members with semimonthly itemized statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226 and IWC Wage Order 4-2001. Defendants have also failed to provide or require the use, maintenance or submission of time records by Plaintiff and the Class Members as required by California Labor Code § 1174(d). As a result, Defendants have not only failed to pay Class Members the full amount of compensation due, they have also shielded themselves from scrutiny by the Class Members by concealing the magnitude (the full number of hours worked) and the financial impact of their wrongdoing.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

4.

23.    In failing to properly compensate Plaintiff and the Class Members for overtime hours worked, Defendants acted maliciously, oppressively, and/or fraudulently, and such despicable conduct designed to maximize the Defendants' economic gain was carried out with the wrongful intention of causing injury to Plaintiff and the Class Members, in willful and conscious disregard of the rights of Plaintiff and the Class Members as established by California law and applicable regulations.

24.    Defendants have also consistently and unlawfully denied meal and rest periods to Plaintiff and the Class Members as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order 4-2001 during the Class Period.

25.    Defendants have also violated California Labor Code § 552 by causing Class Members to work seven days a week during the Class Period.

26.    The harm caused by Defendants' wrongful actions grossly outweighs any benefit that could be attributed to it.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff bring this action as a class action pursuant to Code of Civil Procedure Section 382 on behalf of herself and the following Class Members:

> All persons who, from August 1, 2003 up to the time of judgment, are or were (1) employed and/or worked as salaried Technical Writers for Defendants in California and (2) are or were classified as exempt employees and were not paid overtime. Excluded from the Class are Defendants, their officers and directors.

28.    The period between August 1, 2003 and the date of trial or final resolution of this matter is referred to herein as the "Class Period."

29.    The Class Members are similarly situated to Plaintiff and to each other, because they all perform similar duties and assignments, and all have been subject to Defendants' common policy and practice of classifying all Technical Writers as exempt from the California overtime laws – while at the same time being assigned to duties inconsistent with exempt status. Like Plaintiff, no member of the Class has been paid overtime compensation in accordance with the California laws identified herein.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

30.    Furthermore, the Class Members were all subject to the same unlawful policy or plan of Defendants as Plaintiff. under which they were classified as exempt from the California overtime laws. Any differences which exist in the job duties of the Technical Writers are not material to their right to overtime compensation pursuant to the California overtime laws.

31.    Plaintiff is currently unaware of the identities of all the Class Members. On information and belief, at least fifty but less than one hundred persons have worked for Defendants as Technical Writers in California during the Class Period and would therefore be members of the Class. For this reason, joinder of all members of the Class would be impracticable.

32.    There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members. including:

a.    Whether the duties of Technical Writers are inconsistent with exempt status under California law;

b.    whether Defendants violated Labor Code § 510 and/or IWC Wage Order 4-2001 by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

c.    Whether Defendants violated Labor Code §§ 226.7 and 512 and/or IWC Wage Order 4-2001 by failing to consistently provide meal and/or rest periods to Technical Writers.

d.    Whether Defendants violated Labor Code § 226 and 1174 and/or IWC Wage Order 4-2001 by failing to keep adequate records of hours worked by Plaintiff and Class Members;

e.    Whether Defendants violated California Labor Code § 552 and/or IWC Wage Order 4-2001 by causing Class Members to work more than six days in seven.

f.    Whether, by the misconduct alleged herein, Defendants have engaged in unfair and/or unlawful business practices; and

g.    Whether. as a result of Defendants' misconduct, Plaintiff and the Class Members are entitled to wages, statutory and other penalties, damages, punitive damages, an accounting and restitution, and injunctive, equitable and other relief.

33.    Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members were subjected to and harmed by Defendants' uniform policy of misclassifying Technical Writers as exempt from overtime compensation in order to avoid having to pay overtime as required

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

6.

1  by California law. Any differences between individual Class Members' job duties are immaterial to
2  the question of whether Technical Writers were or were not correctly classified as exempt under
3  California law. Plaintiff is subject to no unique defenses, as Defendants' policies were uniform
4  throughout California.

5      34.    Plaintiff will fairly and adequately protect the interests of the Class and has retained
6  attorneys experienced in class and employment litigation.

7      35.    Questions of law or fact common to the Class Members predominate over any questions
8  affecting only individual Class Members. All of the facts material to resolving the common legal
9  question of whether exemption from the California overtime laws is appropriate are common to all
10  Class Members. Facts not common to the Class Members are not material to resolving the common
11  legal question of whether Defendants' exempt classification of the Class Members is legally correct.
12  A class action is therefore superior to other available methods for the fair and efficient adjudication
13  of this controversy. A class action is also superior to other available methods for the fair and
14  efficient adjudication for the following reasons:

15          a.  it is economically impractical for Class Members to prosecute individual actions;

16          b.  the Class Members are readily identifiable;

17          c.  prosecution as a class action will eliminate the possibility of repetitious litigation;
18  and

19          d.  a class action will enable claims to be handled in an orderly and expeditious manner;
20  a class action will save time and expense and will ensure uniformity of decisions.

21      36.    The prosecution of separate actions against Defendants under California law would
22  create a risk of inconsistent or varying adjudications with respect to individual Class Members
23  which would establish incompatible standards of conduct for the Defendants. In addition,
24  adjudications with respect to individual Class Members could as a practical matter be dispositive of
25  the interests of the other Class Members not parties to such adjudications, or could substantially
26  impede or impair their ability to protect their interests.

27      37.    Plaintiff does not anticipate any difficulty in the management of this litigation.
28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

7.

## PRIVATE ATTORNEY GENERAL ALLEGATIONS

38.   In addition to asserting class action claims, Plaintiff asserts claims as a private attorney general on behalf of all current and former Technical Writers employed by Defendants during the period August 1, 2006 through the present pursuant to Labor Code §§2698 et seq.  Defendants have violated various provisions of the Labor Code as alleged herein, and thereby caused harm to all current and former Technical Writers.  For each such violation, Defendants owe statutory penalties to be assessed by the Court.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
### VIOLATION OF LABOR CODE § 510 AND IWC WAGE ORDER 4-2001

39.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

40.   By their conduct, as set forth herein, Defendants violated California Labor Code § 510, 1198 and IWC Wage Order 4-2001 by failing to pay Plaintiff and the Class: (a) time and one-half their regular hourly rates for hours worked in excess of eight hours in a work-day or in excess of forty hours in any workweek or for the first eight hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve hours in any one day or for hours worked in excess of eight hours on any seventh day of work in a workweek during the Class Period.

41.   Defendants' violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001 were repeated, willful and intentional.

42.   Plaintiff and the Class members have been damaged by said violations of California Labor Code §§ 510 and 1198 and IWC Wage Order 4-2001.

43.   Pursuant to California Labor Code § 1194, Defendants are liable to Plaintiff and the Class Members for the full amount of all their unpaid overtime compensation with interest thereon, plus reasonable attorneys' fees and costs.

44.   Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California overtime laws constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

8.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

45. Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL AND REST BREAKS
## VIOLATION OF CALIFORNIA LABOR CODE § 226.7
## AND IWC WAGE ORDER 4-2001

46. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

47. Defendants have failed to provide Plaintiff and Class Members with a rest break of ten (10) consecutive minutes for each four (4) hour period worked throughout the Class Period.

48. Defendants have failed to provide Plaintiff and Class Members with a meal break of at least thirty (30) minutes for each five (5) hour period worked throughout the Class Period.

49. Plaintiff and the Class Members are entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a rest period was not provided.

50. Plaintiff and the Class Members are also entitled to one additional hour of pay at each employee's regular rate of pay for each workday that a meal break was not provided.

51. Because Defendants' unlawful classification of the Plaintiff and the Class as exempt from the California laws requiring employers to provide meal and rest breaks constituted despicable conduct that was carried out with malice, oppression, or fraud, in willful and conscious disregard for their rights, Plaintiff and the Class Members are entitled to exemplary damages to punish the Defendants pursuant to California Civil Code § 3294.

52. Plaintiff and the Class Members are also entitled to attorneys' fees and costs pursuant to Labor Code § 218.5.

## THIRD CAUSE OF ACTION
## FAILURE TO KEEP RECORDS OF HOURS WORKED
## VIOLATION OF CALIFORNIA LABOR CODE §§ 226
## AND IWC WAGE ORDER 4-2001

53. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all preceding paragraphs.

54. Defendants have failed to furnish Plaintiff and Class Members, semimonthly or at the time of each payment of wages, an accurate, itemized statement in writing showing gross and net

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

9.

wages earned, total hours worked and the applicable hourly rates in effect and the corresponding number of hours worked at each hourly rate during the Class Period.

55.   Defendants' failure was knowing and intentional.

56.   Defendants' failure has injured Plaintiff and Class Members by depriving them of hour, wage and earnings information to which they are entitled, causing them difficulty and expense in attempting to reconstruct time and pay records, not to be paid wages to which they entitled, to rely on inaccurate earnings statements in dealings with third parties, to be unable to exercise their right under Labor Code § 226(b) to review itemized wage statement information, and to be deceived regarding their entitlement to overtime and meal and rest period wages.

57.   Plaintiff and Class Members seek actual damages, penalties, attorneys' fees and costs pursuant to Labor Code § 226(e), and injunctive relief and attorneys' fees and costs pursuant to Labor Code § 226(g).

## FOURTH CAUSE OF ACTION
## UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET. SEQ.*

58.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

59.   Defendants have engaged in unfair, unlawful, and fraudulent business practices as set forth above during the Class Period.

60.   By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code §§17200, *et seq.*

61.   Plaintiff, on behalf of herself and the Class Members, seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Bus. & Prof. Code §§17200 *et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civ. Proc. §1021.5.

## FIFTH CAUSE OF ACTION
## LABOR CODE PRIVATE ATTORNEYS GENERAL ACT
## LABOR CODE §§ 2698 *ET SEQ.*

62.   Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

10.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

63. Plaintiff is an aggrieved employee within the meaning of Labor Code § 2699 and brings this claim on behalf of herself and other current or former employees of UGS who were employed as Technical Writers during the period August 1, 2006 through the present.

64. Plaintiff has given written notice by certified mail to the Labor and Workforce Development Agency and UGS of the specific provisions of the Labor Code that UGS is alleged to have been violated, including the facts and theories to support the alleged violation. A copy of this notice is attached hereto as Exhibit A.

65. Defendants have violated Labor Code § 510 and/or related IWC Wage Orders by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day.

66. Defendants have violated Labor Code §§ 226.7 and 512 and related IWC Wage Orders by failing to consistently provide meal and/or rest periods to Technical Writers.

67. Defendants have violated Labor Code § 226 and 1174 and/or related IWC Wage Orders by failing to keep adequate records of hours worked by Technical Writers.

68. Defendants have violated IWC Wage Order 4-2001 by failing to maintain adequate records of Technical Writers' meal periods.

69. Defendants have violated California Labor Code § 552 and/or related IWC Wage Orders by causing Technical Writers to work more than six days in seven.

70. Defendants' conduct as set forth herein has caused injury to the Technical Writers.

71. For each such violation, Plaintiff seeks civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation or such other civil penalties as are permitted by law.

72. Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to Labor Code § 2699(g).

## SIXTH CAUSE OF ACTION
## ACCOUNTING

73. Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

11.

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

74.   As alleged above Plaintiff and the Class Members are owed wages which equal the sum of overtime compensation not paid by Defendants to them, plus one additional hour of pay at their regular rate of compensation for each work today they were not provided a meal as provided by law, plus one additional hour of pay for each work day they were not provided a rest period as provided by law, statutory interest on such compensation, plus civil penalties.

75.   Plaintiff does not know the precise amount of compensation due to Plaintiff and each Class Member or the precise amount of penalties due.

76.   Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of compensation due and owing to Plaintiff and each Class Member can be determined.

77.   Upon information and belief, Plaintiff alleges that Defendants possess records from which the amount of penalties due and owing to Plaintiff and each Class Member can be determined.

78.   Because it is impossible for the Plaintiff to determine the exact amount of money due to Plaintiff and the Class Members without a detailed review of Defendants' books and records and/or discovery in this action, Plaintiff seeks, among other things, an accounting of books and records in the possession of Defendants and/or the appointment of a receiver to determine the compensation owed to Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and as a private attorney general prays for judgment against Defendants as follows:

A.   An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class Members;

B.   A judgment awarding Plaintiff and the Class Members compensatory damages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

C.   A judgment awarding Plaintiff and the Class Members wages in an amount to be proven at trial, together with prejudgment interest at the maximum rate allowed by law;

12.



1  ROBERT C. SCHUBERT S.B.N. 62684
2  JUDEN JUSTICE REED S.B.N. 153748
   MIRANDA KOLBE S.B.N. 214392
3  SCHUBERT & REED LLP
   Three Embarcadero Center, Suite 1650
   San Francisco, California 94111
4  Tel: (415) 788-4220
   Fax: (415) 788-0161
5
6  *Attorneys for Plaintiff*

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  VANESSA FLINT, Individually and On Behalf    Case No.  CGC-07-465695
    of All Others Similarly Situated,
12
                    Plaintiff,
13                                               APPLICATION FOR REASSIGNMENT TO
           v.                                    COMPLEX LITIGATION DEPARTMENT
14
    UGS CORPORATION and DOES 1 through           [LOCAL RULE 3.2,
15  100, inclusive,                              CAL. RULE OF COURT 1800, ET SEQ.]

16                  Defendants.                  Department:        304
                                                 Judge:             Hon. Richard Kramer
17

18

19

20                              **INTRODUCTION**

21       This is a class and representative action against UGS Corporation ("UGS" or the

22  "Company") brought on behalf of UGS's current and former employees in California whose primary

23  job responsibility is to write or edit documents for end-users, installers, administrators and

24  customers of UGS's products ("Technical Writers").  Plaintiff alleges that UGS has misclassified the

25  Technical Writers as exempt from California's wage and hour laws and regulations during the

26  period August 1, 2003 through the present (the "Class Period").

27       Plaintiff brings this class action pursuant to Cal. Code of Civ. Proc. § 382 seeking unpaid

28  overtime compensation and interest thereon, wages due for failure to provide rest breaks and meal

    periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under Labor

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1.

1  Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and Code of Civ. Proc.

2  § 1021.5. Plaintiff also seeks injunctive relief and restitution of all benefits UGS has enjoyed from

3  its failure to pay overtime compensation under Business and Professions Code §§ 17200 et seq.

4  Plaintiff, on behalf or herself and the Technical Writers, also seeks to recover penalties authorized

5  by Labor Code §§ 2698 and 2699 (the Labor Code Private Attorneys General Act of 2004).

6  <u>**THIS CASE SHOULD BE DESIGNATED COMPLEX**</u>

7  Rule of Court 1800(a) provides that a "complex case" is an action "that requires exceptional

8  judicial management to avoid placing unnecessary burdens on the court or the litigants and to

9  expedite the case, keep costs reasonable, and promote effective decision making by the court, the

10  parties and counsel." Among the factors to be considered by the Court in deciding whether an action

11  should be designated complex are the following:

12      (1) Numerous pretrial motions raising difficult or novel legal issues that will be time-
13  consuming to resolve;

14      (2) Management of a large number of witnesses or a substantial amount of
15  documentary evidence; and

16      (3) Substantial postjudgment judicial supervision.

17  Rule of Court 1800 (b). A case involving "class action" claims is deemed "provisionally" complex.

18  <u>See</u> Rule of Court 1800(c)(1).

19      This action qualifies as complex under Rule of Court 1800. This is a putative class action

20  filed on behalf of Technical Writers who worked for UGS during the Class Period, and also includes

21  a representative claim pursuant to Labor Code sections 2698 et seq. Underlying each of the claims

22  at issue in this action is plaintiff's allegation that Defendants misclassified her and other Technical

23  Writers as exempt from California's wage and hour laws. The legal issues related to liability as well

24  as class certification are complex, and the case will likely involve extensive discovery and numerous

25  witnesses. Plaintiff anticipates filing a motion for class certification, and may also seek summary

26  adjudication of affirmative defenses.

27

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2.

1    This case raises complex issues regarding which, if any, exemptions from California's wage

2 and hour laws apply to Technical Writers and would benefit from complex designation and

3 assignment to a single judge.

4                                    **CONCLUSION**

5    For the reasons set forth above, this action should be designated complex and transferred to

6 the Complex Litigation Department.

7

8

9 August 6, 2007

10                                              Robert C. Schubert
                                                Juden Justice Reed
                                                Miranda Kolbe
11                                              SCHUBERT & REED LLP
                                                Three Embarcadero Center, Suite 1650
12                                              San Francisco, California  94111
                                                Telephone: (415) 788-4220
13

14

15                                                        Robert C. Schubert

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

3.

ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
MIRANDA P. KOLBE S.B.N. 214392
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220

*Counsel for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated, | Case No. CGC-07-465695 |
| Plaintiff. | **CLASS ACTION** |
| v. | **VERIFICATION OF FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** |
| UGS CORPORATION and DOES 1 through 100, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1.

I, Robert C. Schubert, hereby declare:

1.      I am counsel for plaintiff Vanessa Flint in the captioned matter. Plaintiff is absent from the county where this action is pending and from the county in which I maintain my office, and for that reason I am making this verification for and on her behalf.

2.      I have read the foregoing FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT and know its contents.  I am informed and believe and on that ground allege that the matters stated therein are true and correct.


        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 6th of August, 2007, in San Francisco, California.


_____
            Robert C. Schubert

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

2.

**FILED**
San Francisco County Superior Court

APR 1 6 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:                              )
                                    )
COMPLEX LITIGATION                  )
                                    )   **GENERAL ORDER RE:**
                                    )   **PROCEDURE FOR APPROVAL**
                                    )   **OF COMPLEX LITIGATION**
                                    )   **DESIGNATION**
                                    )
                                    )
                                    )
_____)   The Honorable Richard A. Kramer

This Order shall apply to any case designated as a Complex Case on the Civil Case Cover Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco Superior Court. As to all such cases:

1. The fee(s) required by California Government Code section 26826.4 shall be paid upon filing such designation.

2. No case shall be assigned to the Complex Litigation Department until an Application For Approval of Complex Litigation Designation has been made in accordance with this Order, and the Court has ordered the case so assigned.

-1-
GENERAL ORDER re: COMPLEX LITIGATION DESIGNATION APPROVAL

3. An Application for Approval of Complex Designation must be filed within 10 days of the date of filing of the Civil Case Cover Sheet Complex Case Designation, setting forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4. A Complex Case Designation which does not comply with this Order will be deemed denied without further order.

5. Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 26826.4(a) or (b). *See* Cal. Gov. Code § 26826.4(d).

7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated: April 13, 2007

RICHARD A. KRAMER
Judge of the Superior Court

-2-
GENERAL ORDER re: COMPLEX LITIGATION DESIGNATION APPROVAL

August 1, 2007

<u>VIA CERTIFIED MAIL</u>

Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

To Whom It May Concern:

I am writing in compliance with Cal. Labor Code § 2699.3 to inform the Labor and Workforce Development Agency that our client, Vanessa Flint, intends to pursue a Labor Code §§ 2698 et seq. private attorney general and class action claim against UGS Corporation on behalf of similarly situated current and former UGS employees in California during the period August 1, 2006 to the present whose primary job responsibility is or was to write or edit documents for end-users, installers, administrators and customers of Defendants' products ("Technical Writers").

Our client alleges that UGS has misclassified Technical Writers as exempt from California's wage and hour laws and regulations. Specifically, our client alleges that: UGS has violated Labor Code § 510 and/or related IWC Wage Orders by failing to provide overtime compensation to Technical Writers who worked in excess of forty (40) hours per week and/or eight (8) hours per day; UGS has violated Labor Code §§ 226.7 and 512 and related IWC Wage Orders by failing to consistently provide meal and/or rest periods to Technical Writers; UGS has violated Labor Code § 226 and 1174 and/or related IWC Wage Orders by failing to keep adequate records of hours worked by Technical Writers; UGS has violated IWC Wage Order 4-2001 by failing to maintain adequate records of Technical Writers' meal periods; UGS has violated California Labor Code § 552 and/or related IWC Wage Orders by causing Technical Writers to work more than six days in seven.

If the Labor & Workforce Development Agency intends to investigate UGS's alleged violations of the Labor Code and IWC Wage Order 4-2001, please notify me by certified mail of its decision to do so within 33 calendar days of the postmark date of this notice.

Sincerely yours,

Miranda Kolbe
Schubert & Reed LLP

Cc:     CSC
        Agent for Service of Process for UGS
        Corporation
        P.O. Box 526036
        Sacramento, CA 95852.
        *By certified mail*

# MEDIATION SERVICES

## THE BAR ASSOCIATION OF SAN FRANCISCO



THE BAR ASSOCIATION OF
SAN FRANCISCO

---

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."

—Richard W. Osman, Esq.,
Bertrand, Fox & Elliot

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

—Robert P. Travis, Esq.,
Travis and Pon

"The mediator was excellent! He was effective with some strong, forceful personalities."

—Denise A. Leadbetter, Esq.,
Zacks, Utrecht & Leadbetter

---

Procedures, Forms,
Mediator Biographies and Photos:

**WWW.SFBAR.ORG/MEDIATION**

Questions?

ADR@sfbar.org or 415.982.1600

---

Koorosh Afshari
Robert E. Aune
Elizabeth E. Bader
Eileen Barker
Sandra Blair
Burton F. Bolluch
Bradley Bostick
Angela Bradstreet
George B. Brewster
Ted D. Buller
Judith Chrestionson
Thomas A. Cohen
Nancy de Ita
Mark J. Divelbiss
Martin H. Dodd
Paul Dubow
David H. Fielding
Robert T. Fries
Mark Gainer
Sanford Garfinkel
Gerald F. George
Matthew J. Geyer
Judith A. Gordon
Stephen J. Gorski
Judge Ron Greenberg (Ret)
Paul D. Gutierrez

Arnold B. Haims
Ben Hamburg
Michael D. Handlos
Lynn Hansen
John R. Heisse, II
Kay E. Henden
Frederick C. Hertz
Bruce Highman
Yolanda M. Jackson
Richard Jaeger
Roberto R. Jeffrey
Kenneth F. Johnson
Sleiger P. Johnson
Gail Killefer
Carol M. Kingsley
Chris Knowlton
Guy O. Kornblum
Dr. Urs Laeuchli
Paula Lawhon
Theodora R. Lee
Arthur D. Levy
Robert T. Lynch
Sharon T. Maier
Michael L. Marx
Judith A. Mazia
David J. Meadows
Thomas C. Nagle

Marilyn O'Toole
Marc Paisin
Herman D. Papa
Basil Plastiras
Marco Quozzo
Steven Rosenberg
Jeffrey A. Ross
Alan R. Rothstein
Stephen B. Ruben
Cheryl A. Sena
Malcolm Sher
Elizabeth H. Shwiff
Arthur R. Siegel
Carol Ruth Silver
Teri H. Sklar
Roger W. Sleight
Yaroslav Sochynsky
Jason H. Stein
Michael J. Timpane
Elizabeth A. Tippin
Charles A. Tricy
Claudia M. Viera
Gregory D. Walker
Albert B. Wenzell, Jr.
Arne Werchick
Andrew R. Wiener
Joel Zebrack

**MEDIATOR BIOGRAPHIES & PHOTOGRAPHS: WWW.SFBAR.ORG/MEDIATION**

2/07

## Areas of Experience

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Fee Disputes
Financial
Gay/Lesbian/Bisexual Issues
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
Malpractice:
Legal-Medical-Profession
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask experienced BASF staff to suggest a mediator, request three biographies to choose from, or choose a particular mediator from our Web site. To use a BASF mediator, a simple Consent to Mediate form, with the administrative fee, is sent to BASF.

## Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

**WWW.SFBAR.ORG/MEDIATION**

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))

## Superior Court of California
## County of San Francisco

ADR-1  1/06  (bc)

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- ***ADR can reduce stress.*** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- ***ADR can be more satisfying.*** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

ADR-1  1/06 (bc)

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

# MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

ADR-1   1/06 (bc)

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-1  1/06 (bc)

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1  1/06 (bc)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation ☐ **Mediation Services of BASF** ☐ **Judicial Mediation**
☐ Binding arbitration                                                        Judge _____
☐ Non-binding judicial arbitration                                Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

_____

Name of Party Stipulating _____ Name of Party or Attorney Executing Stipulation _____ Signature of Party or Attorney _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Dated: _____

Name of Party Stipulating _____ Name of Party or Attorney Executing Stipulation _____ Signature of Party or Attorney _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Dated: _____

Name of Party Stipulating _____ Name of Party or Attorney Executing Stipulation _____ Signature of Party or Attorney _____

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Dated: _____

☐ *Additional signature(s) attached*

ADR-2 3/06

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

**CM-110**

FOR COURT USE ONLY

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:
DEFENDANT/RESPONDENT:

| | CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:                    Dept:            Div.:            Room:
Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | | CM-110 |
| DEFENDANT/RESPONDENT: | CASE NUMBER: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CM-110 |
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

**10. d.** The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

  ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b  Reservation of rights: ☐ Yes ☐ No

  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

  ☐ Bankruptcy ☐ Other *(specify):*

  Status:

**14. Related cases, consolidation, and coordination**

  a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

  ☐ Additional cases are described in Attachment 14a.

  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: | **CM-110** |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*:    ☐ none    ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached



# Superior Court of California
## County of San Francisco

# Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

*EXHIBIT B*

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
UGS Corporation and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Vanessa Flint, Individually and On Behalf of All Others Similarly
Situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.    There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.    If you cannot pay the filing fee, ask the court clerk for a fee waiver form.    If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER
(NÚMERO DEL CASO):
**CGC 07-465695**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Miranda.Kolbe, Schubert & Reed, LLP, 3 Embarcadero Center, Suite 1650, San Francisco, CA 94111,
Tel: 415-788-4220 Fax: 415-788-0161

DATE: **AUG 0 1 2007**    **Gordon Park-Li**    Clerk, by _____ **Deborah Steppe** , Deputy
(Fecha)    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): UGS Corporation

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)

[ ] other (specify):
4. [X] by personal delivery on (date): 8-9-07

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*EXHIBIT C*

6 of 30 DOCUMENTS

Copyright 2007 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlement Reports

*2007 Mealey's Jury Verdicts & Settlements 255*

**HEADLINE:** Parties Settle California Class Action On Unpaid Overtime Claims For Up To $13.6 Million

**Case Name:** Behzad Mousai v. E-Loan Inc., et al.

**Case Number:** 3: 06-cv-01993-SI

**Court:** N.D. Calif.

**Judge:** Susan Illston

**Verdict/Settlement (breakdown):** Settlement of up to $13.6 million (not exceeding $60,000 to claims administrator, a service award of $20,000 to Behzad Mousai, tolling awards in the amount of $1,000 to each of the 42 class members, $3.4 million to class counsel and the balance distributed to each class member)

**Plaintiff(s):** Behzad Mousai, individually and on behalf of others similarly situated

**Defendant(s):** E-Loan Inc. and Does 1-10, inclusive

**Date:** Jan. 11, 2007

**Claim:** Violations of the California Labor Code, relevant Wage Order of the California Industrial Welfare Commission, the federal Fair Labor Standards Act and the California unfair competition law, Business and Professions Code Section 17200, et seq.

**Defense:** Any liability or wrongdoing denied. E-Loan has fully complied with the laws.

**Background:** Behzad Mousai, individually and on behalf of others similarly situated, sued E-Loan Inc. and Does 1-10, inclusive, in the Alameda County, Calif., Superior Court, alleging that E-Loan violated the California Labor Code, relevant Wage Order of the California Industrial Welfare Commission, the federal Fair Labor Standards Act and the California Unfair Competition Law by misclassifying class members as exempt employees and failing to pay them overtime wages. Mousai also alleges that the defendant failed to pay employees overtime wages owed to them at the time their employment ended with E-Loan and failed to provide required meal periods. E-Loan also allegedly failed to furnish employees with timely and accurate wage statements showing the number of hours worked per pay period. The case was removed to the U.S. District Court for the Northern District of California on March 15, 2006.

**Other:** The judge granted preliminary approval of the settlement on Jan. 12, 2007, certifying that the settlement class consists of "all mortgage loan consultants employed by E-Loan in California at any time from Dec. 23, 2001, through June 30, 2006, including, but not limited to, the job titles of Loan Consultant First Mortgage, Loan Consultant First Mortgage Core, Loan Consultant First Mortgage Affinity, Loan Consultant First Mortgage Relocation, Loan Consultant First Mortgage Pre-Approval, Loan Consultant First Mortgage Alternative Lending, Loan Consultant Home Equity Line of Credit, Loan Consultant Pre Approval, Loan Consultant Prime, Loan Consultant Zip Realty, Loan Consultant Alternative Lending and Loan Consultant Affinity." A final settlement hearing will take place on May 30, 2007.

**Plaintiff Attorneys:** Roberta L. Steele, Laura L. Ho and Jessica Beckett-McWalter, Goldstein, Demchak, Baller, Borgen & Dardarian, Oakland, Calif.

**Defense Attorneys:** Eileen R. Ridley, Nina Kani and Ellen Kerns, Foley & Lardner, San Francisco

**Key Related Documents:** Motion to preliminarily approve settlement available. Document #99-070312-013M.
Order preliminarily approving settlement and certifying class available. Document #99-070312-014R.
Notice of settlement available. Document #99-070312-015P.
Stipulation of settlement (exhibit) available. Document #99-070312-016P.
Claim form available. Document #99-070312-017X.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 3/14/2007

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a) PLAINTIFFS**
VANESSA FLINT

**DEFENDANTS**
UGS CORPORATION

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert C. Schubert (SBN 62684)
Schubert & Reed LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

ATTORNEYS (IF KNOWN)
Mitchell F. Boomer (121441); JoAnna L. Brooks (182986); Dylan B. Carp (196846)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
415-394-9400

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med Malpractice | [ ] 625 Drug Related | [ ] 423 Withdrawal | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury | Seizure of | 28 USC 157 | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault Libel & Slander | Product Liability | Property 21 USC 881 | | [ ] 460 Deportation |
| | | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers Liability | | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 480 Consumer Credit |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 490 Cable/Satellite TV |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | | **LABOR** | [ ] 862 Black Lung (923) | |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | | | [ ] 720 Labor/Mgmt Relations | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 740 Railway Labor Act | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 530 General | [x] 790 Other Labor Litigation | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other | [ ] 555 Prison Condition | | | |

**VI. CAUSE OF ACTION**   (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
28 U.S.C. Section 1441(a) & (b).

**VII. REQUESTED IN COMPLAINT:**   [x] CHECK IF THIS IS A CLASS ACTION   DEMAND $ _____
UNDER F.R.C.P. 23
CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] YES   [ ] NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AN "X" IN ONE BOX ONLY)   [x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE September 7, 2007   SIGNATURE OF ATTORNEY OF RECORD

NDC-JS44

-1

2

### *CERTIFICATE OF SERVICE*

3

**CASE:**    Vanessa Flint v. UGS Corporation
**CASE NO.:** USDC-NDCA C⁻ ⁻ ⁻ ⁻ ⁻
4    **CLIENT:**

5

6        I, Linda A. Moore, declare that I am employed with the law firm of Jackson,

7    Lewis, whose address is 199 Fremont Street, 10th Floor, San Francisco, California,

8    94105; I am over the age of eighteen (18) years and am not a party to this action.

9        On September 7, 2007, I served the attached document(s):

10        **CIVIL CASE COVER SHEET**

11    in this action by placing true and correct copies thereof, enclosed in sealed

12    envelope(s) addressed as follows:

13    Robert C. Schubert                    *Counsel for Plaintiff*
      Juden Justice Reed
14    Miranda P. Kolbe
      Schubert & Reed LLP
15    Three Embarcadero Center, Suite 1650
      San Francisco, CA 94111

16

17

18    [X]    <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with
            the postage thereon fully prepaid, placed for collection and mailing on this
19          date, following ordinary business practices, in the United States mail at San
            Francisco, California.

20

21    [ ]    <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by hand
            to the above address.

22    [ ]    <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to
            the above address within 24 hours by overnight delivery service.
23

24    [ ]    <u>BY FACSIMILE</u>:  I caused such documents to be transmitted by facsimile to
            the telephone number(s) indicated above.

25

26

27

28

1

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 7, 2007, at San Francisco, California.

_Linda A. Moore_
Linda A. Moore

RECEIVED

2007 SEP -7  P 5: 22

RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.