1   MITCHELL F. BOOMER (SBN 121441)
    JoANNA L. BROOKS (SBN 182986)
2   DYLAN B. CARP (SBN 196846)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, CA 94105
4   Telephone    415.394.9400
    Facsimile:    415.394.9401
5
    Attorneys for Defendant
6   SIEMENS PRODUCT LIFECYCLE MANAGEMENT
    SOFTWARE INC.
7   (formerly known as UGS CORP.)

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                    NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO/OAKLAND DIVISION

11

| | |
|---|---|
| 12   VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated, | Case No. C 07 4640 MJJ |
| 13 | |
| Plaintiffs, | (Removed from San Francisco Superior Court on September 7, 2007; Case No:CGC-07-465695) |
| 14 | |
| 15   v. | **NOTICE OF MOTION AND MOTION TO TRANSFER VENUE;** |
| UGS CORPORATION and DOES 1 through 16   100, inclusive, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 17   Defendants. | **MOTION TO TRANSFER VENUE** |
| 18 | |
| 19 | [Declaration of Peter Olson in Support of Motion To Transfer Venue; and Request for Judicial Notice  filed concurrently |
| 20 | herewith] |
| 21 | Date:    November 27, 2007 |
| 22 | Time:        9:30 a.m. Courtroom: 11, 19th Floor |
| 23 | Judge:  Hon. Martin J. Jenkins |
| 24 | |

25       PLEASE TAKE NOTICE that on November 27, 2007 at 9:30 a.m. or as soon thereafter as

26   the motion may be heard in Courtroom 11 of the above-entitled Court, located at 450 Golden

27   Gate Avenue, San Francisco, California, 94102, Defendant SIEMENS PRODUCT LIFECYCLE

28

                                        1

1    MANAGEMENT SOFTWARE INC. ("Siemens PLM Software"), as successor in interest to

2    UGS Corp., will and hereby does bring a motion to transfer venue with regard to Plaintiff

3    Vanessa Flint's ("Plaintiff") Complaint.

4
         Siemens PLM Software requests this action be transferred to the United States District
5
     Court for the Central District of California, Southern Division, located in Santa Ana, California.
6
7    This motion is brought pursuant to 28 U.S.C. §1404(a) because the convenience of the parties and

8    interests of justice warrant transferring this matter to the United States District Court for the

9    Central District of California.

10
         This motion is based on the Notice and Memorandum of Points and Authorities in Support
11
     hereof, the Declaration of Peter Olson, the Request for Judicial Notice, pleadings, records and
12
     files herein, and other matters that may properly come before this Court.
13
14                                               JACKSON LEWIS LLP

15
     Dated: October 23, 2007              By:
16
                                                 Mitchell F. Boomer
17                                               JoAnna L. Brooks
                                                 Dylan B. Carp
18                                               Attorneys for Defendant
                                                 SIEMENS PRODUCT LIFECYCLE
19                                               MANAGEMENT SOFTWARE INC.

20

21

22

23

24

25

26

27

28

                                                  2

1  MITCHELL F. BOOMER (SBN 121441)
   JoANNA L. BROOKS (SBN 182986)
2  DYLAN B. CARP (SBN 196846)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, CA  94105
4  Telephone     415.394.9400
   Facsimile:     415.394.9401
5
   Attorneys for Defendant
6  SIEMENS PRODUCT LIFECYCLE MANAGEMENT
   SOFTWARE INC.
7  (formerly known as UGS CORP.)

8             IN THE UNITED STATES DISTRICT COURT FOR THE

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO/OAKLAND DIVISION

11

| | |
|---|---|
| 12 VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated, | Case No. C 07 4640 MJJ |
| 13 | (Removed from San Francisco Superior Court on September 7, 2007; Case No:CGC-07-465695) |
| 14              Plaintiffs, | |
| 15        v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE** |
| 16 UGS CORPORATION and DOES 1 through 100, inclusive, | |
| 17              Defendants. | [Declaration of Peter Olson in Support of Motion for Change of Venue; and Request for Judicial Notice  filed concurrently herewith] |
| 18 | |
| 19 | |
| 20 | |
| 21 | Date:   November 27, 2007 Time:      9:30 a.m. Courtroom: 11, 19th Floor Judge:  Hon. Martin J. Jenkins |
| 22 | |
| 23 | |

24

25

26

27

28

3

1
## MEMORANDUM OF POINTS AND AUTHORITIES

2
## I.    INTRODUCTION

3       This action should be transferred from the United States District Court for the Northern

4    District of California to the United States District Court for the Central District of California

5    because the present dispute bears absolutely no material connection to the Northern District.

6    Plaintiff Vanessa Flint ("Plaintiff"), and almost all potential putative class members and witnesses

7    work and reside in the Central District. The vast majority of pertinent evidence rests in the

8    Central District. Plaintiff's filing of this action in Northern California appears to be nothing more

9    than an improper forum shopping exercise. Therefore, Defendant Siemens Product Lifecycle

10   Management Software Inc. ("Siemens PLM Software") respectfully requests this matter be

11   transferred to the Southern Division of the Central District, the venue most convenient for all

12   concerned.

13
## II.    STATEMENT OF ISSUES

14      Should the Court transfer this matter to the Central District pursuant to 28 USC §1404(a)?

15
## III.    STATEMENT OF FACTS

16      Flint brought this action against her employer Siemens PLM Software. Plaintiff claims

17   Siemens PLM Software improperly classified her as an exempt employee while working as an

18   applications engineer at Siemens PLM Software and, consequently, is owed overtime

19   compensation. She further contends Siemens PLM Software denied her meal and rest breaks and

20   did not keep accurate records of her hours worked. Plaintiff's class action complaint asserts these

21   claims on behalf of herself and all similarly situated individuals working at Siemens PLM

22   Software in California. Siemens PLM Software denies these allegations.

23      The witnesses and evidence necessary to adjudicate this matter are located in the Central

24   District, not the Northern District. Plaintiff resides at 14737 Bordeaux Lane, Chino Hills, in San

25   Bernardino County, which sits within the Central District. (Olson Dec. ¶3) She works at

26   Siemens PLM Software's Cypress, California office which sits within the Central District.

27   (Request for Judicial Notice ("RJN"), ¶2) Although the scope of the class in this matter has not

28

MEMORANDUM OF POINTS AND AUTHORITIES                              Case No. C 07 4640 MJJ

been defined, Plaintiff is an applications engineer and claims to represent similarly situated employees. Virtually all applications engineers currently employed by Siemens PLM Software in California work in the Cypress office. (Olson Dec. ¶2) Thus, virtually all potential putative class members who could testify to matters pertinent to this case (such as the nature of their job duties, the number of hours they worked and when they worked those hours) reside in the Central District. (Olson Dec. ¶2) Finally, records reflecting the number of hours Plaintiff worked – a central issue in this case - are primarily housed in Siemens PLM Sofware's Cypress office. (Olson Dec. ¶2)

## IV.    LEGAL ANALYSIS AND ARGUMENT

### A.    The Court Has Discretion To Determine Whether To Transfer This Matter To A More Convenient Forum.

District courts have wide discretion in determining whether transferring a matter to another district is appropriate. Arley v. United Pacific Ins. Co., 379 F2d 183, 185 fn. 1 (9th Cir. 1967); Casarez v. Burlington Northern/Santa Fe. Co., 193 F3d 334, 339 (5th Cir. 1999). Transfer is appropriate where venue is proper in the proposed venue and various other factors related to convenience of the parties warrant transfer to the proposed new venue. Here, no question exists that venue is proper in the Southern Division of the Central District. Indeed, not only do all factors weigh in favor of transfer to the Central District but the Central District's own General Order makes clear venue should be assigned there. [1] Therefore, this Court should exercise its discretion to transfer the case to the Central District's Southern Division.

---

[1] General Order 349-A promulgated by the United States District Court, Central District of California, states civil cases should be assigned to the Southern Division of the Central District where two of the following criteria are met: (1) the majority of Plaintiffs reside in the Southern Division; (2) the majority of all named Defendants reside in the Southern Division; and (3) the majority of all claims arose in the Southern Division. (RJN, Exhibit "B," ¶3, General Order 349-A) General Order 349 states the Southern Division of the Central District is comprised of Orange County. (RJN, Exhibit "B," ¶3, General Order 349) Plaintiff's claims arose at Siemens PLM Software's Cypress office in Orange County. Additionally, Siemens PLM Software conducts substantial business out of that office and therefore resides in Orange County. Consequently, this matter should be transferred to the Southern Division of the Central District.

5

1

**B.  This Action Could (And Should) Have Been Brought In the Central**

2

**District.**

3       A court cannot transfer an action to another district unless the matter could have been

4   brought in the proposed new district originally.  28 USC §1404(a).  Thus, the transferee court

5   must have subject matter jurisdiction over the claim and personal jurisdiction over the defendant.

6   Additionally, venue must be proper in the transferee court.

7               **1.  A California District Court Has Subject Matter Jurisdiction.**

8       A district court has subject matter jurisdiction over a claim where the matter in

9   controversy exceeds $75,000 and the action is between citizens of different states.  29 USC

10  §1332(a).  As set forth thoroughly in Siemens PLM Software's Notice of Removal, the threshold

11  requirements for federal subject matter jurisdiction based on diversity of citizenship are met in

12  this case.  Plaintiff does not deny this point.

13              **2.   The Central District Has Personal Jurisdiction.**

14      In order to establish personal jurisdiction, a claimant must show the defendant has

15  minimum contacts with that jurisdiction.  International Shoe Co. v. Washington 326 US 310, 316

16  (1945).  The Central District of California has personal jurisdiction over Plaintiff because she

17  resides in the District.  The Central District also has personal jurisdiction over Siemens PLM

18  Software which conducts substantial business from its Cypress office within the Central District.

19              **3.   Venue Is Proper in the Central District.**

20      In actions based on diversity, where all Defendants reside in the same state, venue is

21  proper in a district where any defendant "resides" or in a district where a "substantial part of the

22  events or omissions" on which the claim is based occurred.  28 USC §1391.  In this case, both

23  factors point to the Central District as the appropriate venue.

24      A corporation "resides" in all districts in which it is subject to personal jurisdiction or in

25  every state in which it has minimum contacts.  International Shoe Co. v. Washington 326 US 310,

26  316 (1945).  However, in states with multiple federal districts, the corporation's "contacts" with

27  the **district** are determinative for federal venue purposes.  28 USC §1391(c).  As indicated above,

28

6

1  Siemens PLM Software operates an office located in Cypress, California which sits within the
2  Central District.   The Cypress location is by far Siemens PLM Software's largest office in
3  California and it conducts both product development and sales out of that office. ( Olson Dec.
4  ¶1). Plaintiff works in the Cypress office, within the Central District, along with virtually all of
5  Siemens PLM Software employees who hold the same title as Plaintiff. Since Siemens PLM
6  Software conducts significant business operations out of its Cypress office, it is properly
7  considered a resident of the Central District.

8        Plaintiff's claims will turn on whether she was properly classified as exempt from
9  overtime, which will make it necessary to evaluate the work she performed for Siemens PLM
10 Software.  Plaintiff was based out of the Siemens PLM Software office in Cypress.  Furthermore,
11 virtually all work performed by the class she seeks to represent took place at the Cypress location.
12 In short, all or virtually all events or omissions alleged by Plaintiff took place in the Central
13 District. Therefore, venue is indisputably appropriate in the Central District.

14                **C.  All Factors Favor Transferring This Action To The Central District.**

15        Courts generally accord weight to a venue chosen by plaintiff.  However, as explained
16 below, a plaintiff's choice receives considerably less weight when the plaintiff chooses a venue in
17 which he or she does not reside. Courts weigh numerous factors to determine if the transfer of an
18 action to another venue is appropriate.  These include convenience of the parties, convenience of
19 the witnesses, judicial economy and relative ease of access to proof. Ventress v. Japan Airlines et
20 al. 486 F.3d 1111, 1118 (9th Cir. 2007); Commodity Futures Trading Comm'n v. Savage, 611 F2d
21 270, 279 (9th Cir. 1979).  In this case, an evaluation of all these factors demonstrates this matter
22 should be venued in the Central District.

23            1.    **All Parties to this Action and Virtually All Potential Class Members**
24                  **Reside in the Central District.**

25        Convenience of the parties should be considered when determining whether to transfer an
26 action. Lewis v. ACB Business Services, Inc., 135 F3d 389, 413 (6th Cir. 1998).  Both Plaintiff
27 and Siemens PLM Software are located in the Central District where Plaintiff is employed as an

28
                                         7

1    applications engineer. While the make-up of the potential class in this matter has not yet been

2    determined, it appears logical to assume for the purposes of determining the most convenient

3    forum in which to adjudicate this matter that because Plaintiff is an applications engineer any

4    other class members also will be applications engineers employed by Siemens PLM Software in

5    California. Almost all the applications engineers employed by Siemens PLM Software in

6    California work out of its office in Cypress, located in the Central District. Thus, conducting the

7    litigation of this matter in the Central District as opposed to the Northern District would be more

8    convenient for Plaintiff, Siemens PLM Software, and prospective class members.

9                    2.    **Witnesses and Documents Vital to the Adjudication of this Matter Are**

10                         **Located In The Central District.**

11           The Court should consider ease of access to proof in determining whether to transfer an

12   action to another location. <u>Ventress v. Japan Airlines et al.</u> 2007 486 F.3d 1111, 1118 (9th Cir.

13   2007). The quantity of hours Plaintiff worked will be of primary importance in this case. This

14   information can be gleaned from time records, which are housed in the Cypress office within the

15   Central District. (Olson Dec. ¶4) In addition, Siemens PLM Software will need to explore

16   Plaintiff's (and potential class members) day to day job duties. This information likely will be

17   obtained through testimony from witnesses and potential class members. Nearly all potential

18   class members and witnesses in this action reside in the Central District. Thus, litigating this case

19   in the Northern District would result in significant expense and inconvenience for the parties and

20   the court which can be avoided by transferring this case to the Central District.

21                    3.    **The Location of Counsel's Office Cannot Be Considered in**

22                         **Determining Whether to Transfer Venue.**

23           The only plausible link between this matter and the Northern District is Plaintiff's

24   counsels' San Francisco office. (RJN, Exhibit "A," ¶1, Plaintiff's First Amended Complaint and

25   Accompanying Verification) The convenience of counsel, however, should not be considered

26   when transferring venue. <u>In Re Horseshoe Entertainment,</u> 337 F.3d 429, 433 (5th Cir. 2003).

27   Thus, this minor connection to the Northern District should not be given any weight when

28

                                                      8

1    deciding this motion.

2         4.    **No Link Exists Between this Matter and the Northern District.**

3         If a forum lacks a significant connection with the activities alleged in the complaint, then

4    a plaintiff's choice of forum should receive substantially less weight.  Chrysler Capital Corp v.

5    Woehling 663 F.Supp. 478, 482 (D DE 1987).  As this Court stated "[i]f the operative facts have

6    not occurred within the forum of original selection and that forum has no particular interest in the

7    parties or subject matter, the plaintiff's choice is entitled to only minimal consideration." (RJN,

8    Exhibit "C," ¶4, Jarvis v. Marietta Corp., (1999) U.S. Dist. LEXIS 12659 *6, 9).

9         Here, absolutely nothing connects this case to the Northern District.  This is not a case

10   where some convenience factors weigh in favor of retaining this matter in the Northern District.

11   Plaintiff cannot credibly contend that this matter bears any pertinent connection to the Northern

12   District.  In the absence of any meaningful connection to the district in which an action is filed,

13   District Court Judges can and should exercise their discretion to transfer cases where venue is

14   appropriate.  See e.g., Hernandez v. Gravel Van Lines, 761 F.Supp. 983, 990 (ED NY 1991) (lack

15   of nexus grounds for transfer of venue); Berenson v. Ntn'l Financial Services, LLC., 319

16   F.Supp.2d 1,3 (D DC 2004) (same).  This holds especially true where, as here, the Plaintiff does

17   not even reside in the chosen forum.

18        Plaintiff resides and works in the Central District, virtually all of the putative class

19   members work and reside in the Central District, Defendant operates a significant office in the

20   Central District, and most of the likely witnesses and evidence in this case are located in the

21   Central District.  The only connection whatsoever to the Northern District is Plaintiff's counsel's

22   office, which is not a consideration.  There is absolutely no connection in this case to the

23   Northern District and all factors weigh in favor of transfer of the case to the Central District.

MEMORANDUM OF POINTS AND AUTHORITIES                                    Case No. C 07 4640 MJJ

V.     **CONCLUSION**

For the reasons set for the above, Siemens PLM Software respectfully requests that this action be transferred to the Southern Division of the Central District of California.

JACKSON LEWIS LLP

Dated: October 23, 2007          By:     _Joanna L. Brooks_

Mitchell F. Boomer
JoAnna L. Brooks
Dylan B. Carp
Attorneys for Defendant
SIEMENS PRODUCT LIFECYCLE
MANAGEMENT SOFTWARE INC.

10