ROBERT C. SCHUBERT S.B.N. 62684
JUDEN JUSTICE REED S.B.N. 153748
MIRANDA P. KOLBE S.B.N. 214392
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, California 94111
Telephone: (415) 788-4220

*Counsel for Plaintiff*

IN THE UNITED STATES COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UGS CORPORATION and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C-07-4640-MJJ<br><br>(Removed from San Francisco Superior Court on September 7, 2007; Case No. CGC-07-465695)<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO SIEMENS' MOTION TO TRANSFER THE ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. SECTION 1404(a)**<br><br>**Date: December 4, 2007**<br>**Time: 9:30 a.m.**<br>**Courtroom 11, 19th Floor**<br>**Judge: Hon. Martin J. Jenkins** |

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**TABLE OF CONTENTS**

I.   DESCRIPTION OF THE CASE ..................................................................................................1

II.  LEGAL ANALYSIS ..................................................................................................................2

    A.   Legal Standard. ...............................................................................................................2

    B.   Plaintiff's Choice of This Forum Weighs Against Transfer ...........................................3

    C.   The Cost of Litigating In Southern California Weighs Against Transfer ......................4

    D.   The Location of Witnesses Weighs Against Transfer ...................................................5

        1.   Siemens' Failure to Present Specific Evidence Regarding the Location of Witnesses Weighs Against Transfer ......................................................................5

        2.   The Location of Employee Witnesses is Not A Substantial Factor In Favor of Transfer .................................................................................................................7

    E.   This Court's Familiarity With the Applicable Law Weighs Against Transfer. ............8

    F.   The Location of Records Is Not a Substantial Factor In Favor of Transfer ..................9

    G.   The Court Should Exercise Its Discretion to Deny Transfer .........................................9

III. CONCLUSION ........................................................................................................................10

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

**TABLE OF AUTHORITIES**

**Cases**

*Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341 (S.D.N.Y., 2002) .......................... 5, 8

*Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256 (W.D.Wash. 2005) ............................................ 8

*Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093 (C.D.Cal. 2007) ............................ 5

*Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, 2006 WL 2868971 (N.D.Cal. 2006) ..... 7

*Bell v. Farmers Insurance Exchange,* 87 Cal.App.4th 805 (2001) ...................................................... 8

*Box v. Ameritrust Texas N.A.*, 810 F.Supp. 776 (E.D. Tex. 1992) ..................................................... 3

*Cambridge Filter Corp. v. International Filter Co., Inc.*, 548 F.Supp. 1308 (D.C.Nev. 1982) ........... 4

*Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044 (N.D. Cal.2001) ................................ 5

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir.1986) ........................................................... 8

*Coker Bank of America*, 984 F.Supp. 757 (S.D.N.Y. 1997) ............................................................... 9

*Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270 (9th Cir. 1979) ........................... 2, 8, 9

*Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392 (S.D.Tex.1992) .................. 7

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986) .............................. 2, 3

*Expert Microsystems, Inc. v. SmartSignal Corp.*, 2006 WL 2926729 (E.D. Cal.) ............................... 8

*Gintz v. Jack in the Box, Inc.*, 2007 WL 397306 (N.D. Cal. Feb. 1, 2007) ......................................... 3

*Grey v. Continental Mktg. As'n, Inc.,* 315 F.Supp, 826 (N.D. Ga. 1970) ........................................... 7

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir.1989) ......................... 8

*Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923 (W.D.Mo. 1985) .................................................... 4

*Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F.Supp.2d 663 (S.D.Tex. 1999) ............... 7

*In re Air Crash Near Castellon Spain on October 10, 2001*, 296 F.Supp.2d 1372
   (Jud.Pan.Mult.Lit.2003) ................................................................................................................ 8

*Jarvis v. Marietta Corp.*, 1999 U.S. Dist. LEXIS 12659 (N.D. Cal.) .................................................. 7

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) ........................................................... 3

*Lesser ex rel. Lesser v. Camp Wildwood*, 2002 WL 1792039 (S.D.N.Y. 2002) ................................. 9

*Mears v. Montgomery*, 2004 WL 964093 (S.D.N.Y.) ........................................................................ 4

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

*Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F.Supp. 62 (S.D.N.Y. 1993) ............ 5

*Muzzarelli v. Landry's Restaurants, Inc.*, 2003 WL 1720065 (N.D. Ill. 2003) .................................... 4

*Regents of the University of California v. Eli Lilly and Company,* 119 F.3d 1559 (Fed.Cir. 1997) .... 8

*Van Slyke v. Capital One Bank*, 2007 WL 1655641 (N.D. Cal. June 7, 2007) ..................................... 2

*Williams v. Bowman*, 157 F.Supp.2d 1103 (N.D.Cal. 2001) ................................................................ 5

*Worldwide Financial LLP v. Kopko*, 2004 WL 771219 (S.D.Ind. Mar.18, 2004) ............................... 7

**Treatises**

Wright, Miller & Cooper, Federal Practice & Procedure (2007) ........................................................ 10

SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Plaintiff Vanessa Flint ("Plaintiff") respectfully submits this memorandum in opposition to Defendant's motion to transfer this action to the Central District of California.

## I. DESCRIPTION OF THE CASE

On August 1, 2007, Plaintiff filed this class and representative action in San Francisco Superior Court on behalf of a class of current and former California employees of UGS Corporation ("UGS") who work or worked as Technical Writers for UGS (the "Class"). "Technical Writers" includes employees whose primary job responsibility is or was to write or edit documents for end-users, installers, administrators and customers of UGS's products, including employees who write courseware for UGS's customers during the period August 1, 2003 to the present (the "Class Period").

Plaintiff asserts class claims for unpaid overtime compensation and interest thereon, wages due for failure to provide rest breaks and meal periods, injunctive and other equitable relief and reasonable attorneys' fees and costs, under California Labor Code §§ 218.5, 226, 226.7, 510, 512, 552, 1174, 1194, 1194.5 and 1198 and California Code of Civ. Proc. § 1021.5. In addition, Plaintiff seeks injunctive relief and restitution of all benefits UGS has enjoyed from its failure to pay overtime compensation pursuant to California Business and Professions Code §§ 17200 et seq. Plaintiff also asserts representative claims on behalf or herself and the Class Members to recover penalties authorized by Labor Code §§ 2698 and 2699 (the California Labor Code Private Attorneys General Act of 2004 or "PAGA").

On August 6, 2007, Plaintiff filed a motion for assignment of this case to the complex litigation department of the San Francisco Superior Court and, on August 30, 2007, this case was designated complex and assigned to the Hon. John E. Munter, a highly respected state court jurist.

On August 27, 2007, Plaintiff served her first set of special interrogatories on UGS, seeking identification of the Class members.

On September 7, 2007, Siemens Product Lifestyle Management Software Inc. ("Siemens" or "Defendant") removed this case to federal court, claiming that UGS was erroneously named as the defendant in this action. Siemens simultaneously filed a certificate of interested entities, listing the following as entities interested in this action: UGS Holdings, Inc., UGS Capital Corp. II, UGS

1  Capital Corp., Siemens Corporation, Siemens USA Holdings, Inc., Siemens Beteiligungen USA
2  GmbH, and Siemens AG.
3      On that same date, the case was assigned to the Hon. Martin J. Jenkins and an initial case
4  management conference was set for December 18, 2007. Judge Jenkins has presided over numerous
5  class action cases, including *Dukes v. Walmart*, N.D. Cal. Case No. 3:01-cv-02252-MJJ, one of the
6  largest employment class-action cases in U.S. history.[1] His substantial experience with
7  employment-related class actions also includes *Doerrler v. Oakland/Alameda County Coliseum*
8  *Complex, Inc.*, Case No. 3:99-cv-04422-MJJ, *Thomas v. Home Depot USA Inc.*, Case No. 3:06-cv-
9  02705-MJJ, *Ellison v. Autozone Inc.*, Case No. 3:06-cv-07522-MJJ, *Munoz v. UPS Ground Freight,*
10 *Inc.*, Case No. 3:07-cv-00970-MJJ, and *Fleming v. Dollar Tree Stores, Inc.*, Case No. 3:06-cv-
11 03409-MJJ.
12     On September 14, 2007, Siemens filed an Answer in the District Court.
13     On October 23, 2007, Siemens filed the instant motion to transfer this action to the Central
14 District of California.

## II. **LEGAL ANALYSIS**

### A.    Legal Standard.

17     A district court may transfer a civil action for the "convenience of parties and witnesses, in
18 the interest of justice." 28 U.S.C. 1404(a). Transfer is only appropriate where the proposed
19 transferee forum is one where the action might have originally been brought and the convenience to
20 the parties and the interests of justice weigh in favor of transfer. 28 U.S.C. § 1404(a). The party
21 seeking transfer bears the burden of establishing that transfer is appropriate. *Commodity Futures*
22 *Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). "The 'defendant must make a strong
23 showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Van Slyke v.*
24 *Capital One Bank*, 2007 WL 1655641, at *7 (N.D. Cal. June 7, 2007) (quoting *Decker Coal Co. v.*
25 *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). Transfer should not be ordered

---

[1] *Dukes v. Wal-Mart Stores, Inc*., 222 F.R.D. 189 (N.D.Cal.2004) ("Defendant emphasizes that the proposed class covers at least 1.5 million women who have been employed over the past five years at roughly 3,400 stores, thus dwarfing other employment discrimination cases that have come before."), *affirmed Dukes v. Wal-Mart, Inc.,* 474 F.3d 1214 (9th Cir. 2007).

Page 2

where the result of transfer will simply be to shift the inconvenience from one party to another. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

In *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), the Ninth Circuit listed certain relevant factors a district court should consider when ruling on a motion to transfer:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.*

Here, Siemens fails to meet its burden of showing that it would be inconvenienced by a trial of the case in this district. Instead, as discussed below, Plaintiff's choice of this forum, the costs of litigation in each forum, the convenience of witnesses, and the familiarity of this Court with the applicable law all weigh against transfer of this action to the Central District of California. A fifth factor, the location of records, also does not weigh in favor of transfer, because, although some records relating to this action may be located in the Central District, all counsel are located in the Northern District and Siemens has failed to show that it would be inconvenienced by producing records here. Accordingly, Siemens' motion to transfer should be denied.

**B.    Plaintiff's Choice of This Forum Weighs Against Transfer**

"It is well recognized that the plaintiff's choice of forum is the primary factor to be considered in determining motions under § 1404(a)." *Box v. Ameritrust Texas N.A.*, 810 F.Supp. 776, 780-781 (E.D. Tex. 1992). Some cases hold that the plaintiff's choice of forum is entitled to less weight when the plaintiff does not live in the district or in the class context. However, as long as some of the events giving rise to the claims of the class occurred in this district, a plaintiff's choice of forum still weighs in favor of maintaining the case in her chosen district. *Gintz v. Jack in the Box, Inc.*, 2007 WL 397306, *3 (N.D. Cal. Feb. 1, 2007) ("The events giving rise to some of the claims of the California class occurred in this district. Thus, Plaintiffs' choice of forum for the California class is entitled to some consideration."); *see also Mears v. Montgomery*, 2004 WL

964093 (S.D.N.Y.) (if the plaintiff chose the forum for a legitimate reason, the choice should get deference, regardless of whether the plaintiff is a resident of the forum).

Here, although Plaintiff herself is not a resident of this District, Siemens has admitted that at least some of the events giving rise to the Class' claims occurred here. *See* Declaration of Peter Olson in Support of Motion to Transfer Venue ("Olson Decl."), ¶ 3 (acknowledging that members of the Class work in Siemens' offices located in this District). Because some of the events giving rise to the Class' claims occurred in this District, Plaintiff's choice of this district weighs against transfer.

**C.     The Cost of Litigating In Southern California Weighs Against Transfer**

Although the convenience of counsel is generally not considered when determining whether to transfer venue[1], the cost of counsel's transportation and other expenses is directly relevant to the convenience of the parties for purposes of a motion to transfer under 28 USCA § 1404(a). *Houk v. Kimberly-Clark Corp.*, 613 F.Supp. 923 (W.D.Mo. 1985); and *Cambridge Filter Corp. v. International Filter Co., Inc.*, 548 F.Supp. 1308 (D.Nev. 1982). Litigation costs may be of particular importance in a case such as this one where Defendant, a national corporation, is in a better position to bear the expense of trial in this District than Plaintiff would be in the proposed transferee district. *See, e.g., Muzzarelli v. Landry's Restaurants, Inc.*, 2003 WL 1720065 (N.D. Ill. 2003) ("It is clear that Defendant, as a national corporation doing business in this jurisdiction, is in a better position to bear the expense of trial in Illinois than the Plaintiff could bear the expense of trial in Florida.").

Here, counsel for both the Plaintiff and Siemens are located in San Francisco, California. (Although Jackson Lewis LLP ("Jackson Lewis") is a national firm, Mitchell F. Boomer, JoAnna L. Brooks and Dylan B. Carp – the attorneys who have appeared in this case – work in Jackson Lewis' San Francisco, California office.) Therefore, if this case is transferred, all pre-trial court

---

[1] *See, e.g., In re Volkswagen AG,* 371 F.3d 201, 206 (5th Cir.2004) (convenience of counsel not factor); *Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3 Cir.1973) (same); and *Bunker v. Union Pacific Railroad Co.*, 2006 WL 193856, *2 (N.D.Cal.2006) (same); *but see Dworkin v. Hustler Magazine, Inc.*, 647 F.Supp. 1278 (D.C.Wyo. 1986) (convenience of counsel entitled to consideration); and *American Can Co. v. Crown Cork & Seal Co.*, 433 F.Supp. 333 (D. Wis. 1977) (same).

Page 4

appearances will require both Plaintiff's and defense counsel to travel to Southern California.  *See also Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 344 (S.D.N.Y., 2002) (where defendants retained counsel who were not located in district to which they sought transfer, doubt was cast "on their own assertion that they view North Carolina as the central locus of this litigation or that presence there is vital").  The increased cost of counsel's transportation and other expenses therefore weighs against transfer of this action to the Central District.

**D.     The Location of Witnesses Weighs Against Transfer**

**1.     Siemens' Failure to Present Specific Evidence Regarding the Location of Witnesses Weighs Against Transfer**

In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance.  *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F.Supp.2d 1044, 1049 (N.D.Cal. 2001); *Williams v. Bowman*, 157 F.Supp.2d 1103, 1108 (N.D.Cal. 2001).  "To meet its burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must 'specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony .... *Absent such a showing, the motion should be denied*."  *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093 (C.D.Cal. 2007), *quoting Musical Latino Americana, S.A. v. Mar Int'l Records, Inc.*, 829 F.Supp. 62, 66-67 (S.D.N.Y. 1993) [emphasis added].

Siemens has failed to present any concrete evidence that shows that the convenience of witnesses supports transfer.  In fact, except for Plaintiff herself, Siemens has failed to *specifically identify a single witness* in support of its motion.  Defendants have not informed the Court whom it intends to call, where they are located, and why they would be unavailable to testify at trial in this District.  Because Siemens has failed to specifically identify any witnesses other than Plaintiff, the convenience of witnesses factor does not favor Siemens and its motion to transfer should be denied. *See Amini, supra*.

Instead, Siemens, through a declaration by Peter Olson, its Director of Human Resources, has stated only that Siemens PLM Software's Cypress, California office is "by far" its largest office in this state, and that only three current employees with same job title as Plaintiff work in Siemens' northern California offices.  Olson Decl., ¶ 1-2.  Olson's statements are apparently intended to show

Page 5

1  that only a small number of Class members reside in this District and that all other Class members
2  reside in or near Orange County.  *See id*., ¶ 2.
3        However, the Class in this case is defined by job duties, not job title:  the term "Technical
4  Writers" is defined in the Complaint as current and former employees whose primary job
5  responsibility is to write or edit documents for end-users, installers, administrators and customers of
6  UGS's products, including employees who write courseware for UGS's customers.  Complaint ¶ 7.
7  Therefore, Siemens' statement regarding the number of its current employees who have the same
8  job title as Plaintiff is of little if any probative value.
9        Furthermore, Siemens has failed to state how many Class members there are – Plaintiff has
10 alleged that there are less than one hundred.  Complaint ¶ 31.  Nor has Siemens stated how many
11 Class members work or worked at each of Siemens' California offices during the Class Period or
12 where each of those Class members currently reside.[1]  Without such information, the evidence that
13 Siemens has offered amounts to little more than innuendo, and should not be taken as proof that
14 only a trivial portion of the Class work or worked in this District, much less that the vast majority of
15 Class members reside in the Central District.[2]

---

[1] Plaintiff attempted to obtain this information by serving a special interrogatory upon Defendant on August 27, 2007, while the action was still lodged in San Francisco Superior Court.  That interrogatory requested as follows:

> Please identify all TECHNICAL WRITERS who worked for defendant UGS Corporation between August 1, 2003 and the present by stating their names, addresses and telephone numbers.  (For purposes of this interrogatory, TECHNICAL WRITERS means: employees whose are classified by defendant as Applications Engineers; and employees whose primary duties are to write or edit documents for end-users, installers, administrators and customers of defendant's products, including employees who write courseware for defendant's customers.)

[Emphasis added.]  Defendant removed the case shortly thereafter to federal court and, consequently, did not respond to the interrogatory.

Siemens, unlike Plaintiff, possesses full access to information regarding the identities of the Class members, where each of those Class members work or worked, and their last known home addresses.

[2] For the same reason, Siemens' allegation that there is "absolutely no connection" between this case and the Northern District of California should be disregarded.  *See* Siemens' Memorandum of Points and Authorities, 9:2-23.

Page 6

### 2. The Location of Employee Witnesses is Not A Substantial Factor In Favor of Transfer

Courts accord less weight to the inconvenience of party witnesses, such as employees, because they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated. *See, e.g., Worldwide Financial LLP v. Kopko*, 2004 WL 771219, *3 (S.D.Ind. Mar.18, 2004) ("The courts ordinarily assume that the parties will be sufficiently motivated to have their own partners or employees or other allies appear for trial wherever it might take place.").

Therefore, even had Siemens shown that only a small number of Class members reside in this District, transfer to the Central District would not be required. Siemens has made no showing that its current employees would be unable to testify at a trial held here – nor could it credibly do so –because all of these individuals could be compelled to testify here. *See Jarvis v. Marietta Corp.*, 1999 U.S. Dist. LEXIS 12659, at *13 (N.D. Cal.) ("since many of these witnesses are employees of Defendant, their inconvenience should be given less weight in the section 1404 context since they could be compelled to testify"); *Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, 2006 WL 2868971 (N.D.Cal. 2006) at *4 (discounting inconvenience to witnesses who were employees of one of the parties because they could be compelled to testify); *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F.Supp.2d 663, 669 (S.D.Tex. 1999), *quoting Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1397 (S.D.Tex.1992) ("The Court reiterates that the convenience of key witnesses who are employees of the defendant requesting transfer is 'entitled to less weight because that party will be able to compel their testimony at trial'").

Furthermore, the depositions of Class members who reside outside of this District will likely take place within a short distance of those individuals' homes or businesses. *See Grey v. Continental Mktg. As'n, Inc.,* 315 F.Supp, 826, 832 (N.D. Ga. 1970) ("unusual circumstances" are required to justify deposing party outside of district where that party resides or has place of business). Consequently, convenience to such witnesses at the pre-trial stage also does not weigh in favor of transfer.

### E. This Court's Familiarity With the Applicable Law Weighs Against Transfer.

Consideration of the interest of justice, which includes judicial economy, "may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir.1986). In *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256 (W.D.Wash. 2005), the Court reasoned, "'In a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues.'" *Id.* at 1262, quoting *Regents of the University of California v. Eli Lilly and Company,* 119 F.3d 1559, 1565 (Fed.Cir.1997); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979) (affirming denial of transfer motion because "[t]he district court was familiar with the case and transfer may have led to delay")." The relative expertise of a particular district court in a particular field of substantive law is relevant to whether a case should be transferred. *Expert Microsystems, Inc. v. SmartSignal Corp.*, 2006 WL 2926729 (E.D. Cal.) (case contained consideration of highly technical facts present in other previously filed case in transferee court); *In re Air Crash Near Castellon Spain on October 10, 2001*, 296 F.Supp.2d 1372 (Jud.Pan.Mult.Lit.2003); *Albert Fadem,* 214 F.Supp.2d at 344 (Southern District of New York's expertise in securities law was factor weighing against transfer). "The 'interest[s] of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989).

Judicial efficiency may be of particular importance in a case such as this one, which involves complex issues of California state law. *See Bell v. Farmers Insurance Exchange,* 87 Cal.App.4th 805, 829-830 (2001) (noting employment class actions may be particularly time-consuming and protracted). As noted above, this Court is extremely experienced in complex employment class actions. Judge Jenkins has presided over numerous employment class actions, including *Dukes v. Wal-Mart*, N.D. Cal. Case No. 3:01-cv-02252-MJJ, the largest employment class action case to date. The Court's expertise in the complex issues that are raised by this case therefore weighs against transfer of this action.

Page 8

### F. The Location of Records Is Not a Substantial Factor In Favor of Transfer

The location of records is not a substantial reason to support transfer. As noted above, counsel for both Plaintiff and Siemens are located in this District. Consequently, records will ultimately be produced in this District, regardless of where the case is litigated. Furthermore, with the advent of e-discovery, many records can simply be made available through the Internet. *See Lesser ex rel. Lesser v. Camp Wildwood*, 2002 WL 1792039 (S.D.N.Y. 2002) (that some documents relevant to action may be located outside of district does not influence transfer decision in this "era of photocopying, fax machines and Federal Express"), quoting *Coker Bank of America*, 984 F.Supp. 757 (S.D.N.Y. 1997). Therefore, the location of records does not provide a substantial reason to support transfer.

Furthermore, Siemens has not introduced any evidence showing that the records could not be moved or effectively copied easily. *See* Wright, Miller & Cooper, Federal Practice & Procedure (2007), § 3853, p. 245 ("a general allegation by the movant that transfer is necessary under Section 1404(a) because of the location of books and records is not enough to prevail on the maotion [sic]. For the point to be given weigh [sic] by the transferor court, the moving party must establish the location of the documents in question, their importance to the resolution of the case, and their inability to be moved or effectively copied easily."). Consequently, this factor does not weigh in favor of transfer.

### G. The Court Should Exercise Its Discretion to Deny Transfer

To quote the very first legal point made by Siemens in its memorandum: "District courts have wide discretion in determining whether transferring a matter to another district is appropriate." Plaintiff agrees. That exercise of discretion is rarely disturbed on appeal. *Commodity Futures,* 611 F.2d 270 ("only in rare instances have appellate courts overridden a trial court's decision not to transfer"). As a result, while the various factors discussed in the briefs are useful guides in the exercise of that discretion, they are no more than that. Plaintiff respectfully submits that the Court should decide this matter with deference to the ultimate guidepost, Rule 1 of the Federal Rules of Civil Procedure: "[These rules] shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Siemens motion should be denied.

**III.   CONCLUSION**

For the reasons set forth above, Siemens's motion to transfer should be denied.

DATED:   November 6, 2007                    SCHUBERT & REED LLP


By: _____/s/_____
ROBERT C. SCHUBERT
MIRANDA P. KOLBE
SCHUBERT & REED LLP

Counsel for Plaintiff