MITCHELL F. BOOMER (SBN 121441)
JoANNA L. BROOKS (SBN 182986)
DYLAN B. CARP (SBN 196846)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone     415.394.9400
Facsimile:     415.394.9401

Attorneys for Defendant
SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC.
(formerly known as UGS CORP.)

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| VANESSA FLINT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UGS CORPORATION and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C 07 4640 MJJ<br><br>(Removed from San Francisco Superior Court on September 7, 2007; Case No:CGC-07-465695)<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO SIEMENS' MOTION TO TRANSFER**<br><br>Date:   December 4, 2007<br>Time:   9:30 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:  Hon. Martin J. Jenkins |

## I. INTRODUCTION

Plaintiff has not and cannot identify a single witness, relevant document or occurrence which ties this matter to Northern California.  Instead, Plaintiff's Opposition to Defendant's motion for change of venue relies almost exclusively on the convenience of counsel, a factor which Plaintiff concedes is not dispositive.  Accordingly, Siemens PLM Software respectfully requests that its motion to transfer venue be granted.

/ / /

## II. LEGAL ARGUMENT AND ANALYSIS

### A. The Location of Pertinent Witnesses Mandates Transfer of this Action.

Plaintiff's Opposition fails to identify any nexus to the United States District Court for the Northern District of California. Although Defendant's moving papers acknowledge that three "applications engineers" work and reside in Northern California, none of those individuals perform technical writing duties. (Declaration of Chris Brosz in Support of Defendant's Motion for Change of Venue ("Brosz Dec."), ¶2.)[1] All of the applications engineers who perform technical writing duties, including the named Plaintiff, work and reside near the Siemens PLM Software facility in Cypress, California, which is located within the Central District (Declaration of Peter Olson in Support of Defendant's Motion for Change of Venue ("Olson Dec.") ¶2.) Thus, all of the applications engineers who are also putative class members work and reside near the Central District, not the Northern District. Accordingly, this matter should be transferred to the Central District.

#### 1. The Location of Putative Class Members Should be Given Substantial Weight in Determining Whether to Transfer Venue.

Contrary to Plaintiff's Opposition, the location of the putative class members is a crucial factor in determining the propriety of venue in a class action. See e.g., In re Warrick, 70 F.3d 736, 739 (2nd Cir. 1995)(holding District Court's order granting transfer was a "clear abuse of discretion" because the lower court based its order to transfer the action on judicial convenience alone and did not consider the *location* of the witnesses, including the *putative class members*, in determining whether to transfer the case; see also, Jones v. Walgreen Co. 463 F.Supp.2d 267 (D. Conn. 2006)(add parenthetical information re holding); Square D Co. v. Niagara Frontier Tarrif Bureau, Inc., 1984 U.S. Dist LEXIS 20136 *10-11 (D.C. 1984)(location of putative class members *must* be weighed in addition to the residence of potential witnesses in determining whether transfer of a class action is appropriate); Blender v. Sibley, Jr. et al., 396 F.Supp. 300, 302 ( E.D. Penn, 1975)(same).

---

[1] Siemens PLM Software does not contend that any of the putative class members reside in Northern California, despite Plaintiff's assertion to the contrary. (Plaintiff's Opposition to Motion to Transfer Venue, p:5:26-p.6:2).

2

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSTION
TO SIEMEN'S MOTION TO TRANSFER VENUE                                     Case No. C 07 4640 MJJ

Plaintiff's Opposition contends the location of potential witnesses and putative class members weighs against transfer of this action because Siemens PLM Software can compel their trial appearance in any jurisdiction within the state. This contention is not only inaccurate but misses the mark altogether. It is not a question of whether witnesses *can* be compelled to appear at trial in the Northern District, but whether they *should* be compelled. The Court may quash or modify a subpoena if it imposes an undue burden or expense on a person subject to a subpoena. See Fed. R. Civ. P. 45(c)(1); 45(3)(B)(iii)( addressing those situations where a non-party is required to travel more than 100 miles to attend trial). Requiring all of the witnesses and class members to travel to the Northern District for a trial that could last several weeks would undoubtedly result in undue hardship for numerous individuals. Accordingly, the location of the putative class members weighs in favor of transfer to the Central District.

### 2. Defendants in Class Action Lawsuits do not Have a Duty to Disclose the Identities of Putative Class Members Prior to the Certification Stage of Litigation and Courts Deciding Motions to Transfer Venue in Such Suits Often Rely on Other Evidence in Determining Where the Majority of Putative Class Members Reside.

Plaintiff cites several cases for the proposition that parties seeking to transfer an action must specifically identify the witnesses who would be inconvenienced if the matter was not transferred. Carolina Cas. Co. v. Data Broad. Corp. 158 F.Supp.2d 1044, 1049 (N.D. Cal.2001); Williams v. Bowman 157 F.Supp.2d 1103, 1108 (N.D. Cal. 2001); Amni Innovation Corp. v. JS Imports, Inc. 497 F.Supp.2d 1093 (C.D. Cal. 2007). None of those cases were class action lawsuits and none of those cases concerned the identification of putative class members. In fact, "[c]ourts generally refuse to allow discovery of class members' identities at the precertification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." (Rutter Group, Fed. Civ. Pro. Before Trial, para. 10:742.)

Even though the identities of putative class members need not be revealed pre-certification, courts deciding motions to transfer venue prior to the certification stage still take the general location of putative class members into consideration when deciding whether transfer is

appropriate. In <u>Warrick</u>, cited above, the Second Circuit simply **assumed most putative class members lived near a Defendant's principal place of business**. <u>Warrick</u> 70 F.3d 736, 741, fn.7. In <u>Square D</u>, cited above, the Defendants were trucking companies. The United States District Court of the District of Columbia relied on the **"pattern of defendants' trucking operations"** in determining that most of the putative class members would find the Western District of New York a more convenient venue. <u>Square D Co. v. Niagara Frontier Tariff Bureau, Inc,</u> 1984 U.S. Dist LEXIS 20136 *1. <u>Id.</u> at p.11. In <u>Jones</u>, also cited above, the United States District Court for the District of Connecticut relied heavily on a **comparison of the percentage of putative class members** residing in the forum in which the class action was filed as opposed to the percentage of putative class members residing in the district to which the Defendant sought transfer. <u>Jones v. Walgreen Co.</u> 463 F.Supp.2d 267, 274.

In this case, Siemens PLM Software has submitted evidence that none of the applications engineers who perform technical writing duties reside in or near the Northern District. (Brosz, ¶2.) Additionally, it has submitted evidence that all of the applications engineers who perform technical writing duties reside in or near the Central District (Olson Dec. ¶2.) Based on the authorities cited above, the evidence submitted is sufficient to demonstrate the location of the putative class members in determining Defendant's motion to transfer venue.

**B.   Plaintiff's Choice of Forum Does Not Preclude Transfer of Venue.**

Plaintiff cites <u>Box v. Ameritrust Texas N.A.</u>, 810 F. Supp. 776, 780-81 (E.D. Tex. 1992) for the proposition that "[i]t is well recognized that the plaintiff's choice of forum is the primary factor to be considered in determining motions under § 1404(a)." (Plaintiff's Opposition To Motion to Transfer Venue "Opp" at 3:20-22.) <u>Box</u>, however, was <u>not</u> a class action.

Tellingly, Plaintiff's Opposition acknowledges that "[s]ome cases hold that the plaintiff's choice of forum is entitled to less weight when the plaintiff does not live in the district or in the class context." (Opp. at 3:22-23.) Specifically, "[W]hen the plaintiffs represent a class, their choice of forum is given less weight." <u>Gintz v. Jack in the Box</u>, 2007 U.S. Dist. LEXIS 10722, *5 (N.D. Cal. Feb. 1, 2007).

///

Nevertheless, Plaintiff cites two cases for the proposition that "as long as some of the events giving rise to the claims of the class occurred in this district, a plaintiff's choice of forum still weighs in favor of maintaining the case in her chosen district." (Opp. at 3:23-4:2) (citing Gintz at *3 and Mears v. Montgomery, 2004 US Dist LEXIS 7836, *33-*34 (S.D.N.Y. May 5, 2004)). Plaintiff, however, cannot demonstrate that any of the events giving rise to her claims occurred in the Northern District. As indicated above, Plaintiff works in the Central District, all of the applications engineers in California performing technical writing duties work and reside in the Central District and most of the relevant documents in the case are maintained there. (Olson Dec. ¶3-4, Brosz Dec. ¶2.) Thus, unlike the cases cited, Plaintiff has not made any showing that the events giving rise to her claims occurred in this District. Thus, Plaintiff's choice of forum is entitled to little if any weight.

### C. The Convenience of Counsel Should not be Considered in Deciding this Motion.

Plaintiff cites two cases for the proposition that "the cost of counsel's transportation and other expenses is directly relevant to the convenience of the parties for purposes of a motion to transfer." (Opp. at 4:10-14) (citing Houk v. Kimberly-Clark Corp., 613 F. Supp. 923 (W.D. Mo. 1985) and Cambridge Filter Corp. v. Int'l Filter Co., 548 F. Supp. 1308 (D. Nev. 1982)). Houk is distinguishable and Cambridge Filter supports Siemens PLM Software's contention that this matter should be transferred to the Central District.

In Houk, the plaintiffs resided in the forum state of Missouri, and the defendant sought to transfer the action to Georgia. Houk, 613 F. Supp. at 926. Unlike Houk, we seek to transfer venue to a district where the Plaintiff both works and resides, a forum that would be expected to be more convenient for all concerned. The facts of our case are similar to those in Cambridge Filter. There, the court granted the Defendant's motion to transfer in part because the plaintiff did not reside in the forum district and the forum did not have significant connection with the subject matter. Cambridge Filter, 548 F. Supp. at 1311.

///

///

5

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSTION
TO SIEMEN'S MOTION TO TRANSFER VENUE                               Case No. C 07 4640 MJJ

In addition to the above-referenced cases, Plaintiff cites <u>Albert Fadem Trust v. Duke Energy Corp.</u>, 214 F. Supp.2d 341, 344 (S.D.N.Y. 2002) for the proposition that "where defendants retained counsel who were not located in [the] district to which they sought transfer, doubt was cast 'on their own assertion that they view North Carolina as the central locus of this litigation or that presence there is vital.'" However, <u>Albert Fadem Trust</u> is not applicable to the case at bar. Defense counsel has an office in Orange County, California, which is located within the transferee district and was a consideration in the selection of counsel to defend this matter.

Indeed, if doubt is to be cast on anyone's assertion, it should be cast on Plaintiff's assertion that she will unfairly incur added legal costs if this action is transferred to Southern California. Plaintiff's counsel's website indicates that counsel "specializes in the <u>nationwide</u> prosecution of securities fraud class actions, shareholder derivative actions, antitrust litigation, unpaid overtime class actions, consumer fraud, defective product class actions and other representative actions." (http://www.schubert-reed.com/) (emphasis added). Further, Plaintiff's counsel's list of "Pending Cases" includes three cases in Southern California. (http://www.schubert-reed.com/Pending.htm).

For these reasons, any increased cost of litigating in Southern California does not weigh against transfer.

D.  **This Court's Familiarity With Class Actions Does Not Weigh Against Transfer.**

Lastly, Plaintiff argues that this "Court's expertise in the complex legal issues that are raised by this case...weighs against transfer of this action." (Opp. at 8:27-28.) Plaintiff never specifies what complex legal issues this case purportedly raises that weighs against transfer to the Central District. Although Plaintiff's Opposition cites to no fewer than nine cases (Opp. at 8:1-28), she does not rely on any one case in particular to support her assertions. Plaintiff does not claim and cannot claim that a class action lawsuit alleging overtime violations can only be heard in the Northern District.

Instead, Plaintiff cites cases such as <u>Amazon.com v. Cendant Corp.</u>, 404 F. Supp.2d 1256 (W.D. Wash. 2005) for the proposition that "[i]n a case such as this in which several highly

6

technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues." (Opp. at 8:5-8.) However, in Amazon.com, the court transferred the action because the transferee court had already handled a related case. Amazon.com, 404 F. Supp.2d at 1262. "Having handled the related case, the Delaware court will be already familiar with the complex technological issues and the applicable law." Id.

Further, Plaintiff cites Expert Microsystems v. SmartSignal Corp., 2006 U.S. Dist. LEXIS 74045 (E.D. Cal. Oct. 11, 2006), for the proposition that "[t]he relative expertise of a particular district court in a particular field of substantive law is relevant to whether a case should be transferred." (Opp. at 8:12-15.) However, similar to Amazon.com, in Expert Microsystems the court transferred the lawsuit because the transferee court had already addressed previously-filed lawsuits. Expert Microsystems, 2006 U.S. Dist. LEXIS at *12. The court reasoned that "[t]his case undoubtedly entails consideration of highly technical facts present in both previously-filed actions pending in the Northern District of Illinois." Id.

Unlike Amazon and Expert Microsystems, Plaintiff has failed to cite to any related cases involving Siemens PLM Software previously addressed by the Northern District which require its continued oversight of this action. Although we recognize the Northern District is familiar with class action litigation, we believe the Central District is equally familiar and capable of handling whatever complex issues may be presented in the adjudication of this action.

### III.    CONCLUSION

For the aforementioned reasons, Siemens PLM Software respectfully requests this Court transfer this action to the Central District.

JACKSON LEWIS LLP

Dated: November 13, 2007    By: /s/ JoAnna L. Brooks

Mitchell F. Boomer
JoAnna L. Brooks
Dylan B. Carp
Attorneys for Defendant
SIEMENS PRODUCT LIFECYCLE
MANAGEMENT SOFTWARE INC.