United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA FLINT, | No. C07-04640 MJJ |
| Plaintiff, | **ORDER DENYING MOTION TO TRANSFER VENUE WITHOUT PREJUDICE** |
| v. | |
| UGS CORPORATION, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Siemens Product Lifecycle Management Software Inc.'s Motion to Transfer Venue.[1] (Docket No. 7.) Plaintiff Vanessa Flint, individually and on behalf of all others similarly situated, filed an opposition to the Motion to Transfer. (Docket No. 12.)

For the following reasons, the Court **DENIES** Defendant's Motion to Transfer Venue **WITHOUT PREJUDICE**.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Vanessa Flint ("Plaintiff") is the named representative in a class action against her current employer, Defendant Siemens Product Lifecycle Management Software Inc. ("Defendant"). The action was originally filed in the San Francisco Superior Court. Defendant subsequently removed Plaintiff's case to the United States District Court for the Northern District of California.

---

[1] Siemens Product Lifecycle Management Software Inc. is the successor in interest to UGS Corporation, the named defendant in the present action.

The putative class includes current and former California employees of UGS Corporation who work or worked as technical writers for the company. "Technical writers" are employees whose primary job is or was to write or edit documents for end-users, installers, administrators, and customers of UGS Corporation's products. (Complaint ¶ 7.) The scope of the putative class has not yet been precisely defined, but is anticipated to consist of less than one hundred people. (Complaint ¶ 31.)

Plaintiff asserts a class claim for failure to pay overtime wages. Plaintiff's second claim is based on a denial of meal and rest breaks. Plaintiff's third claim alleges that Defendant failed to keep records of hours worked. In addition, Plaintiff seeks injunctive relief, equitable relief, and restitution.

Plaintiff presently lives in San Bernardino County, California, which is located within the federal judicial district of the Central District of California. Defendant employs Plaintiff at an office located in Cypress, California, also within the Central District. Defendant contends that virtually all potential putative class members who could testify in this case reside within the Central District. In addition, Defendant contends that the evidence in this case is primarily located at the Cypress, California office. Counsel for both parties are located within the Northern District.

## LEGAL STANDARD

Defendant's motion to transfer venue to the Central District of California is governed by 28 U.S.C. section 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Ordinarily, a plaintiff's choice of forum is accorded substantial weight, and courts will not grant a motion under section 1404(a) unless the "convenience" and "justice" factors tip strongly in favor of transfer. *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Under section 1404(a), the moving party has the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *See Decker Coal Co.*, 805 F.2d at 843; *Piper Aircraft Co.*, 454 U.S. at 255-56.

A motion for transfer pursuant to section 1404(a) lies within the discretion of the Court. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The decision whether to grant such a motion turns on the facts of the particular case. *See id*. In reviewing a motion to transfer, the Court may consider the following factors to determine whether transfer is appropriate: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) that the relevant public policy of the forum state, if any. *See id*. at 498-99. A district court discretion's allows for an individualized determination of whether a case should be transferred to achieve fairness and convenience. *See id.* at 498.

## ANALYSIS

### A. Defendant Meets the Threshold Requirement of Showing That This Action Could Have Been Brought in the Central District of California.

To support a motion to transfer venue, the moving party must show that the forum to which they seek transfer is a forum in which the action originally might have been brought. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). There are three inquiries made by the Court to determine whether the transferee court is a proper venue: (1) the transferee court must have complete personal jurisdiction over defendants; (2) the transferee court must have subject matter jurisdiction over the claims; and (3) the transferee court is a proper venue had the claim originally been brought in that court. *See id.* at 343-44; *Royal Queentex Enterprises, Inc. v. Sara Lee Corp.*, No. C 99-4787, 2000 U.S. Dist. LEXIS 10139, at *8, 2000 WL 246599, at *3 (N.D. Cal. March 1, 2000).

Defendant moves to transfer the present case to the Central District of California. The Central District has personal jurisdiction over Defendant because Defendant conducts substantial business from its office within the district. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Central District has subject matter jurisdiction over Plaintiff's claims based on

3

diversity. A venue is proper in any district in which a court has proper personal jurisdiction over a corporation defendant. 28 U.S.C. § 1391(c). The Court finds that Defendant has met the threshold requirement of demonstrating that the present action could have been properly brought in the Central District.

### B.  Defendant Fails to Meet its Burden.

The parties argue several factors relevant to the Court's determination of whether to transfer this case to the Central District. After considering these factors the Court finds that Defendant has not shown that the balance of conveniences weighs heavily in favor of transfer.

#### 1.  Plaintiff's Choice of Forum.

Generally, a plaintiff's choice of forum is afforded substantial weight. *See Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001). While Plaintiff's choice of forum is to be given great weight, it "is not the final word." *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). If the parties' contacts with the selected forum are minimal, and the operative facts of the case did not occur within the selected forum, this signals that reduced weight should be given to the plaintiff's choice. *See id.* When a plaintiff brings suit on behalf of a class, the plaintiff's choice of forum carries less weight if the operative facts did not occur in the chosen forum. *Lou v. Bezlberg*, 834 F. 2d 730, 739 (9th Cir. 1987).

Plaintiff chose to bring this case in the San Francisco Superior Court. Defendant then removed the case to this Court. A plaintiff's choice is entitled to some level of deference. Plaintiff fails, however, to demonstrate personal contact with the Northern District. Plaintiff also fails to demonstrate that any operative facts of the case occurred in the Northern District. Accordingly, the Court finds that although Plaintiff chose to bring the present case within the Northern District, the *de minimus* connection of Plaintiff and the case to this District reduces the deference given to Plaintiff's choice of forum.

#### 2.  Location of Parties and Potential Class Members.

Convenience of the parties is an important factor to consider for transfer of venue. *Jarvis v. Marietta Corp.*, No. 98-4951, 1999 U.S. Dist. LEXIS 12659, at *10, 1999 WL 638231, at *4 (N.D. Cal. Aug. 12, 1999). Defendant frames the notion of convenience in terms of proximity to the court

4

where a case proceeds, but fails to support this theory with legal support. The Court finds Defendant's theory unavailing.

Defendant contends that because Plaintiff resides within the Central District, it would be more convenient for Plaintiff if the case was transferred there. However, Plaintiff actively chose to bring this case within the Northern District, and the Court regards that decision as an implicit rejection of Defendant's hypothesis. Defendant also argues that the Central District would be more convenient for potential class members who likely reside in that District. The putative class in this case, however, is yet to be defined and Defendant's assertion is speculative. Even if Defendant's assertion that potential class members live within the Central District was supported by the record, Defendant fails to demonstrate to the Court that these potential class members will actively participate in the case and thereby benefit from a closer courtroom. *See Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1363 (N.D. Cal. 2007). On this record, the Court declines to find the speculative location of potential class members to weigh towards transfer.

### 3.   **Location of Sources of Proof.**

In analyzing whether transfer of a case would serve the convenience of the witnesses, the Court must look at who the witnesses are, the nature of what their testimony will be, and why such testimony is relevant or necessary. *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002); *AJ Industries, Inc. v. United States District Court,* 503 F.2d 384, 389 (9th Cir. 1974). A defendant seeking to transfer a case must name witnesses, identify where witnesses are located, and explain the anticipated testimony and its relevance. *Carolina Cas. Co.*, 158 F. Supp. 2d at 1049; *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001). Defendant observes that because this Motion arises in a class action context, this Court can presume that putative class members reside in the Central District. *See In re Warrick*, 70 F.3d 736, 741, n.7 (2d Cir. 1995).

Even if the Court presumes that putative class members reside in the Central District of California, the Court still lacks any indication of how many people from the putative class are anticipated to be witnesses, and what their relevant testimony would be. The Court cannot base a decision to transfer on speculation as to the relevance of potential, but unnamed, witnesses in this

5

1  case. *Cf. Van Slyke*, 503 F. Supp. 2d at 1363-64 (convenience of witnesses weighed by court during
2  early stages of a class action when defendants had identified names and locations of twenty-four
3  people likely to be called at trial). Accordingly, the Court finds that Defendant has not provided
4  sufficient evidence to substantiate that transfer would be more convenient to witnesses.

5  Defendant also argues that relevant information in this case is contained in records kept at
6  their office located within the Central District. Defendant fails, however, to demonstrate the extent
7  of necessary evidence, whether the evidence is composed of hard copies which would need to be
8  reproduced and moved, or whether the evidence is electronic in form and could be reproduced in
9  physical form at any location. *See Van Slyke*, 503 F. Supp. 2d at 1362. The Court is not persuaded
10 that transfer would make production of physical evidence more convenient.

### 5. Cost to the Parties of Litigating in Each District.

12 A consideration of convenience includes balancing the relative costs of litigating in the two
13 forums. *GNC Franchising*, 211 F.3d at 498-99. Plaintiff's counsel's practice is located in San
14 Francisco, the same city where this Court is located. Plaintiff argues that if the case is transferred to
15 the Central District, the cost of litigation will increase as a result of counsel's increased travel
16 expenses. Defendant argues that the Court should not consider convenience to counsel in deciding
17 whether the case should be transferred. *See In re Horseshoe Entertainment*, 337 F.3d 429, 433 (5th
18 Cir. 2003). The Court, however, finds the location of Plaintiff's counsel relevant in its inquiry to the
19 extent that counsel's location affects the relative costs of litigating in each District. Defendant has
20 not demonstrated any potential offset for Plaintiff's asserted increased costs. The increased costs of
21 litigation in the Central District weigh against transfer.

### 6. The Court's Familiarity With Class Actions.

23 Plaintiff contends that due to this Court's experience and expertise in class actions, the case
24 should not be transferred in the interests of justice and judicial economy. Defendant observes,
25 however, that Plaintiff fails to specify any complex issues in the present case which would justify
26 not transferring on this ground. The Court agrees with Defendant that Plaintiff has not shown that
27 the Central District of California is incapable of adjudicating this case fairly or efficiently. The
28 Court regards this factor as neutral.

### 7. Consideration of All Factors.

The Court acknowledges that many occurrences underlying this class action may have taken place in the Central District of California. Defendants showing, however, is too speculative. On the record before the Court, Defendant has done little more then to demonstrate that there is a reduced justification for deferring to Plaintiff's choice of forum. The Court finds that Defendant has not met its burden of demonstrating that the case should be transferred for convenience to the Central District of California.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Transfer Venue **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: December 12, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE